1  Ernest Enax, *Pro se*
   6319 12th Street North
2  St. Petersburg, FL 33702
   (727) 526-6745
3

4  **UNITED STATES DISTRICT COURT**
   **MIDDLE DISTRICT OF FLORIDA**
5

6  ERNEST ENAX,                     )   Civil No.: 8:03 CV-2520-T-26 TGW
                                     )
7          Plaintiff,               )
                                     )
8  vs.                              )
                                     )
9  MICHELE QUIMBY,                  )
                                     )   **COMPLAINT and CLAIM of Using**
10         Defendant.               )   **Employment position in Engaging of Fraud and**
                                     )   **Extortion Schemes Outside the Scope of**
11 _____  )   **Authority of Position.**

12         **COMPLAINT and AFFIDAVIT OF FACT and DEMAND FOR JURY TRIAL**

13                          **and NOTICE TO COURT**

14  **NOW COMES THE PLAINTIFF**, Ernest Enax, presenting the following Complaint, Affidavit Of Fact,

15  Demand for Jury Trial, and Notice To Court to this Honorable Court, and presenting the following:

16  1) Ernest Enax, residing at 6319 12th Street North, St. Petersburg, Florida, is the Plaintiff. The

17     Plaintiff is an individual and not acting in any corporate capacity and Plaintiff has never acted in

18     a corporate capacity. Plaintiff is a *Pro-Se* Plaintiff, acting individually against Defendant. The

19     Plaintiff is held to a less stringent standard than professional attorneys. See *Haines v Kerner*, 404

20     US 519-521 (1972).

21  2) Michele Quimby is the Defendant and is employed by the Internal Revenue Service at the

22     business address of 9450 Koger Blvd., Room 201, Group 2900, Stop 5229, St. Petersburg, Florida

23     and has the title of Revenue Officer. The name, Michele Quimby, may not be the Defendant's

24     real name and Defendant may be working under an assumed name. Defendant's address is

25     unknown except for her place of work. Under Discovery, Plaintiff will seek to determine her real

[COMPLAINT] - 1

1    or actual name and her residential address. Michele Quimby is an official of the Internal Revenue

2    Service, which is a private corporation.

3  **3)**  This lawsuit is brought against Michele Quimby in her personal capacity and not in her official

4    capacity, since her actions have been *Ultra Vires* (outside the scope of Michele Quimbys official

5    capacity and duties).

6    *"Personal-capacity suits, on the other hand, seek to impose individual liability upon a*

7    *government officer for actions taken under color of state law. Thus, '[o]n the merits, to establish*

8    *personal liability in a 1983 action, it is enough to show that the official, acting under color of*

9    *state law, caused the deprivation of a federal right.' Id., at 166."* <u>*HAFER v. MELO,*</u> 502 U.S. 21

10    (1991).

11    *"When lawsuits are brought against federal officials, they must be brought against them in their*

12    *"individual" capacity not their official capacity. When federal officials perpetrate constitutional*

13    *torts, they do so ultra vires (beyond the powers) and lose the shield of immunity."* <u>*Williamson v.*</u>

14    <u>*U.S. Department of Agriculture,*</u> 815 F.2d. 369, <u>*ACLU Foundation v. Barr,*</u> 952 F.2d. 457, 293

15    U.S. App. DC 101, (CA DC 1991).

16    *"Personal involvement in deprivation of constitutional rights is prerequisite to award of*

17    *damages, but defendant may be personally involved in constitutional deprivation by direct*

18    *participation, failure to remedy wrongs after learning about it, creation of a policy or custom*

19    *under which unconstitutional practices occur or gross negligence in managing subordinates who*

20    *cause violation."* <u>*Gallegos v. Haggerty,*</u> N.D. of New York, 689 F. Supp. 93 (1988).

21  **4)**  The amount in controversy exceeds the sum of $600,000.00 exclusive of interest, costs and

22    attorneys' fees that may be incurred.

23  **5)**  Plaintiff demands trial by jury under the 7th Amendment to the US Constitution.

24  **6)**  Jurisdiction of this Court is conferred by Article III, section 2, of the U.S. Constitution and the

25    common law provisions. Jurisdiction is also conferred by the controversy established by the

1    sufficiency of these pleadings. Additionally, the common laws of the United States and the U.S.

2    Supreme Court rulings are central to the questions involved in this action. Most of the records that

3    may be subpoenaed are located in Saint Petersburg, Florida, therefore, in the interest of

4    expediency and other reasons, this action should proceed within the Middle District of Florida.

5    7)   Plaintiffs invoke the authority of this Honorable Court in order to settle a controversy, established

6    in this Complaint by the Plaintiff.

7    Plaintiff invokes the integrity of this Honorable Court and any presiding judge to maintain

8    impartiality and fairness.

9    Plaintiff invokes the integrity of this Honorable Court to honor all U.S. Supreme Court rulings

10    and holdings upon which Plaintiff relies.

11    Plaintiff invokes the Oath of Office to do justice, etc., as sworn to by presiding judge(s).

12    Plaintiff invokes the authority of the U.S. Supreme Court under article III of the U.S. Constitution

13    and the common law provisions, as the Supreme law of the land.

14    Plaintiff invokes the authority of this Honorable Court and standards of judicial conduct, to act in

15    fairness toward *Pro-se* Plaintiff and without fear of retribution from the Defendant.

16    8)   Defendant used her position with the Internal Revenue Service (hereafter referred to as IRS) to

17    engage in a fraud and extortion scheme against the Plaintiff.  Defendant acted outside of her

18    lawful authority and when Defendant was confronted with her unlawful actions, Defendant

19    refused to respond to Plaintiff, and consequently created *prima facie* evidence of wrongdoing

20    and fraud. Defendant repeatedly used the anonymity of her agency to send threatening and

21    harassing unsigned letters to Plaintiff, in violation of 26 USC 7214. (See **Exhibit D**)

22    "IRC 7214 (a) unlawful acts of revenue officers or agents.

23    Any officer of employee of the United States acting in connection with any revenue law of the United
States -

24    (1) who is guilty of any extortion or willful oppression under color of law, or

25

(2) who knowingly demands other or greater sums than authorized by law...

(3) who with intent to defeat the application of any provision of this title fails to perform any of the duties of his office or employment,...

(7) who makes or signs any fraudulent entry in any book, or makes or signs any fraudulent certificate, return or statement,...

...shall be dismissed from office or discharged from employment..."

*Independent School District #639, Vesta v. Independent School District #893*, Echo, 160 N.W.2d 686 (Minn. 1968):

*"To allow one to take official action simply by giving oral approval to a letter which does not recite the action and which does not go out under one's name is to extend permissible delegation beyond reasonable bounds," 160 NW 2d, at 689.*

9) Defendant had the duty to perform her official duties in accordance with the laws that govern her Office. The courts impute knowledge of such laws to officials and professional people, even if they had no actual knowledge of the laws that govern their duties, because it is unthinkable that officials, in their official capacity, act outside of their lawful authority. In addition, Plaintiff informed Defendant on numerous occasions of violation of laws, court rulings, constitution, lawful procedures, and authority. (See **Exhibits A, B and H**)

10) Plaintiff informed Defendant of the emotional, financial hardships and the encumbrance on their property and their property rights, by the existence of an illegal Notice of levy on his property title, and by the continual harassment by Defendant.  (See **Exhibit B**)

*"The federal Constitution and laws passed within its authority are by the express terms of that instrument made the supreme law of the land. The Fourteenth Amendment protects life, liberty, and property from invasion by the states without due process of law. Property is more than the mere thing which a person owns. It is elementary that it includes the right to acquire, use, and dispose of it. The Constitution protects these essential attributes of property." Holden v. Hardy,* 169 U.S. 366, 391 , 18 S. Sup. Ct. 383.

*"Property consists of the free use, enjoyment, and disposal of a person's acquisitions without control or diminution save by the law of the land. 1 Blackstone's Commentaries (Cooley's Ed.) 127." Buchanan v. Warley,* 245 U.S. 60, 74

11) Plaintiff is seeking damages, punitive damages, reimbursement for time and effort, costs and

1      expenses, any attorney's fees that accrue, and remedies under Judicial Due Process.

2     **12)** Plaintiff will seek testimony from the Commissioner of Internal Revenue and from the Secretary

3         of the United States Treasury Department concerning the lack of authority of Defendant, under

4         Discovery. Due Process requires questioning possible witnesses regarding their knowledge of

5         facts. *SOLON v GODBOLE*, 163 Ill. App 3d 845, 114 Ill. Dec. 890, 516 NE 2d 1045 (3 Dist.

6         1987). Plaintiff sought and were denied Administrative Due Process and denied Administrative

7         remedy by Defendant, throughout the correspondences with Defendant. (See **Exhibit C and H**)

8     **13)** The laws and court rulings that are cited in Exhibits A, B, E and H were clearly established in the

9         Constitution, Internal Revenue Code and US Supreme Court rulings, and are in full force and

10        effect now, and at the time of the grossly negligent actions and/or the fraud and extortion scheme

11        by Defendant.

12    **14)** Defendant carried out her extortion scheme and ignored the requirements, authority, and

13        restrictions of the law, the Constitution and rulings by the US Supreme Court. (See **Exhibits A,**

14        **B, C, D, E and H**)

15    **15)** Defendant has damaged Plaintiff by acting under "color of law" and pretense of law and by

16        grossly negligent conduct in callous disregard of his duties of Office and his Oath of Office.

17        Defendant has no Delegation Order from the Secretary of the Treasury to take any collection

18        actions under subtitle A or C, and in disregard of this fact, took collection actions without such

19        authority. Defendant is not authorized by title, and is specifically excluded by IRC section 7608,

20        to take collection actions, under subtitle A or C of the IRC, against Plaintiff, and in disregard of

21        this fact, took collection actions without being authorized by his position and title. Defendant

22        repeatedly has refused to show the laws that grant her authority, by title, to act under subtitle A or

23        C of the Internal Revenue Code, and Defendant has refused to produce the Delegation Order from

24        the Secretary of the U.S. Treasury that is required to take collection actions under IRC section

25

1    6331, specifically, and more generally, to perform any actions that must be delegated by the

2    Secretary of the Treasury. Defendant also refused to present a copy of his Oath of Office to

3    Plaintiff.

4    **16)** Plaintiff also call attention to United States Supreme Court rulings that address the issue of the

5    two Statutes cited on the notice of federal tax lien filed on Plaintiffs' property title and on the

6    several illegal levies on Plaintiffs' wages. Lien and levy statutes, that were cited by Defendant,

7    are IRC 6321 and IRC 6331.

8    **On 6331; Purpose - *"This section was enacted to subject salaries of federal employees to same***

9    ***collection procedures as are available against all other taxpayers, including employees of a***

10    ***state."*** *Sims v US*, W. Va. 1959, 79 S. Ct. 641, 359 US 108, and 3 L. Ed. 2d 667.

11

12    There is no other stated purpose of this statute that would cause anything or anybody else to be

13    subject to IRC section 6331. Plaintiff is not a federal employee nor does Plaintiff earn a federal

14    wage.

15    On 6321; ***"Purpose of this section is to fit federal tax liens into priority scheme of the Uniform***

16    ***Commercial Code."*** *Pine Builders, Inc. v US*, D.C. Va. 1976, 413 F. Supp. 77.

17    The purpose of 6321 as being limited to that specific purpose and that Plaintiff is not subject

18    to the Uniform Commercial Code as a private citizen nor has Plaintiff knowingly and voluntarily

19    subjected himself to any specific UCC agreement that would bring Plaintiff under the

20    government's taxing authority. It is clear, under these two court rulings, that neither statute

21    applies to Plaintiff.

22    **17)** Defendant has refused to swear to, or affirm, any portion of the Affidavit of Authority that was

23    repeatedly presented to her by certified mail with notarized signatures of Plaintiff.

24    **18)** Defendant is not entitled to immunity because Defendant failed to show "good faith" efforts.

25    Additionally, according to the following Court rulings, Defendant cannot be provided with any

immunity.

The IRS agent or officer must prove authority when challenged pursuant to 31 CFR Pt. 1, Appendix B of Subpt. C §2 which states in part ... *"Individuals are advised that IRS procedures permit the examination of tax records during the course of an investigation, audit or collection activity. Accordingly, individuals should contact the IRS employee conducting an audit or effecting the collection of tax liabilities to gain access to such records, rather than seeking access under provisions of the Privacy Act."*

The decision reached in the case of *Bothke v. Fluor Engineers and Constructors*, Inc. 713 F.2d 1405 (9th Cir. 1983) states in part, *"When and if IRS Personnel are notified to irregularities, protests, objections, etc., it is up to the officer or agent to prove authority."* If the IRS officer or agent fails to prove authority when challenged, s/he may be held liable, without immunity, if it later proves that there were in fact, procedural flaws and authority was imposed without the force of law.

*" The principal of sovereign immunity is not one which allows the sovereign to continue to inflict injury.... [sovereign immunity] does not give the sovereign the right to totally disregard the effect of it's actions upon the public,[2] Shaw v. Salt Lake County, 224 P2d 1037. Sovereign immunity does not apply where (as here) government is a lawbreaker or jurisdiction is the issue, Arthur v. Fry, 300 F.Supp. 622 (1960).*

In *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894 (1978), this rule was clearly acknowledged by the Court: *"As these cases demonstrate, a federal official was protected for action tortious under state law only if his acts were authorized by controlling federal law,"* 438 U.S. 478, at 490.

*"As Doe's analysis makes clear, absolute immunity from state law tort actions should be available only when the conduct of federal officials is within the scope of their official duties and the conduct is discretionary in nature"*; *Benford v. American Broadcasting Co., Inc.*, 554 F.Supp. 145, 148 (D.Md. 1982); and *Pleasant v. Lovell*, 876 F.2d 787 (10th Cir. 1989). See also *Rutherford v. United States*, 702 F.2d 580 (5th Cir. 1983).

*"Sovereign immunity does not shield the individual appellees in their individual, as opposed to their official, capacities. White v. Franklin, 637 F. Supp. 601, 612 (N.D. Miss. 1986); Keese v. United States, 632 F. Supp.85, 92 (S.D. Tex. 1985)."* *Williamson v. U.S. Dept. Of Agriculture,*

815 F.2d 368 at 379, (5th Cir. 1987).

19) Plaintiff does not contest the U.S. Supreme Court rulings or the laws of the United States. Plaintiff relies on these rulings and laws in their arguments and statements of fact and present to this Honorable Court all court rulings listed in **Exhibit E** as facts pertinent to this action. U.S. Supreme Court rulings are the highest law of the land and must be accepted by all lower courts. See Court rulings as cited in Exhibits A, B, E and H.

20) The Defendant acted alone in a fraud and extortion scheme against Plaintiff, to collect money that was not owed by Plaintiff and conducted such scheme by means of threats and use of her position and title of Revenue Officer. Defendant has personally profited through the employment of this extortion scheme. Such profit and extent thereof, shall be determined under Discovery. Defendant has not implicated any other party in said scheme and, under Discovery, Plaintiff will seek to discover if any other persons are involved in the fraud and extortion scheme.

21) Defendant has not sought counsel of the legal department or any other source of the Internal Revenue Service or the U.S. Treasury Department nor has she attempted to make any determinations as to the allegations of the Plaintiff, nor present findings to Plaintiff. Her refusal and/or her silence have created *prima facie* evidence that she is concealing incriminating evidence that can be used against her.

22) Defendant sent threatening letters to Plaintiff by US Postal Service. See **Exhibit D**. The letters claimed that Plaintiff owed a tax plus penalties and that the determination had been made by herself and possibly others. The determination was incorrect and was made in violation of the "underlying tax liability" issue as ruled by the US Supreme Court. See **Exhibit E**. Defendant unlawfully imposed a tax penalty and tax liability "under color of law" and without the authority of law, by reason of Defendant's lack of a Delegation Order from the Secretary of the Treasury and lack of authority under IRC section 7608. Plaintiff disputed the underlying tax liability since the alleged assessment did not take such liability into consideration. Defendant has not responded

1    to notices of irregularities..

2    *Bothke v. Fluor Engineers and Constructors, Inc.* 713 F.2d 1405 (9th Cir. 1983) states in part,

3    *"When and if IRS Personnel are notified to irregularities, protests, objections, etc., it is up to the*

4    *officer or agent to prove authority."*

5    **23)** Tiring of the harassment and threats by Defendant's use of unsigned letters, Plaintiff composed a

6    series of notification and demand letters, **(Exhibits A, B and H)** and sent such letters via certified

7    mail to Michele Quimby at Defendant's address, accusing Michele Quimby of operating an

8    extortion scheme and doing it fraudulently. Plaintiff explained the reasons why they were forced

9    to conclude that he was operating "under color of law" and without legal authority. Plaintiff

10   explained that if Defendant refused to answer Plaintiffs' letters, that the US Supreme Court had

11   ruled that **"Silence can be equated with fraud where there is a legal or moral duty to speak,**

12   **or where an inquiry left unanswered would be intentionally misleading ... We cannot**

13   **condone this shocking behavior by the IRS."** *US v Tweel*, 550 F.2d 297, 299. Also see *US v*

14   *Prudden*, and *Carmine v Bowen*. Defendant has refused to answer Plaintiffs' inquiries and refused

15   to make any response. It was at that point that it became necessary for Plaintiff to seek judicial

16   relief. See **Exhibits A, B and H**.

17   **24)** In the letters, Plaintiff challenged the underlying liability as shown in the report on liability (See

18   **Exhibit E)** and challenged Defendant's authority to take collection actions against Plaintiff.

19   Plaintiff requested that Defendant provide a letter from the Commissioner of Internal Revenue

20   and a letter from the Secretary of the Treasury or Delegation Orders, which proved that

21   Defendant was acting under his lawful authority or stating that the Commissioner and Secretary

22   approved of his acting outside of his lawful authority. Defendant refused to respond and

23   maintained total silence.

24   **25)** Defendant did not perform her duty to respond and provide the necessary documentation and

25   make explanations to the Plaintiff concerning their allegations, just as any law abiding,

1    reasonable person would do.

2   **26)** Defendant did not perform her duty to cease the harassment by signed and unsigned threatening

3    letters until such issues were resolved, as a reasonable person would do.

4   **27)** Defendant did not perform her duty of informing the Secretary of violations of lawful authority

5    by her and/or her agency and Defendant did not inform Defendant's co-workers that there were

6    violations of law within Defendant's agency, contrary to actions that any reasonable, law abiding

7    official would do. See IRC section 7214.

8   **28)** Defendant did not take any action to have the invalid notices of lien removed from Plaintiffs'

9    property title, or seek a determination by higher authorities as to the legality of such notice and

10    present findings to the Plaintiff, contrary to her duties of Office and contrary to the actions that

11    any law abiding, reasonable official would do. Plaintiff again were forced to conclude that

12    Defendant was acting alone and was concealing this incriminating information because of

13    possible legal consequences. Defendant had failed to show "good faith".

14   **29)** Plaintiff alleged in the letters to the Defendant that Defendant was guilty of fraud and extortion,

15    and Defendant never disputed those allegations, as a reasonable person would do if the

16    allegations were not true. Defendant failed to show "good faith".

17   **30)** Plaintiff alleged in the letters to the Defendant that Defendant did not have a Delegation Order

18    from the Secretary of the Treasury authorizing Defendant to take collection actions under subtitle

19    A or C. Defendant never disputed that allegation, contrary to the actions that a reasonable person

20    would do if the allegation were not true. Defendant failed to show "good faith".

21   **31)** Plaintiff alleged in the letters to the Defendant that the Defendant did not have statutory authority

22    to take collection actions under subtitle A or C, granted to agents according to agent's title and

23    that Defendant was specifically excluded from such collection activities by IRC section 7608.

24    Defendant never disputed those allegations, as a reasonable law abiding official would do if such

25    allegations were untrue.

32) Plaintiff alleged in the letters to the Defendant that the US Supreme Court rulings, cited in those letters, had made it clear that the 16th Amendment had not granted any new taxation powers to the federal government and that Plaintiff had not incurred the tax liability, claimed by the Defendant, under the 16th Amendment or any other taxing power of the federal government, nor did the Plaintiff volunteer for the individual income tax. Defendant did not dispute the allegations by the Plaintiff, as a reasonable law abiding official would do if such allegations were untrue.

*STANTON v BALTIC MINING CO.*, 240 US 103 (1916) *"...it manifestly disregards the fact that by the previous ruling it was settled that the provisions of the 16th Amendment conferred no new power of taxation."*

*PECK v LOWE*, 247 US 165 (1918): **"As pointed out in recent decisions, it (16th Amendment) does not extend the taxing power to new or excepted subjects..."**

33) Plaintiff alleged in the letters to the Defendant that the US Supreme Court rulings, cited in those letters, had made it clear that the word "income" had a specific meaning in the 16th Amendment, and that meaning was the same as that used in the Corporate Excise Tax Act of 1909, and that Plaintiff had incurred no tax liability under those rulings or any other taxing authority of the federal government. See **Exhibit E.** *Southern Pacific Co. v. Lowe*, 247 U.S. 330 (1918): *"We must reject in this case, as we have rejected in cases arising under the Corporation Excise Tax Act of 1909, the broad contention submitted on behalf of the government that all receipts, everything that comes in, are income within the proper definition of the term 'gross income'. Certainly the term 'income' has no broader meaning in the Income Tax Act of 1913 than in that of 1909."* Plaintiff further alleged that they had incurred no tax liability under any other taxation authority of the federal government. Defendant never disputed the Plaintiffs' allegations, as a reasonable law abiding official would do if such allegations were untrue.

34) Some of the violations of law committed by the Defendant are criminal violations but these violations are also common law violations of Plaintiffs' rights and protections under the laws and

1      their Due Process and are to be held to the standards of civil actions in this civil action.

2    **35)**  Plaintiff seeks through this claim for damages against the Defendant, in the amount of

3      $300,000.00, that is directly attributable to the unlawful actions of the Defendant, consisting of

4      damages to the Plaintiff and his family members.

5    **36)**  Damages to Plaintiff and his family are:

6        a)  pain,

7        b)  suffering,

8        c)  emotional distress,

9        d)  anxiety,

10       e)  seizure of property rights,

11       f)  illegal seizure of wages/property without proper statutory authority cited,

12       g)  encumbrance of property,

13       h)  public humiliation,

14       i)  public defamation of character,

15       j)  encumbrance on Plaintiffs' freedom of movement,

16       k)  loss of consortium,

17       l)  and extensive time and expense in dealing with Defendant and attempting to correspond

18          and other such related difficulties.

19    **37)**  Defendant to this date has never disputed the claim for damages. A reasonable person would have

20      disputed such claim if the person believed that he was not liable for such damages.

21    **38)**  Plaintiff included an affidavit of facts as they are personally known to Plaintiff. These facts will

22      stand in this action until they are rebutted or refuted by counter affidavits of fact. The US

23      Supreme Court has ruled that determinations by the Court must be made according to sworn

24      testimony and evidence.

25

**FIRST CAUSE OF ACTION**

**VIOLATION OF PLAINTIFFS' 4th AMENDMENT RIGHTS**

**39)** Paragraphs 1 through 36 are hereby incorporated by reference into this cause of action as if they were fully stated herein.

**40)** Defendant knowingly allowed the continuing illegal seizure of Plaintiffs' property rights in violation of Plaintiffs' unalienable Constitutional protections and rights under the 4th Amendment, after being fully informed by the Plaintiff as to the requirements, restrictions, and violations of US Constitutional taxing authority as expressed by the US Supreme Court rulings. See **Exhibits A, B, C, D, E and H.**

**41)** Defendant had a duty to act and to speak when these violations were brought to his attention. *See US v Tweel, 550 F.2d 297, 299. Also see US v Prudden, and Carmine v Bowen*. Defendant did not act as a reasonable person would act. A reasonable person would respond by denying allegations of fraud and extortion if he thought he was innocent. A reasonable person would present the documentation to show his authority. A reasonable person would have sought counsel from the attorneys or other responsible officials. Defendant remained silent and his silence is equivalent to fraud under such duty. Plaintiffs' constitutional rights and protections were clearly established during the time of correspondence and before any correspondences occurred.

In *Davis v. Scherer*, 468 U.S. 183, 197, 82 L. Ed. 2d 139, 104 S. Ct. 3012 (1984) (*Davis*), the Supreme Court held that "**[a] plaintiff who seeks damages for violation of constitutional or statutory rights may overcome the defendant official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue.**" See *Baker*, 887 F.2d at 186; *Bothke v. Fluor Engineers & Constructors, Inc.*, 739 F.2d 484, 484 (9th Cir. 1984). [**5] *" If this burden is met by plaintiff, the defendant then bears the burden of establishing that his actions were reasonable, even though they might have violated the plaintiff's constitutional rights." Benigni v. City of Hemet*, 879 F.2d 473, 480 (9th Cir. 1988).

**WHEREFORE, PLAINTIFFS REQUEST** the following of this Honorable Court;

    1) Allow a reasonable period of Discovery to determine the full extent of violation of laws by Defendant,

    2) Allow a reasonable period of Discovery to determine whether there were any accomplices to the Defendant,

    3) Allow a reasonable period of Discovery to determine the motives and/or explanations of Defendant.

    4) Schedule a jury trial in this action, after Discovery, so that such jury

        (a) may determine the liability of Defendant,

        (b) make a determination as to the reasonableness of the claim of $300,000 plus $600,000 as punitive, for damages, plus expenses, costs, and lawyer fees that may be suffered by the Plaintiffs and their family, and

        (c) make any modifications to Plaintiffs' claim for damages as the jury may see as fit and proper.

    5) Order the immediate removal of all liens and levies placed on Plaintiffs' property.

    6) Order that the Internal Revenue Service immediately dismiss the Defendant from employment without retirement or other benefits.

    7) In the event of the failure of the Defendant to answer the complaint within the required 20 days, order that the Defendant must pay the Plaintiffs the amount of $300,000 plus $600,000 in punitive damages plus expenses of $2,500.

## SECOND CAUSE OF ACTION

## DENIAL OF PLAINTIFFS' 5th AMENDMENT DUE PROCESS

**42)** Paragraphs 1 through 36 are hereby incorporated by reference into this cause of action as if they were fully stated herein.

[COMPLAINT] - 14

43) Defendant knowingly violated Plaintiffs' Due Process by continuing to make threatening statements and false allegations and allowing the continuing seizure of Plaintiffs' property rights in violation of Plaintiffs' unalienable Constitutional protections and rights under the 5th Amendment Due Process requirement, after being fully informed by the Plaintiff as to

1) Plaintiffs' underlying liability (See **Exhibit E**) and

2) the unlawful procedures used in the filing of Notices of Federal Tax Lien and Levy on Plaintiffs' property title. These violations being:

   a)  The citation of IRC section 6321 on the Notice of lien, that informed the public and Plaintiff that such code is being applied against subjects who are liable for a tax, when no such liability exists. See **Exhibits E and H**.

   b)  The use of an invalid notice of federal tax lien that was a violation of Plaintiffs' Due Process protections. See Internal Revenue Code section 6323 (a) and (f) (1). Potential purchasers of Plaintiffs' property were obstructed by the invalid notice being in continual encumbrance of the sale of Plaintiffs' property. Defendant had refused to remove such encumbrance and was fully responsible for such encumbrance after having been fully informed by the Plaintiff.

   c)  The said notice had cited IRC section 6321 which does not have an implementing legislative regulation in Title 26 for lien or levy under subtitle A or C.  See **Exhibit H**.

   d)  The said notice did not have a **signature** of an authorized agent, as required by IRC section 7608.

   e)  The notice had also been filed in violation of state law that require a certification by a federal certifier and the address of the certifier to be printed on such notice. These two requirements were completely lacking, making the instrument a violation of Plaintiffs' Due Process protection.

   f)  The Notice lacked requirements of printed name and address of each person involved in the notice filing procedures, as required by Florida state law.

1       g)  The Notice lacked the printed name and signature of the *issuer* of the Notice of federal

2            tax lien in violation of Florida law. (FS § 713.901)

3       h)  The Notice lacked the printed name of the signer of the Notice in violation of Florida

4            law. (FS § 713.091)

5     **WHEREFORE, PLAINTIFFS REQUEST** the following of this Honorable Court;

6          1) Allow a reasonable period of Discovery to determine the full extent of violation of

7          laws by Defendant,

8          2) Allow a reasonable period of Discovery to determine whether there were any

9          accomplices to the Defendant,

10         3) Allow a reasonable period of Discovery to determine the motives and/or explanations

11         of Defendant.

12         4) Schedule a jury trial in this action, after Discovery, so that such jury

13              (a) may determine the liability of Defendant,

14              (b) make a determination as to the reasonableness of the claim of $300,000 plus

15              $600,000 as punitive, for damages, plus expenses, costs, and lawyer fees that

16              may be suffered by the Plaintiffs and their family, and

17              (c) make any modifications to Plaintiffs' claim for damages as the jury may see

18              as fit and proper.

19         5) Order the immediate removal of all liens and levies placed on Plaintiffs' property.

20         6) Order that the Internal Revenue Service immediately dismiss the Defendant from

21         employment without retirement or other benefits.

22         7) In the event of the failure of the Defendant to answer the complaint within the required

23         20 days, order that the Defendant must pay the Plaintiff the amount of $300,000 plus

24         $600,000 in punitive damages plus expenses of $2,500.

25

1                             **THIRD CAUSE OF ACTION**

2                **USE OF THE U. S. MAIL TO COMMIT EXTORTION**

3   **44)** Paragraphs 1 through 36 are hereby incorporated by reference into this cause of action as if they

4         were fully stated herein.

5   **45)** Defendant violated 18 USC 41 (Extortion and Threats), 18 USC 47 (Fraud and False Statements),

6         and 18 USC 63 (Mail Fraud) and used the United States Postal Service to commit such acts.

7   **46)** Defendant used the United States Postal Service to convey threats and demands for payment for

8         an alleged debt that was not owed by Plaintiff. See **Exhibit E**. Defendant violated 18 USC 47 and

9         18 USC 41 by conveying false documents through the mail and by making demands and

10       threatening statements to Plaintiff under the false pretense that Defendant had the authority to

11       make such demands and threats to Plaintiff, and under the false pretense that such authority was

12       given to him by the Secretary of the U.S. Treasury and the Internal Revenue Service. Defendant,

13       in fact, had no such delegated authority and when Plaintiff made demand for Defendant to show

14       such delegation order on several occasions, Defendant refused to respond and thus created prima

15       facie evidence of fraud and extortion by Defendant. Defendant's refusal was an attempt to

16       conceal evidence that would be used against him in court. Defendant had a duty to make a

17       determination as to whether he had, in fact, a Delegation Order from the Secretary when informed

18       of that requirement of law by the Plaintiff and thereafter to take necessary corrective actions.

19       Defendant did not make any determinations as to the lawfulness and correct procedures and

20       refused to take corrective actions as demanded by the Plaintiff. Defendant attempted to conceal

21       these incriminating facts by refusing to respond to Plaintiff.

22   **WHEREFORE, PLAINTIFFS REQUEST** the following of this Honorable Court;

23         1) Allow a reasonable period of Discovery to determine the full extent of violation of

24         laws by Defendant,

25         2) Allow a reasonable period of Discovery to determine whether there were any

1    accomplices to the Defendant,

2    3) Allow a reasonable period of Discovery to determine the motives and/or explanations

3    of Defendant.

4    4) Schedule a jury trial in this action, after Discovery, so that such jury

5    (a) may determine the liability of Defendant,

6    (b) make a determination as to the reasonableness of the claim of $300,000 plus

7    $600,000 as punitive, for damages, plus expenses, costs, and lawyer fees that

8    may be suffered by the Plaintiff and his family, and

9    (c) make any modifications to Plaintiffs' claim for damages as the jury may see

10    as fit and proper.

11    5) Order the immediate removal of all liens and levies placed on Plaintiffs' property.

12    6) Order that the Internal Revenue Service immediately dismiss the Defendant from

13    employment without retirement or other benefits.

14    7) In the event of the failure of the Defendant to answer the complaint within the required

15    20 days, order that the Defendant must pay the Plaintiff the amount of $300,000 plus

16    $600,000 in punitive damages plus expenses of $2,500.

17    **18 USC 41 Sec. 876. - Mailing threatening communications**

18    **"Whoever, with intent to extort from any person any money or other thing of value, knowingly so deposits or causes to be delivered, as aforesaid, any communication, with or**

19    **without a name or designating mark subscribed thereto, addressed to any other person and**

20    **containing any threat to injure the property or reputation of the addressee or of another, or the reputation of a deceased person, or any threat to accuse the addressee or any other**

21    **person of a crime, shall be fined under this title or imprisoned not more than two years, or both."**

22

23    **FOURTH CAUSE OF ACTION**

24    **EXTORTION UNDER "COLOR OF LAW"**

25

[COMPLAINT]- 18

47) Paragraphs 1 through 36 are hereby incorporated by reference into this cause of action as if they were fully stated herein.

48) Defendant violated 18 USC Chapter 41, Sec. 872. - Extortion by officers or employees of the United States. Defendant used his position as an IRS officer to make threats and demands for payment of money that was not owed and was unquestionably not owed under the US Supreme Court rulings stated in Exhibit F. Defendant never refuted or responded to these assertions by Plaintiff. Defendant had the duty to respond and refute.

49) Defendant violated 18 USC Chapter 41, Sec. 872. - Extortion by officers or employees of the United States. Defendant used his position as an IRS officer to make threats and demands for payment of money that Plaintiff did not owe, under "color of law" and under pretense of authority that Defendant did not have and was, in fact, specifically excluded, by title, as contained in IRC section 7608. Defendant never refuted or responded to these assertions by Plaintiff. Defendant had the duty to respond and refute.

50) Defendant violated 18 USC Chapter 41, Sec. 872. - Extortion by officers or employees of the United States. Defendant used his position as an IRS officer to make threats and demands for payment of money that Plaintiff did not owe, under "color of law" and under pretense of authority that Defendant had a Delegation Order from the Secretary of the Treasury, when, in fact, Defendant never had such Delegation Order and never produced such after repeated demands by Plaintiff. Defendant never refuted or responded to these assertions by Plaintiff. Defendant had the duty to respond and refute.

**WHEREFORE, PLAINTIFFS REQUEST** the following of this Honorable Court;

1) Allow a reasonable period of Discovery to determine the full extent of violation of laws by Defendant,

2) Allow a reasonable period of Discovery to determine whether there were any accomplices to the Defendant,

[COMPLAINT]- 19

1          3) Allow a reasonable period of Discovery to determine the motives and/or explanations

2          of Defendant.

3          4) Schedule a jury trial in this action, after Discovery, so that such jury

4              (a) may determine the liability of Defendant,

5              (b) make a determination as to the reasonableness of the claim of $300,000 plus

6              $600,000 as punitive, for damages, plus expenses, costs, and lawyer fees that

7              may be suffered by the Plaintiff and his family, and

8              (c) make any modifications to Plaintiffs' claim for damages as the jury may see

9              as fit and proper.

10         5) Order the immediate removal of all liens and levies placed on Plaintiffs' property.

11         6) Order that the Internal Revenue Service immediately dismiss the Defendant from

12         employment without retirement or other benefits.

13         7) In the event of the failure of the Defendant to answer the complaint within the required

14         20 days, order that the Defendant must pay the Plaintiff the amount of $300,000 plus

15         $600,000 in punitive damages plus expenses of $2,500.

16

17                                **FIFTH CAUSE OF ACTION**

18                **VIOLATION OF PLAINTIFFS' ADMINISTRATIVE DUE PROCESS**

19  **51)** Paragraphs 1 through 36 are hereby incorporated by reference into this cause of action as if they

20         were fully stated herein.

21  **52)** Plaintiffs' Administrative Due Process was violated by the Defendant, by Defendant's failure to

22         make a correct determination as to whether there was a debt owed by Plaintiff and by refusing to

23         respond to the denials of debt owed. See **Exhibit A, B, E and H**. Defendant was repeatedly

24         informed by Plaintiff of the US Supreme Court cases that directly bear on the liability of Plaintiff,

25         that demonstrate beyond question, that there was no liability incurred by the Plaintiff.

1       See also the US Supreme Court rulings and statements before Congress (02/03/53 to 02/13/53) by

2       Dwight E. Davis, Head of the Alcohol. Tobacco, and Firearms Bureau of the Internal

3       Revenue Service, as listed in **Exhibits E and H**.

4    **53)** Additionally, Defendant was grossly negligent by refusing to respond to Plaintiffs' assertions that

5       Defendant lacked authority under Internal Revenue Code (IRC) section 7608 to take any action

6       whatsoever under Subtitle A and/or C, and was, in fact, excluded from any such actions by

7       paragraph B of 7608, which named the specific agents who were, by title, authorized to act under

8       subtitles A and/or C of the Internal Revenue Code. See **Exhibits A, B and H**. Defendant had the

9       duty make a determination as to the correctness of Plaintiffs' assertion and to take corrective

10      actions. Defendant failed to take even minimal measures of determination or corrections.

11   **54)** Additionally, Defendant was grossly negligent by refusing to respond to Plaintiffs' assertions that

12      Defendant lacked a Delegation of Authority Order from the Secretary of the US Treasury. See

13      **Exhibits A, B and H**. Such Delegation Order is required to take any actions under Internal

14      Revenue Code (IRC) that state that the "Secretary" or his Delegate may or shall take certain

15      actions. Defendant had the duty make a determination as to the correctness of Plaintiffs' assertion

16      and to take corrective actions. Defendant failed to take even minimal measures of determination

17      or corrections.

18    **WHEREFORE, PLAINTIFFS REQUEST** the following of this Honorable Court;

19       1) Allow a reasonable period of Discovery to determine the full extent of violation of

20       laws by Defendant,

21       2) Allow a reasonable period of Discovery to determine whether there were any

22       accomplices to the Defendant,

23       3) Allow a reasonable period of Discovery to determine the motives and/or explanations

24       of Defendant.

25       4) Schedule a jury trial in this action, after Discovery, so that such jury

           (a) may determine the liability of Defendant,

1              (b) make a determination as to the reasonableness of the claim of $300,000 plus

2              $600,000 as punitive, for damages, plus expenses, costs, and lawyer fees that

3              may be suffered by the Plaintiff and his family, and

4              (c) make any modifications to Plaintiffs' claim for damages as the jury may see

5              as fit and proper.

6          5) Order the immediate removal of all liens and levies placed on Plaintiffs' property.

7          6) Order that the Internal Revenue Service immediately dismiss the Defendant from

8          employment without retirement or other benefits.

9          7) In the event of the failure of the Defendant to answer the complaint within the required

10         20 days, order that the Defendant must pay the Plaintiff the amount of $300,000 plus

11         $600,000 in punitive damages plus expenses of $2,500.

12

13                        **SIXTH CAUSE OF ACTION**

14                        **ATTEMPT TO COMMIT FRAUD**

15   **55)** Paragraphs 1 through 36 are hereby incorporated by reference into this cause of action as if they

16       were fully stated herein.

17   **56)** Defendant attempted to commit fraud by carrying on a scheme or artifice to deprive Plaintiff of

18       the intangible right of honest services in violation of 18 USC 63, section 1346.

19   **57)** Defendant knowingly and without lawful authority produced and/or had subordinates produce

20       documents that contained false information and false allegations without lawful authority, in

21       violation of 18 USC 47, section 1028.

22   **WHEREFORE, PLAINTIFFS REQUEST** the following of this Honorable Court;

23       1) Allow a reasonable period of Discovery to determine the full extent of violation of

24       laws by Defendant,

25       2) Allow a reasonable period of Discovery to determine whether there were any

            accomplices to the Defendant,

1          3) Allow a reasonable period of Discovery to determine the motives and/or explanations

2          of Defendant.

3          4) Schedule a jury trial in this action, after Discovery, so that such jury

4              (a) may determine the liability of Defendant,

5              (b) make a determination as to the reasonableness of the claim of $300,000 plus

6              $600,000 as punitive, for damages, plus expenses, costs, and lawyer fees that

7              may be suffered by the Plaintiff and his family, and

8              (c) make any modifications to Plaintiffs' claim for damages as the jury may see

9              as fit and proper.

10          5) Order the immediate removal of all liens and levies placed on Plaintiffs' property.

11          6) Order that the Internal Revenue Service immediately dismiss the Defendant from

12          employment without retirement or other benefits.

13          7) In the event of the failure of the Defendant to answer the complaint within the required

14          20 days, order that the Defendant must pay the Plaintiff the amount of $300,000 plus

15          $600,000 in punitive damages plus expenses of $2,500.

16

17

18

19   Executed to this Honorable Court on this _____ day of _____, 2003

20

21                                    Ernest Enax, *Pro se*

22                                    6319 12th Street North

                                       St. Petersburg, FL 33702

23                                    (727) 526-6745

24

25

**BRIEF IN SUPPORT**

*"Statements of counsel in their briefs or arguments are not sufficient for purposes of granting a motion to dismiss or for summary judgment." <u>Trinsey v. Pagliaro</u>, D.C. Pa. 1964, 229 F. Supp. 647.*

*"When lawsuits are brought against federal officials, they must be brought against them in their "individual" capacity not their official capacity. When federal officials perpetrate constitutional torts, they do so ultra vires (beyond the powers) and lose the shield of immunity." <u>Williamson v. U.S.</u> <u>Department of Agriculture</u>, 815 F.2d. 369, <u>ACLU Foundation v. Barr</u>, 952 F.2d. 457, 293 U.S. App. DC 101, (CA DC 1991).*

"<u>Kearney v. Case</u>, 12 Wall. 275, 281, following the statement:

*'Undoubtedly both the Judiciary Act and the amendment to the Constitution secured the right to either party in a suit at common law to a trial by jury, and we are also of opinion that the statute of 1789 intended to point out this as the mode of trial in issues of fact in such cases. Numerous decisions, however, had settled that this right to a jury trial might be waived by the parties, and that the judgment of the court in such cases should be valid.'*

The Seventh Amendment, which is here referred to, provides, in respect of suits at common law involving a value exceeding $20, that 'the right of trial [281 U.S. 276, 302]   by jury shall be preserved'; and it is significant that this language and the positive provision of the statute that 'the trial of issues in fact ... shall be by jury' were regarded as synonymous."

Also see <u>Duncan v Louisiana</u>, 391 US 145, 149. Trial by jury.

In <u>Federal Crop Insurance v. Merrill</u>, 332 U.S. 380, the Supreme Court ruled: *"Whatever the form in which the government functions, <u>anyone entering into an arrangement with the government</u> takes a risk of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority, even though the agent himself may be unaware of the limitations upon his authority."* Also see **Utah Power & Light Co. v. United States, 243 U.S. 389; United States v. Stewart, 311 U.S. 60; and generally, in re Floyd Acceptances, 7 Wall. 666.**

<u>Federal Trade Commission v. Raladam Co.</u>, 283 U.S. 643, 51 S.Ct. 587 (1931):

*"Official powers cannot be extended beyond the terms and necessary implications of the grant. If broader powers be desirable, they must be conferred by Congress. They cannot be merely assumed by administrative officers; nor can they be created by the courts in the proper exercise of their judicial functions," 283 U.S., at 649.*

<u>State ex rel McConnell v. First State Bank</u>, 22 Tenn. App. 577, 124 S.W.2d 726, 733 (1938): Bank insolvency case:

*"All persons dealing with public officers are bound to take notice of the law prescribing their authority and powers."*

<u>Continental Casualty Co. v. United States</u>, 113 F.2d 284 (5th Cir. 1940):

*"Public officers are merely the agents of the public, whose powers and authority are defined and*

1   *limited by law. Any act without the scope of the authority so defined does not bind the principal, and all persons dealing with such agents are charged with knowledge of the extent of their*
2   *authority," 113 F.2d, at 286.*

3   <u>*Department of Ins. of Indiana v. Church Members Relief Ass'n.*</u>, 217 Ind. 58, 26 N.E.2d 51 (1940):

4

5   *"When the right to do a thing depends upon legislative authority, and the Legislature has failed to authorize it, or has forbidden it, no amount of acquiescence, or consent, or approval of the doing of it by a ministerial officer, can create a right to do the thing which is unauthorized or forbidden,"*
6   *26 N.E.2d, at 52.*

7   <u>*United States v. Hawthorne*</u>, 31 F.Supp. 827, 829 (N.D. Tex. 1940):

8   *"A regulation dies with the statute from which it gains its life."*

9   <u>*Quaker Oats Co. v. Fed. Security Administrator*</u>, 129 F.2d 76, 80 (7th Cir. 1942), reversed on other
10   grounds at 318 U.S. 218, 63 S.Ct. 589 (1943):

11   *"We assume there could be no dissent from the proposition that an administrative agency has only such authority in the administration of a Congressional enactment as is expressly conferred, or as may be reasonably implied."*
12

13   <u>*Youngblood v. United States*</u>, 141 F.2d 912 (6th Cir. 1944): Action to compel recorder of deeds to file
14   notices according to law as required by their ministerial Office.

15   *"[T]he authority of ministerial officers is to be strictly construed as including only such powers as are expressly conferred, or necessarily implied,"* 141 F.2d, at 913.

16   **(1) Supporting documents:**

17
     Exhibit A – First notification letter.
18   Exhibit B – Additional notification letter to Michele Quimby.
     Exhibit C – Letter from Taxpayer Advocate on behalf of Michele Quimby.
19   Exhibit D – Threatening letter from Michele Quimby.
     Exhibit E – Report on liability for the income tax by Charles F. Conces.
20   Exhibit F – Notices of federal tax lien copies.
     Exhibit G – IRC statute 7608.
21   Exhibit H – Additional notification and demand.

22

23   **(2) Notice to Defendant.**

24   No default judgment may be entered except upon proof -; which may be by
     affidavit - that:

25        (a) the complaint, summons, and process of attachment or garnishment
          have been served on the defendant in a manner authorized by <u>Rule 4</u> ;

[COMPLAINT]- 25

(b) the plaintiff or the garnishee has mailed to the defendant the complaint, summons, and process of attachment or garnishment, using any form of mail requiring a return receipt; or

(c) the plaintiff or the garnishee has tried diligently to give notice of the action to the defendant but could not do so.

**(3) Answer.**

**(a) By Garnishee.**

The garnishee shall serve an answer, together with answers to any interrogatories served with the complaint, within 20 days after service of process upon the garnishee. Interrogatories to the garnishee may be served with the complaint without leave of court. If the garnishee refuses or neglects to answer on oath as to the debts, credits, or effects of the defendant in the garnishee's hands, or any interrogatories concerning such debts, credits, and effects that may be propounded by the plaintiff, the court may award compulsory process against the garnishee. If the garnishee admits any debts, credits, or effects, they shall be held in the garnishee's hands or paid into the registry of the court, and shall be held in either case subject to the further order of the court.

**(b) By Defendant.**

The defendant shall serve an answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

*Notes*

JUDICIAL MISCONDUCT - The appropriate role for a judge to play in a jury trial has been the subject of a number of appeals. Courts have said a trial judge must always remain fair and impartial. *Kennedy v. Los Angeles Police Dep't*, 901 F.2d 702, 09 (9th Cir.'89). He "must be ever mindful of the sensitive role [the court] plays in a jury trial and avoid even the appearance of advocacy or partiality." Id. (quoting *U.S. v. Harris*, 501 F.2d 1, 10 (9th Cir.'74)).

At the same time, however, courts have recognized that a trial judge is 'more than an umpire.' *U.S. v. Laurins*, 857 F.2d 529, 37 (9th Cir.'88), cert. denied, 492 U.S. 906 ('89). It is perfectly appropriate for a judge to 'take part where necessary to clarify testimony and assist the jury in understanding the evidence.' *U.S. v. De Sisto*, 289 F.2d 833, 834 (2d Cir.'61). See also *Laurins*, at 537 (trial judge 'may participate in the examination of witnesses to clarify evidence, confine counsel to evidentiary rulings, ensure the

1    orderly presentation of evidence, and prevent undue repetition'); *U.S. v. Mostella*, 802 F.2d 358, 361 (9th

2    Cir.'86) (same); *U.S. v. Poland*, 659 F.2d 884, 93 (9th Cir.) (finding questions calculated to make

3    testimony clearer to jury not improper), cert. denied, 454 U.S. 1059 (1981).

4

5    '[t]he standard for reversing a verdict because of general judicial misconduct during trial is rather

6    stringent.' *Kennedy*, 901 F.2d at 709. To sustain a claim of this kind, there must be an 'extremely high

7    level of interference' by the trial judge which creates 'a pervasive climate of partiality and unfairness.'

8    *U.S. v. DeLuca*, 692 F.2d 1277, 1282 (9th Cir.'82). See also *Laurins*, at 537 ('A judge's participation [in

9    the trial] justifies a new trial only if the record shows actual bias or leaves an abiding impression that the

10   jury perceived an appearance of advocacy or partiality.').

11

12   Because this case comes to us in the posture of a habeas appeal, the question is whether the state trial

13   judge's behavior rendered the trial so fundamentally unfair as to violate federal due process under the U.S.

14   Constitution. *Gayle v. Scully*, 779 F.2d 802, 06 (2d Cir.'85), cert. denied, 479 U.S. 838 ('86); *McBee v.*

15   *Grant*, 763 F.2d 811, 18 (6th Cir.'85).

16

17   *Mostella*, 802 F.2d at 362 (judge's excessive questions and sarcastic comments did not amount to 'extreme

18   overstepping of his proper judicial role'--conviction affirmed); Poland, 659 F.2d at 894 (finding trial

19   judge's impatience with defense, displays of irritation, and use of sarcasm, while inappropriate, were not

20   prejudicial).

21

22   A federal court has no supervisory authority over criminal proceedings in state courts. The only standards

23   it can impose on the states are those dictated by the Constitution. *Daye*, 712 F.2d at 1571. Objectionable

24   as some actions might be, when considered in the context of the trial as a whole they are not 'of sufficient

25   gravity to warrant the conclusion that fundamental fairness has been denied.' Id. at 1572. See *Gayle v.*

     *Scully*, at 807 (trial judge's caustic, sarcastic comments and offensive conduct, although perhaps

1   inconsistent with institutional standards of federal courts, did not violate due process); *Daye*, at 1572 (trial

2   judge's skeptical attitude toward defendant's testimony, and his reinforcement of identification evidence

3   by government witnesses, 'approached but did not cross the line that permits [a ruling] that the

4   Constitution has been violated')

5

6   **Notes: The Seventh Circuit Court of Appeals:**

7

8       Held that the Circuit Court of Cooks County is a criminal enterprise. *U.S. Vs. Murphy*, 768 F.2d

9   1518, 1531 (7th. Cir. 1985), 31 Judges were removed from the bench after a Federal Court Ordered an

10   investigation, it was confirmed aiding and abetting from the inferior Courts to the Federal Court,

11   violations at every level with no one reporting the crimes! The United States Supreme Court

12   Acknowledged the judicial corruption in Cooks County, when it stated that Judge Maloney was one of

13   Many dishonest judges exposed and convicted through "Operation Greylord", a labyrinthine federal

14   Investigation of judicial corruption in Chicago, *Bracey Vs. Gramley*, case No. 96-6133 (June 9, 1997)!

15

16   The Court in *Yates Vs. Village of Hoffman Estates*, Illinois, 209 F.Supp. 757 (N.D. Ill. 1962) held that,

17   "Not every action by any judge is in exercise of his judicial function. It is not a judicial function for a

18   Judge to commit an intentional tort even though the tort occurs in the Courthouse, when a judge acts as a

19   Trespasser of the Law, when a judge does not follow the law, the judge loses subject matter jurisdiction

20   and The Judge's orders are void, of no legal force or effect"! The United States Supreme Court has stated

21   that "No State legislator or executive or judicial officer can war against the Constitution without violating

22   his Undertaking to support it". *Cooper Vs. Aaron*. 358 U.S. 1 78 S.Ct. 1401 (1958). If a judge does not

23   fully Comply with the Constitution, then his orders are void, in re *Sawyer*, 124 U.S. 200 (1888), he/she is

24   Without jurisdiction, and he/she has engaged in an act or acts *TREASON*!

25

1   Dated this _____ day of _____, 2003

2

3

Ernest Enax, *Pro se*
4   6319 12th Street North
St. Petersburg, FL 33702
5   (727) 526-6745

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT "A"

# FIRST NOTIFICATION LETTER

**EXIHIBIT "A" ( 9 PAGES )**

May 28, 2003

Ernest Enax
6319 12th St North
St. Petersburg, FL  33702
124 30 9366

IRS
Michelle Quimby
9450 Koger Blvd.
Room 2001
St. Petersburg, FL  33702

Re:  Lien and Levy

Certified Mail Number:  7002 2410 0001 5068 6745

Dear Ms Quimby;

Received your application for Collection Information Form 433 – A. Before I fill out this application I need
to have a few questions answered as of the following:

1.  I will need your IRS employee identification number.

2.  <u>**VERIFICATION FROM THE SECRETARY OF THE TRESURY:**</u>

   Please send me a copy of the "verification from the Secretary of the Treasury that the requirements of
   any applicable law or administration procedure have been met." That is the specific statement from
   the Secretary (or his delegate) that THE LAW *inquires* you to have. Don't send some IRS transcript,
   printout that I "may not understand." The law doesn't say that I have to settle for an IRS printout
   containing coded entries that I may not understand. Nor does the law say that I have to accept your
   "assurances" that all the "requirements of any applicable law or administrative procedure have been
   met." And I will not accept any claim of yours that "the court's" have held that an unsigned,
   computer printout satisfies the legal requirement of Code Section 6330 that you "obtain
   verification....that the requirements of any applicable law or administrative procedure have been
   met," In addition, as far as court decisions are concerned Treasury Regulation 601.106(f) Attached as
   Exhibit B) states that the appeals officer *"SHALL HEW TO THE LAW"* (emphasis added).
   Therefore I expect that you will "hew to the law," and the law requires *that you shall* "obtain
   verification from the Secretary" or his delegate, and no other document fulfills *this requirement of
   the law.*

3.  Also, pursuant to Code Section 6201(1), before I owe any income taxes there has to be an assessment based on a "return or list." I filed a return showing no taxes due. Therefore I don't see how the IRS could have made a *lawful assessment* from a return showing no income taxes due and owing, unless the IRS prepared another 1040 showing a different amount due. I am demanding that you show me and make the following items available to me:

    a).    Proof of assessment: By showing me Form 4340 certifying that such an assessment has been made.

           In lieu of an actual 23C Summary Record of Assessment and supporting documents, the only other document that would be appropriate to indicate that an assessment has been made would be a Form 4340 signed by an assessment officer certifying that an assessment has been made. In lieu of a signed 4340, don't show me an unsigned IRS printout (containing coded entries I don't understand) which claims an assessment was made.

    b).    **A copy of the return from which my 1999 assessment was made.**

           In addition to a Form 4340, I expect to see a copy of my 1999 tax return of which the assessment was made.

           Since no assessment greater than a zero could have been made in my 1999 1040 I filed (since no income taxes were shown as being due on that return) another return would have to have been made – in order to satisfy the requirements of 6201(1) that assessments must be based on "returns or lists." (Exhibit C).

4.  **Proof that a "Notice and Demand" was sent.**

In addition, I never received a "notice and demand" for payment of my 1999 income taxes.

    a).    A copy of the "Notice and Demand" that was sent to me.

    b).    **A Treasury Decision or Treasury Regulation which identifies the document sent to me as being the statutory "notice and demand" is, in fact, that document.**

           In addition to furnishing me with a copy (blank or otherwise) of the statutory "notice and demand" that was allegedly sent to me, I demand you have the Treasury Decision or a Treasury Regulation that identifies that document as being the statutory "notice and demand" required by Code Section 6203, 632 and 6331 –

otherwise what proof would I have that the "Notice and Demand" is actually that document?

It is clear that no seizure pursuant to Code Section 6331 is permitted unless taxpayer "...refuses to pay the same within 10 days after notice and demand." I maintain that I never got the "notice and demand" called for by Code Section 6331. Therefore, unless you can prove that such a document was sent to me, nor produce even a blank copy of such a document -- then what proof does he/she offer that such a document was ever sent to me ? I demand an affidavit certifying that a statutory "notice and demand" was sent to me, together with a Treasury Decision or Treasury Regulation certifying that that document is the statutory" notice and demand" called for by Code Section 6203, 6321 and 6331.

**5.**   **No law authorizes the IRS to claim that I owe more income taxes than the "zero" I reported on my 1999 income tax return or any other return.**

In addition, I "determined" that I owed no income tax for 1999 or any other year and made a return reflecting that determination as provided by Section 6201(a)(1). Section 6201(a)(2) (A) further provides that with respect to taxes "payable by stamp," the Secretary is authorized "to estimate the amount of tax which has been omitted to be paid" by stamp. However there is no provision in Code Section 6201 or and other Code Section that authorizes the Secretary (let alone the IRS) to similarly "estimate the amount of tax" which I allegedly omitted from my return. Therefore it is my contention that no law authorizes the Secretary (let alone any IRS revenue office or agent) to determine that I owe more in income taxes than a "zero" return I reported in 1999 or any other year of my 1040 returns. I challenge you to:

A).   Produce the statute that authorizes the Secretary to estimate the amount of taxes I omitted on my returns as the Secretary s authorized to do with respect to taxes payable by stamp as provided in Code Section 6201(a)(2)(A).

B).   Produce the Delegation Order in which he delegated any such authority to the IRS, and

C).   Produce the Legislative regulation that requires me to pay attention to any IRS "determination."

6. **The IRS Decoding Manual provides additional proof that I cannot owe more in 1999 or any other year in income taxes than a "zero" shown on my 1999 or any other year tax returns.**

In addition to all the above , I have attached Exhibit C excerpts from the IRS Decoding Manual referred to as "ADP AND IDRS" Document 6209, Cat No. 614620. It clearly established that a Transaction Code 150 (TC150) means, "A tax liability assessed from the original return (which) establishes a tax module." Obviously no "tax module" could have been established from my "original returns" since no tax "liability" was shown on that return; therefore no "amount" could have been assessed from my "original returns."

7. **The Secretary has not authorized any action for the collection of taxes and penalties as by 26 USC 7401 required.**

In addition to everything else, the Sectary has not authorized or sanctioned any action to collect by distrait any income taxes or penalties that I allegedly owe for any year. So apart from violating a number of statues as contained in this letter and any attempt by the IRS to collect by distrait the taxes at issue without getting the authorization from the Secretary as required by 26 USC 7401 will constitute a blatant violation of that statute.

8. **The Attorney General has not directed that any action against me for the enforced   collection of any taxes and penalties for the year 1999 or any other year "be commenced" as is required by 26 USC 7401.**

The Attorney General has not authorized or sanctioned any action to collect by distrait any income taxes or penalties that I allegedly owe for the year 1999 or any other year. So apart from violating a number of statutes and any attempt by the IRS to collect by distrait the taxes at issue without getting authorization from the Attorney General as required by 26 USC 7401 will constitute a blatant violation of that statue.

9. **In addition to everything else. Section 6331. 7701 and 7608 clearly establish that IRS Revenue Officers or Revenue Agents have no authority to seize property in payment of income taxes. This, therefore, is to put very and all such agents on notice that any attempt on their part to do so, will expose them to personnel lawsuits since they will be operating outside the scope of their legal authority if they attempt to do so.**

Section 6331 of the Internal Revenue Code clearly provides that it shall only be "lawful for the Secretary to collect such tax…by levy…" (Emphasis added). Section 7701(a) (11)(B) and 7701(a)(12)(A) provide that the term Secretary as used in Code Section 6331 "means the Secretary of the Treasury or his delegate" or one who has been delegated "indirectly by one or more redelegations of authority." Therefore it is clear that no IRS employee is authorized by the provisions of Code Section 6331 to seize any property by either levy or notice of levy.

Before an IRS Revenue Agent of Revenue Officer could have such authority, he would have to be delegated with such authority by the Secretary. However, it is obvious that the Secretary has not delegated any such authority to IRS Revenue Officers or Agents for at least 2 reasons. One reason is that Code Section 7608 entitled "Authority of internal revenue officers" provides in relevant subpart (a) that, "Any investigator, agent or other internal revenue officer by whatever term designated, whom the Secretary charge with...enforcing...(The)...seizure, or forfeiture provisions of subtitle E... may..(In Paragraph #4)..make seizures." (Emphasis added) However, paragraph 7608(b) is captioned "Enforcement of laws relating to internal revenue other than Subtitle E." And the only agents authorized to do anything in connection with subtitles other than Subtitle E are "criminal investigators" and not Revenue Officers or Revenue Agents. It is clear that pursuant to Code Section 7608 Revenue Agents and Revenue Officers can only be involved in the enforcement of Subtitle E taxes, while only Special Agents can be in involved in the enforcement of Subtitle A taxes, while only Special Agents can be involved in the enforcement of Subtitle A taxes, provided they are delegated with such authority by the Secretary.

However, it is clear that the enforcement provisions of Code Section 6331 and 7608 can only apply to liquor, tobacco, firearms and other excise taxes, since the Parallel Tables of Authority show that the implementing regulations for both Code Sections are in CFR 27 and not in CFR 26. (Exhibit D). The implementing regulation for Code Section 6331 is shown to be CFR 27 Part 70 while the implementing regulation for 7608 is shown to be in CFR 27 Parts 70, 170, and 296. Since there are no implementing, *legislative* regulations for either section in CFR 26, both Code Sections *are legally benign* as far as income taxes are concerned. Therefore, Revenue Agents and Revenue Officers **clearly** have **NO authority** To size property in connection with income taxes and any attempt by them to do so would constitute criminal violations of Code Section 7214 and expose them to civil damages under a variety of federal and state statutes.

I would further point out that Treasury Reg. 601.106(f)(1) states: "An exaction by the U.S. Government, which is not based upon law, statutory or otherwise, *is a taking of property without due process of law*, in violation of the Fifth Amendment to the U.S. Constitution.

In addition to all of the above, if the IRS should attempt to seize any of my property by distraint they will be exposing the federal government to a 7433 law suit, since any such seizures (as all of the above should be clear) will have been done "recklessly or intentionally" in violation of no less than the following 12 statues, Code Sections: 6001, 6011, 6201, 6203, 6212, 6303,6330, 6331, 7214, 7401, 7608 and 7701 as well as Treasury Reg. 601.106(f).

You, Ms Michelle Quimby had filed liens in the County Court house in Pinellas County, Florida against me. Your so called "Liens" are fraudulent to begin with since they only claim to be "Notice(s) of Lien(s), not "Liens" themselves. However, they are treated by all county

recorders as if they were actual "liens", even though the documents themselves make no such claim. And, you have done this in not only violation of Federal Law but also of the State Law.

All States that adopted the "Uniform Federal Lien Registration Act" employ the language that provides that "Certification by the Secretary of the Treasury of the United States or his delegate of notices of liens...entitles them to be filed." Please note that no such "Certification" appears anywhere on the "liens" you recorded on me.

Therefore, pursuant to the Florida Lien Law, those "liens" WAS NOT "ENTITLED..TO BE FILED."

Further, the IRS "lien" is not signed "by the Secretary of the Treasury of the United States" or his or her delegate. My lien was signed by you Michelle Quimby who you identified yourself as a Revenue Officer.

I had written you previously and gave you 30 days to remove the "Liens" from the County Clerks Office and you have not done so. So, upon my return in September be sure that I will follow up on this suit.

You have ruined my reputation and credit line with the "liens" you have placed on me and I have proof of all my creditors who refused me any credit.


Respectfully yours;

Ernest Enax

| 150 | Debit* (NPJ) | I/B E/A P | Return Filed & Tax Liability Assessed | IMF: 07, 08, 09, 10, 11, 12, 21, 22, 26, 27, 33, 51, 72, 73, . BMF: 03, 05, 06, 08, 09 10, 11, 13, 16, 20, 26, 33, 35, 38, 40-44, 46, 51, 60, 65, 66 (PSC only) 67, 71, 81, 83, 90-99, 96 EPMF: 30, 31, 37, 38 IRAF: 11, 12, 21, 22, 51, 73 PMF: 69 | A tax liability assessed from the original return, establishing a tax module. *BMF: Assessment may be Credit for Form CT-1, 720 and 941. See TC 976-977 for amended return. |
| 150 | | I/A | Entity Created by TC 150 | Generated Transaction | This TC 150 when posted to the Entity Transaction Section indicates the Master File Entity was created from the posting of the return. |

●●●
8-14

| Trans Code | DR/CR | File | Title | Valid Document Code | Remarks |
|---|---|---|---|---|---|
| 300 | Debit (NPJ) | I/B A | Additional Tax or Deficiency Assessment by Examination Division or Collection Division | 47 | Assesses additional tax as a result of an Examination or Collection Adjustment to a tax module which contains a TC 150 transaction. Generates TC 421 to release 42 Hold if Disposal Code 1-5, 8-10, 12, 13, 34 and TC 420 or 424 present. If TC 420 or 424 is present, TC 421 is generated when disposal code of 1-4, 8-10, 12 only. If Appellate Code is 000 or if TC 300 blocked 700-799) 13, or 34. Releases freeze for 840, 720, 840 or 941. IMF: Additionally releases TC 680 hold and freeze for invalid SSN or Account Reactivation. Blocking Series 790-799 or 900-999 will generate a CP 55. BMF: Releases freeze for Joint Committee or TC 842. |

# ADP
# and
# IDRS
# Information

Department of the Treasury
Internal Revenue Service
Document 6209 (Rev. 1-94)
Cat No. 61462O

**OFFICIAL USE ONLY**

Official Use Only

# IMPORTANT EXCERPTS FROM TREASURY REGS 601.102-601.106

§ 601.102 Classification of taxes collected by the Internal Revenue Service.

(a) Principal divisions. Internal revenue taxes fall generally into the following principal divisions:

(1) Taxes collected by assessment.

(2) Taxes collected by means of revenue stamps.

(b) Assessed taxes. Taxes collected principally by assessment fall into the following two main classes:

(1) Taxes within the jurisdiction of the U.S. Tax Court. These include:

(i) Income and profits taxes imposed by chapters 1 and 2 of the 1939 Code and taxes imposed by subtitle A of the 1954 Code, relating to income taxes.

(ii) Estate taxes imposed by chapter 3 of the 1939 Code and chapter 11 of the 1954 Code.

(iii) Gift tax imposed by chapter 4 of the 1939 Code and chapter 12 of the 1954 Code.

(iv) The tax on generation skipping transfers imposed by chapter 13 of the 1954 Code.

(v) Taxes imposed by chapters 41 through 44 of the 1954 Code.

(2) Taxes not within the jurisdiction of the U.S. Tax Court. Taxes not imposed by chapter 1, 2, 3, or 4 of the 1939 Code or subtitle A or chapter 11 or 12 of the 1954 Code are within this class, such as:

(i) Employment taxes.

(ii) Miscellaneous excise taxes collected by return.

(3) The difference between these two main classes is that only taxes described in subparagraph (1) of this paragraph, i.e., those within the jurisdiction of the Tax Court, may be contested before an independent tribunal prior to payment. Taxes of both classes may be contested by first making payment, filing claim for refund, and then bringing suit to recover if the claim is disallowed or no decision is rendered thereon within six months.

11/22/60, amend 3/6/70, 2/21/73, 1/31/80, 3/9/81, T.D. 8685, 11/2/96.

§ 601.103 Summary of general tax procedure.

(a) Collection procedure. The Federal tax system is basically one of self-assessment. In general each taxpayer (or person required to collect and pay over the tax) is required
• • •

(c) Disputed liability. (1) General. The taxpayer is afforded an opportunity to request that the case be considered by an Appeals office, provided that office has jurisdiction (see § 601.106(a)(3)). If the taxpayer requests such consideration, the case will be referred to the Appeals Office, which will afford the taxpayer the opportunity for a conference. The determination of tax liability by the Appeals Office is final insofar as the taxpayer's appeal rights within the Service are concerned. Upon protest of cases under the jurisdiction of the Director, Foreign Operations District, exclusive settlement authority is vested in the Appeals Office having jurisdiction of the place where the taxpayer requests the conference. If the taxpayer does not specify a location for the
• • • location specified is outside the territo-

## Regs. § 601.105(c)

(c) District procedure. (1) Office examination. (i) In a correspondence examination the taxpayer is furnished with a report of the examiner's findings by a form letter. The taxpayer is asked to sign and return an agreement if the taxpayer accepts the findings. The letter also provides a detailed explanation of the alternatives available if the taxpayer does not accept the findings, including consideration of the case by an Appeals office, and requests the taxpayer to inform the district director, within the specified period, of the choice of action.

## Regs. § 601.106(f)

(f) Conference and practice requirements. Practice and conference procedure before the Appeals is governed by Treasury Department Circular 230 as amended (31 CFR Part 10), and the requirements of Subpart E of this part. In addition to such rules but not in modification of them, the following rules are also applicable to practice before the Appeals:

(a) Each Justification by the U.S. Government, which will bind person him necessary or subservient, in a taking property without due process of law in violation of the 5th Amendment to the U.S. Constitution. Accordingly, an Appeals official, in his consideration of a case or an alteration of the law, shall bear in mind the proper standards of legal construction. It shall be his or her duty to determine the correct amount of the tax, with strict impartiality as between the taxpayer and the Government, and without favoritism or discrimination as between taxpayers.

The Government must follow its own
regulations.  Actions by an agency
of the executive branch in violation
of its own regulations are illegal
and void.

# Authorities

**26 U.S.C. (1986 I.R.C.)—Continued  CFR**

| | |
|---|---|
| 6205 | 26 Part 31 |
| 6223 | 26 Part 801 |
| 6227 | 26 Part 801 |
| 6230-6231 | 26 Parts 1, 301 |
| 6232 | 26 Parts 41, 160 |
| 6233 | 26 Part 301 |
| 6241 | 26 Part 301 |
| 6245 | 26 Part 301 |
| 6301—6303 | 27 Part 53 |
| 6301—6302 | 27 Parts 24 |
| | 25, 250, 270,276 |
| 6301 | 27 Part 70 |
| 6302 | 26 Parts 1,31,40 |
| | 27 Parts 19, 251, 285 |
| | 31 Parts 203,214 |
| 6303 | 27 Part 70 |
| 6341 | 27 Parts 19, |
| | 24,25,53,70,194,270 |
| 6313-6314 | 27 Part 70 |
| 6313 | 27 Parts 25, |
| | 270,275,295 |
| 6314 | 27 Part 194 |
| 6321 | 27 Part 70 |
| 6323 | 26 Part 1 |
| | 27 Part 70 |
| 6324A—6324B | 26 Part 301 |
| 6325 | 26 Part 401 |
| | 27 Part 70 |
| 6326 | 26 Part 301 |
| | 27 Part 70 |
| Seizures  6331—6343 | 27 Part 70 |
| 6334 | 26 Part 404 |
| 6364 | 26 Part 31 |
| 6401 | 27 Part 70 |
| 6402 | 27 parts 25,53,194, |
| | 197, 270, 285, 290 |
| 6404 | 26 Parts 301 |
| | 27 Parts 53, |
| | 70,270,275,285,290 |
| 6407 | 27 Part 70 |
| 6416 | 27 Parts 53, 70 |
| 6423 | 27 Parts 70,270 |
| 6426 | 26 Part 154 |
| 6501 | 27 Part 70 |
| 6503 | 27 Part 70 |
| 6511 | 27 Parts 70, 194, 197 |
| 6513—6514 | 27 Part 70 |
| 6532 | 27 Part 70 |
| 6601—6602 | 27 Part 70 |
| 6601 | 27 Parts 170, |
| | 194, 296 |
| 6611 | 27 Part 70 |
| 6621—6622 | 27 Parts 70, 170, 296 |
| 6621 | 26 Part 301 |
| | 27 Part 194 |
| 6651 | 27 Parts 24,25,70,194 |
| 6653 | 27 Part 70 |
| 6654—6655 | 26 Part 1 |
| 6656—6658 | 27 Part 70 |
| 6656 | 27 Part 25 |
| 6657 | 27 Part 194 |
| 6662 | 26 Part 1 |
| 6665 | 27 Part 70 |
| 6671—6672 | 27 Part 70 |
| 6676 | 26 Part 35a |

**26 U.S.C. (1986 I.R.C.) -- Continued  CFR**

| | |
|---|---|
| 27 Parts 19,24,25,197,270,285 | |
| 6689 | 26 part 301 |
| 6701 | 27 Part 70 |
| 6721 | 26 Part 35a |
| 6723 | 27 Part 70 |
| 6801 | 27 Part 70 |
| 6804 | 27 Part 250 |
| 6806 | 27 Parts 19, |
| | 22, 25,270,285, 290 |
| 6851 | 26 Part 1 |
| 6862—6863 | 27 Part 70 |
| 6867 | 26 Parts 1,301 |
| 6901 | 27 Part 70 |
| 7011 | 27 Parts 19, |
| | 22,24,25,70, 194, 270, 285,290 |
| 7025 | 27 Part 197 |
| 7101—7102 | 27 Part 250 |
| 7101 | 26 Part 403 |
| | 27 Parts72, 275 |
| 7102 | 27 Parts 70,250 |
| 7121—7122 | 27 Part 70 |
| 7207 | 27 Part 70 |
| 7209 | 27 Part 70 |
| 7212 | 27 Parts 170, |
| | 270, 275, 285, 290, 295,296 |
| 7213 | 27 Part 197 |
| 7214 | 27 Part 70 |
| 7216 | 26 Parts 1, 301 |
| 7302 | 27 Parts 24,252 |
| 7304 | 27 Part 70 |
| 7322—7327 | 26 Part 403 |
| 7322—7326 | 27 Part 72 |
| 7325 | 27 Parts 270,286 |
| 7326 | 27 Part 72 |
| 7327 | 27 Part 72 |
| 7342 | 27 Parts 24, |
| | 25,170, 270, 275, 285,290, 295, 296 |
| 7401 | 27 Part 70 |
| 7403 | 27 Part 70 |
| 7406 | 27 Part 70 |
| 7423—7426 | 27 Part 70 |
| 7429—7430 | 27 Part 70 |
| 7432 | 27 Part 70 |
| 7502—7503 | 27 Parts 24,70,270 |
| 7505—7506 | 27 Part 70 |
| 7510 | 27 Part 19 |
| 7513 | 27 Part 70 |
| 7519 | 26 Part 1 |
| 7520 | 26 Parts 1, 20,25,301 |
| 7601—7606 | 27 Part 70 |
| 7602 | 27 Parts 170,296  Summonses |
| 7606 | 27 Parts 24, |
| | 25, 170, 270, 275, 285, 290, 295, 296 |
| 7608 | 27 Parts 70, 170,296 |
| 7610 | 27 Part 70 |
| 7622—7623 | 27 Part 70 |
| 7624 | 26 Part 301 |
| 7651 et seq | 40 Part 76 |
| 7651—7652 | 27 Part 250 |
| 7652 | 27 Part 275 |
| 7653 | 27 Part 70 |
| 7654 | 26 Part 1 |
| 7701 | 26 Parts 1, 31,301 |
| 7804 | 26 Part 1 |
| 7805 | 20 Part 615 |
| | 26 Parts 1-3. |

# EXHIBIT "B"

# ADDITIONAL NOTIFICATION LETTER TO MICHELE QUIMBY

**EXIHIBIT "B" ( 4 PAGES )**

October 29, 2002

Ernest Esax
6319 12th St North
St .Petersburg, Fl 33702

Michele Quimby
Internal Revenue Service
9450 Roger Blvd
Room 201
St. Petersburg, Fl 33702

Re: Federal Tax Lien

Dear Ms. Quimby:

On or about September 30th, 2002 you had place a "NOTICE OF FEDERAL TAX LIEN" ON me at the Clerk of Circuit Court, Pinellas County, Clearwater, Fl, 34616 (copy enclosed ).

However 26 U.S.C. 6331 only authorizes the Secretary of the Treasury (or his Delegate) to send or file such a Notice. Also enclosed is my sworn Affidavit that was sent to the Clerk of Circuit Court.

I would like you to furnish me with a copy of you delegation order from the Secretary of the Treasury to perform such a duty.

Since you put a cloud on my title and undermined my ability to get credit I am putting you on notice that if you can not furnish me with the Secretary of the Treasury's delegation order to give you permission to place a Tax Lien on my Title and if it is not removed within 30 days of this letter I will be forced to take you to Court and sue you.

Yours truly;

Ernest Esax
124 30 9366

COPY

cc: Congressman Bill Young
cc: Senator Bill Nelson
cc: Senator Bob Graham
cc; Gov Jeb Bush
cc: Taxpayer Advocate Service

| Form 668 (Y)(c) (Rev. October 2000) | 1052 | Department of the Treasury - Internal Revenue Service |
|---|---|---|

# Notice of Federal Tax Lien

**Area:**
SMALL BUSINESS/SELF EMPLOYED AREA #5
**Lien Unit Phone: (904) 665-0813**

**Serial Number**

590207841

**For Optional Use by Recording Office**

● This Notice of Federal Tax Lien has been filed as a matter of public record.

● IRS will continue to charge penalty and interest until you satisfy the amount you owe.

● Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.

● See the back of this page for an explanation of your Administrative Appeal rights.

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

**Name of Taxpayer** ERNEST KNOX

**Residence**     6319 12TH ST N
ST PETERSBURG, FL 33702-7303

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1994 | 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 | 02/01/1999 | 03/03/2009 | 3681.27 |
| 1040 | 12/31/1995 | 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 | 02/01/1999 | 03/03/2009 | 1882.18 |
| 1040 | 12/31/1996 | 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 | 02/01/1999 | 03/03/2009 | 3310.89 |
| 1040 | 12/31/1997 | 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 | 12/25/2000 | 01/24/2011 | 3735.20 |
| 1040 | 12/31/1998 | 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 | 12/25/2000 | 01/24/2011 | 3151.12 |
| 6672 | 03/31/1994 | 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 | 05/29/1995 | 06/28/2005 | 31090.26 |
| 6672 | 09/30/1994 | 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 | 04/03/1995 | 05/03/2005 | 21994.54 |
| 6702 | 12/31/1996 | 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 | 03/23/1998 | 04/22/2008 | |
| 6702 | 12/31/1996 | 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 | 06/08/1998 | 07/08/2008 | |
| 6702 | 12/31/1996 | 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 | 06/15/1998 | 07/15/2008 | |
| 6702 | 12/31/1996 | 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 | 08/03/1998 | 09/02/2008 | 2026.47 |
| 6702 | 12/31/1998 | 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 | 10/04/1999 | 11/03/2009 | 500.00 |

**Place of Filing**

CLERK OF CIRCUIT COURT
PINELLAS COUNTY
CLEARWATER, FL  34616-5192

**Total · $**     71371.93

This notice was prepared and signed at _____ Jacksonville, FL _____ , on this,

the ___30th___ day of ___September___, 2002

**Signature**                                           **Title**

## PART IV

### FLORIDA UNIFORM FEDERAL LIEN REGISTRATION ACT

**713.901  Florida Uniform Federal Lien Registration Act.**

**713.901  Florida Uniform Federal Lien Registration Act.—**

(1)  SHORT TITLE.—This section may be cited as the "Florida Uniform Federal Lien Registration Act."

(2)  SCOPE.—This section applies only to federal tax liens and to other federal liens, notices of which, under any act of Congress or any regulation adopted pursuant thereto, are required or permitted to be filed in the same manner as notices of federal tax liens.

(3)  PLACE OF FILING.—

(a)  Notices of liens, certificates, and other notices affecting federal tax liens or other federal liens, notices of which, under any act of Congress or any regulation adopted pursuant thereto, are required or permitted to be filed in the same manner as notices of federal tax liens, must be filed in accordance with this section.

(b)  Notices of liens upon real property for obligations payable to the United States, and certificates and notices affecting the liens, shall be filed in the office of the clerk of the circuit court of the county in which the real property subject to the liens is situated. If by law the county recorder and custodian of the official records of a county is other than the clerk of the circuit court, a reference in this section to the clerk of the circuit court shall be deemed to be the county recorder so designated by law.

(c)  Notices of federal liens upon personal property, whether tangible or intangible, for obligations payable to the United States, and certificates and notices affecting the liens, shall be filed as follows:

1.  If the person against whose interest the lien applies is a corporation or a partnership whose principal executive office is in this state, as these entities are defined in the internal revenue laws of the United States, in the office of the Secretary of State.

2.  If the person against whose interest the lien applies is a trust that is not covered by subparagraph 1., in the office of the Secretary of State.

3.  If the person against whose interest the lien applies is the estate of a decedent, in the office of the Secretary of State.

4.  In all other cases, in the office of the clerk of the circuit court of the county where the person against whose interest the lien applies resides at the time of filing of the notice of lien.

(4)  EXECUTION OF NOTICES AND CERTIFICATES.—Certification of notices of liens, certificates, or other notices affecting federal liens by the Secretary of the Treasury of the United States or his or her delegate, or by any official or entity of the United States responsible for filing or certifying of notice of any federal lien, entities them to be filed, and no other attestation, certification, or acknowledgment is necessary.

(5)  DUTIES OF FILING OFFICER.—

(a)  If a notice of federal lien, a refiling of a notice of federal lien, or a notice of revocation of any certificate described in paragraph (b) is presented to a filing officer who is:

1.  The Secretary of State or his or her designee, he or she shall cause the notice to be marked, held, and indexed in accordance with the provisions of s. 679.403(4), as if the notice were a financing statement within the meaning of the Uniform Commercial Code.

2.  Any other officer described in subsection (3), he or she shall mark and index the notice or certificate the same manner as other instruments filed for recording in the official records.

(b)  If a certificate of release, nonattachment, charge, or subordination of any lien, or if a refiled notice of federal lien, is presented to the Secretary of State filing, he or she shall:

1.  Cause a certificate of release or nonattachment to be marked, held, and indexed as if the certificate were a termination statement within the meaning of the Uniform Commercial Code, but the notice of lien to which the certificate relates may not be removed from the files.

2.  Cause a certificate of discharge or subordination to be marked, held, and indexed as if the certificate were a release of collateral within the meaning of the Uniform Commercial Code.

3.  Cause a refiled notice of federal lien to be marked, held, and indexed as if the refiled notice were a continuation statement within the meaning of the Uniform Commercial Code.

(6)  FEES.—The charges or fees of the Secretary of State, with respect to a notice or certificate filed under this section, or for searching records with respect thereto, shall be the same as prescribed in ss. 16? and 679.402, for filing and indexing financing statements or other writings under chapter 679, and for searching records with respect thereto. The charges or fees of the clerks of the circuit court with respect to notice or certificate filed under this section shall be same as prescribed in s. 28.24, relating to instruments recorded in the official records.

(7)  UNIFORMITY OF APPLICATION AND CONSTRUCTION.—This section shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this section among the states enacting it.

History.—s. 1, ch. 92-28; s. 297, ch. 97-102.



# AFFIDAVIT

BE IT ACKNOWLEDGED , that I Ernest Enax of 6319 12th St. North, St. Petersburg, Florida, 33702 the undersigned deponent, being of legal age, do hereby depose and say under oath as follows:

1.      Revenue Officer, Michele Quimby, who sent out the Notice of Levy dated 10/21/2002 to The Chase Manhattan Bank was never authorized by the Secretary of the Treasury, pursuant to 26 U.S.C. 6331 (a), to send out such a notice.

2.      Revenue Officer Michele Quimby will not be able to produce a Delegation Order from the Secretary of the Treasury (see sample Delegation order attached) authorizing him/her to seize property in payment of income taxes.

3.      The Notice of Levy received by Michele Quimby is not a levy since no notice of seizure pursuant to 26 U.S.C. 6502 (b) (see statute and Notice of Seizures attached) was ever served upon Ernest Enax: therefore no "Levy," in this instance, was ever "made" as defined and identified in that statute.

I affirm that the foregoing is true to the best of my knowledge and belief.

Witness my hand under the penalties of perjury this 26. Day of October ,2002

State of Florida
County of Pinellas

On October 26 , 2002 before me, Ernest Enax personally appeared, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in on the instrument the person, or the entity upon behalf of which the WITNESS my hand and official seal.

SIGNATURE

STATE OF FLORIDA
COUNTY OF PINELLAS

The foregoing instrument was acknowledged before
this _____ day of _____, 20__
by _____
name of person acknowledged, and is person
known to me or who has produced _____
(type of identification) as identification and who did (did

# EXHIBIT "C"

# LETTER FROM TAXPAYER ADVOCATE ON BEHALF OF MICHELE QUIMBY

**EXIHIBIT "C" ( 3 PAGES )**



Department of the Treasury
Internal Revenue Service

841 Prudential Drive, Suite 100
Jacksonville, FL 32207
(904) 665-1050

Person to Contact: Susan Smith
Employee Number: 5904000
7:00 a.m. to 4:30 a.m.

Ernest Enax
6319 12th Street N
St. Petersburg, FL 33702

Date: July 31, 2002
Case Number: 2556147
Taxpayer Identification Number: 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

Tax Form(s): Trust Fund Recovery Penalty
            (IRC 6672), Civil Penalty
            (IRC 6702) & 1040
Tax Period(s) Ending: 12/31/1991,
            12/31/1993-1999,
            03/31/1994,
            09/30/1994-12/31/1996
            12/31/1994-12/31/1996,
            12/31/1996 & 12/31/2000

Dear Mr. Enax:

After reviewing your inquiry dated April 4, 2002, the following actions were taken:

- We sent you a refund in the amount of $365.52, that included $1.62 in taxable interest, because of erroneous levies we placed on your social security benefits. Since you had not had an opportunity to have a Collection Due Process hearing, the levies should not have been issued.

- I explained that the income you received on the Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRA's, Insurance Contracts, etc., from Sheet Metal Workers National Pension Fund was taxable. The company that issued the form listed the taxable amount in Box 2a. I also explained that if you thought this was an error on their part, you should contact them to send the Internal Revenue Service an amended copy to show the amount was not taxable. I have enclosed information from our Publication 525, Taxable and Nontaxable Income, that explains the rules for reporting disability pensions.

Letter 1266 (Rev. 01/2001)

2

- I arranged for you to have a Collection Due Process hearing with Revenue Officer, Mr. J. Feist, to review whether the Notices of Intent to Levy should be withdrawn. As we discussed, you have received his determination Letter 3194-c stating that collection activity on your account will resume unless you file a complaint with the United States District Court for a redetermination within 30 days of the date of his letter. This means that your social security benefits could be levied again and we will not be able to stop the levy or refund the proceeds.

- I explained that up to 85% of social security benefits may be taxable depending on the total income a taxpayer has and the enclosed copy of the Social Security Benefits Worksheet confirms that.

- We discussed the fact that Internal Revenue Code (IRC) Section 6331 (h) as prescribed by the Taxpayer Relief Act of 1997 (Public Law 105-34), Section 1024, authorizes the Internal Revenue Service to issue *continuous* levies on certain federal payments, which includes Social Security Administration benefits.

- Listed below are your balances as of August 5, 2002. Please note that there may be additional penalties and interest due on these tax periods.

  December 31, 1991 - $64,092.25 (Form 1040)
  December 31, 1993 - $24,121.45 (Form 1040)
  December 31, 1994 - $5,478.35 (Form 1040)
  December 31, 1995 - $2,781.02 (Form 1040)
  December 31, 1996 - $4,761.98 (Form 1040)
  December 31, 1997 - $4,188.44 (Form 1040)
  December 31, 1998 - $3,533.60 (Form 1040)
  December 31, 1999 - $3,194.47 (Form 1040)
  December 31, 2000 — Unknown — no return processed as of this date
  December 31, 2001 — Unknown — no return processed as of this date
  March 31, 1994 - $56,209.55 (Civil Penalty)
  September 30, 1994 - $40,379.71 (Civil Penalty)
  December 31, 1996 - $2,395.19 (Civil Penalty)
  December 31, 1998 - $622.96 (Civil Penalty)
  December 31, 2000 - $514.00 (Civil Penalty)

You may contact Revenue Officer, M. Quimby, at (727) 570-5500, extension 309, to discuss the resolution of these tax debts and receive a final pay-off figure for each tax period.

3

I'm closing your Inquiry in the Taxpayer Advocate Service.   I apologize for the amount of time it has taken to clear your account.  If you have any questions, please contact me Monday through Friday, at the telephone number and during the hours of operation listed above.  If you're outside the local calling area, there will be a charge for this call. If you prefer, you can write to me at the above address or reach me by fax at (904) 665-1876.  Please provide a telephone number where you can be reached and the best time to call you.

Thank you for your patience and cooperation while this was being resolved.  I sincerely apologize for any inconvenience this has caused you.

Sincerely,

Susan Smith

Susan Smith
Senior Associate Advocate

Enclosures

# EXHIBIT "D"

# THREATENING LETTER FROM MICHELE QUIMBY

**EXHIBIT "D" ( 1 PAGES )**




**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
Washington, DC  20224

SMALL BUSINESS / SELF-EMPLOYED DIVISION

Date: October 14, 2003

Mr. Ernest Enax
6319 12th St. N.
St. Petersburg, FL 33702

Dear Mr. Enax:

Mr. Enax I have enclosed a copy of a partial release of levy from social security. As you know, the levy was sent to your bank as well as social security.  Since I have already received partial payment from your bank, I am releasing most of the social security levy as shown on the attached release.  I am in the process now of looking into property you own in Greene County, NY for equity to determine if a seizure should be done on the property.  In addition, I will continue to levy all sources I can locate in order to pay your outstanding balance due.  The release enclosed does not imply that you are now in compliance. Please note that if you choose to cooperate and provide needed items, I can work with you to resolve this matter prior to any further enforcement.

If you have any questions or need more information, please contact me at the address or the telephone number listed below within the next ten days or no later than 10/24/2003.

Internal Revenue Service
9450 Koger Blvd., Room 201
St Petersburg, FL 33702
Phone#: (727)570-5500 ext 309
Fax#: 727 570-5511

Sincerely,

M. Quimby

Michele Quimby
Revenue Officer
Employee ID#: 5901218

# EXHIBIT "E"

# REPORT ON LIABILITY FOR THE INCOME TAX BY CHARLES F. CONCES

## REPORT CONCERNING LIABILITY OF CERTAIN US CITIZENS IN REGARD TO FEDERAL INCOME TAXES.

### The First Consideration – The Constitution

*The Constitution of the United States forbids the imposition by the federal government, a direct tax without apportioning it in accordance with the census. The first thing to consider then, is what constitutes a direct tax and what apportionment means.*

*The subject of what constitutes a direct tax has been addressed by the Supreme Court in several cases. We'll examine these cases and examine what the Court said concerning the 16th Amendment.*

*It must first be understood that there are some basic principles of law. One important principle is that because a case is old, does not mean that it is invalid or not reliable. It is exactly the opposite. An old case, which has never been successfully challenged nor overturned, is the best of all cases as having withstood the test of time.*

*There are other principles, which must be considered...such as... a person does not have to do what an IRS agent tells him to do, he only has to do what the law tells him to do. The law is expressed by Constitution, court ruling, statute, and regulation. The lowest on the pecking order is regulation. In order for a regulation to have the force and effect of law, it must cite a statute on which it is based. Sometimes a regulation is overturned by a court ruling on the basis that the regulation did not properly reflect the statute. There are 3 types of regulations; Interpretive, Procedural, and Legislative. An agency can have a regulation demanding that employees shine their shoes or wash their hands. These obviously would not have the force and effect of law but would only be a condition of employment. There are also interpretive regulations that guide the employees in their work. The last type of regulation is the legislative regulation, which has the force and effect of law by the citation of a statute or ruling on which it is based. At the end of each regulation, you will see a number of citations, such as a Treasury Department Decision, etc. The regulation must cite a statute, such*

1

as IRC sec. 6331, in order to have the force and effect of law and application to the general public.

So one of the main considerations which must become a part of your thinking would be to question any statement made by an IRS agent or government official as to whether a regulation has the force and effect of law. A Supreme Court case states a principle which, you would do well to remember…that is, if you accept an agent's statement concerning the law and if his statement is incorrect or deceptive, then you are taking a risk. DON'T take that risk!! Always ask to be shown the statute and regulation!!! That ruling was given in <u>Federal Crop Insurance Corp. v Merrill, 332 US 380-388</u> and has never been overturned.

"Only the rare taxpayer would be likely to know that he could refuse to produce his records to the IRS agents… Who would believe the ironic truth that the cooperative taxpayer fares much worse than the individual who relies upon his constitutional rights." US v Dickerson, 413 F.2d 1111, (1969)

Regulations are written by the various governmental agencies in order to carry out the laws passed by congress. If a regulation does not cite a specific court ruling, statute or other law, it does not have the force and effect of law. If a statute does not have an implementing regulation, it is a benign statute. Both of these conditions do occur. So CHECK, CHECK, CHECK.

The prohibitions against a direct tax are in Article 1, sec. 2, "Representatives and <u>direct taxes shall be apportioned</u> among the several States which may be included in this union, according to their respective Numbers…" and also in Article 1, sec. 9, "<u>No Capitation, or other direct, Tax shall be laid, unless in proportion to the Census</u> or Enumeration herein before directed to be taken." These 2 prohibitions were never repealed and remain in force in the main body of the Constitution. The income tax is a direct tax on an individual and must be levied under the rule of apportionment, according to the Supreme Court. However, there actually was levied an excise tax on corporations, in 1909 and later, which was measured by the size of their incomes and limited by their profits. That tax cannot be levied on an individual.

2

"Direct Taxes bear upon persons, upon possession and the enjoyment of rights; Indirect Taxes are levied upon the happening of an event." *Knowlton v. Moore, 178 US 41, 47 (1900).*

*A person's possessions include the money and assets in his possession, and thus would include his labor, as being his property and as ruled by the U.S. Supreme Court. The Court also ruled that a man's labor is inviolable and is a guaranteed right.*

"The property that every man has is his personal labor, as it is the original foundation of all other property so it is the most sacred and inviolable...to hinder his employing [it]...in what manner he thinks proper, without injury to his neighbor, is a plain violation of the most sacred property". <u>Butcher's Union Co. v. Cresent City Co.</u>, 111 US 746.

*Just what is an excise tax? "A tax laid upon the happening of an event, as distinguished from its tangible fruit, is an Indirect Tax which Congress undoubtedly may impose." [Tyler et. al., Administrators v. United States, 281 US 497, 502 (1930)].*

*It must be further said at this point that if the tax were being imposed as an excise tax on a natural person, why is the tax imposed not listed in subtitle E (Alcohol, tobacco, and certain excise taxes)?*

*There are more statements by the rulings of the Supreme Court but before we get into those, let me state the following... Excise taxes used to be commonly referred to as luxury taxes. The basis for that was that an excise tax was levied on an item of consumption or a privilege, which could be avoided by the buyer or subscriber. Very few people refer to excise taxes as luxury taxes anymore because the establishment would not want this concept to take root in the public mind. There are an awful lot of citizens who would disagree with the notion that the telephone or gasoline are not necessities of life and can be avoided, thereby rendering them as luxuries.*

*We will now look into the 16th Amendment. You most likely will be surprised at what you will discover.*

## The Second Consideration – The 16th Amendment

*The IRS claims that the 16th Amendment to the Constitution authorizes an income tax without apportionment. Well, that is only partially true. The Amendment only applies to corporate profits, not to an unincorporated individual.*

*First let me explain that there is a large group that is claiming that the 16th Amendment was never properly ratified and from what I know about it, they are correct. A man named Bill Benson from South Holland, Ill. went to every state in the union and got sworn affidavits on those who voted to ratify and those who didn't. Remember, in those days communications were slow and poor, so it was easy in 1913 to make honest mistakes and just as easy to deceive the public. Kentucky was listed as ratifying and according to the state records there was a switch in the numbers, something like 9 to 16 and these numbers were switched and Kentucky became listed as ratifying. You can get Benson's book – "The Law That Never Was".*

*There were many irregularities such as the change of punctuation or slight changes in wording in some states in order to get their legislators to ratify. Any change in wording or punctuation would have nullified ratification. In any case, there is a large group of people who are challenging the ratification process.*

*We can use this in our arguments but in court it would require that you produce all the necessary documents to prove your case. That's why we don't rely on it. (Note: The federal government cannot admit to their "mistake" because they have been fraudulently collecting the tax and fraudulently putting people in prison for many years. Fraud has no statute of limitations, and therefore people could demand their money back, going all the way back to the 2nd World War.)*

*After the 16th Amendment was passed in 1913, there were many cases that came before the US Supreme Court and various issues were decided concerning its legitimacy. The big question was whether the Amendment had overturned the limitations against a direct tax without apportionment, since the limitations on direct taxes remain in the Constitution. There was the Pollack case that had set precedent before the 16th Amendment was passed. Pollock came before the court in 1895 and argued what an indirect and direct tax were. It overturned the*

4

*1894 income tax act because of lack of apportionment. So you can see that the apportionment provision is very important.*

*In 1909, a corporate excise tax was passed and was ruled as meeting the requirement of uniformity for excise taxes. The court said that the apportionment requirement was not needed because it was an excise tax on the privilege of incorporating, and the size of the excise tax was measured by the size of the corporate profit. Therefore, it was ruled that it was not a tax on the income of the corporation and was, in actuality, an indirect or excise tax. Note here that it was a privilege to incorporate and that privilege carried some advantages with it. Therefore the excise tax could be avoided by not incorporating. That allowed it to fall into the category of excise or LUXURY tax. Also note that the tax was only allowed on corporations and not on individuals. Corporate officers were obligated to ensure that the corporation paid the tax but the tax was not imposed on the individual officers.*

STRATTON'S INDEPENDENCE, LTD. v. HOWBERT, 231 U.S. 399 (1913):

"Evidently Congress adopted the income as the measure of the tax to be imposed with respect to the doing of business in corporate form because it desired that the excise should be imposed, approximately at least, with regard to the amount of benefit presumably derived by such corporations from the current operations of the government. In Flint v. Stone Tracy Co. 220 U.S. 107, 165 , 55 S. L. ed. 107, 419, 31 Sup. Ct. Rep. 342, Ann. Cas. 1912 B. 1312, it was held that Congress, in exercising the right to tax a legitimate subject of taxation as a franchise [231 U.S. 399, 417] or privilege, was not debarred by the Constitution from measuring the taxation by the total income, although derived in part from property which, considered by itself, was not taxable."

*So now it can be seen that Property (a person's labor or wages), considered by itself, is not taxable.*

*The Sixteenth Amendment states, "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or*

enumeration." If you are not aware of the definition of the word "income" given by the US Supreme Court, it will appear as though the 16th Amendment cancelled out the two taxing clauses in the main body of the Constitution.

In <u>Brushaber</u>, the Court stated the several contentions being made in the case and ruled:

"... the contentions under it (the 16th Amendment), if acceded to, would cause one provision of the Constitution to destroy another; that is, they would result in bringing the provisions of the Amendment exempting a direct tax from apportionment into irreconcilable conflict with the general requirement that all direct taxes be apportioned. ... This result, instead of simplifying the situation and making clear the limitations on the taxing power ... would create radical and destructive changes in our constitutional system and multiply confusion."

The High Court was faced with coming up with a resolution between the apparent conflict between the two taxing clauses in the main body of the Constitution and the 16th Amendment. It didn't have the power to overturn those two taxing clauses but it did have the power to overturn the 16th Amendment as being unconstitutional. It chose to limit the authority of the 16th Amendment by placing limitations on the word "income" in the 16th Amendment. You will see in the following cases where the Court made this limitation as being an indirect tax (excise tax) placed on an activity or privilege of incorporation and consequent activities as a corporation, the size of such excise tax being measured by the size of the corporate profit. The word "income" was ruled as having no other meaning than as being an indirect (excise) tax, the same as was levied by the 1909 corporate tax act.

A number of other cases came up after the 16th Amendment was allegedly passed in 1913, and <u>they all remained consistent</u> and only had to reconcile minor differences, such as mining as opposed to manufacturing. This is where the crux of the matter lies for us and the income tax. All these courts clearly ruled, especially MERCHANT'S LOAN & TRUST CO. v SMIETANKA, 255 US 509 (1921), that the word "income" had a specific legal meaning in the 16th Amendment. They further pointed to STRATTON'S INDEPENDENCE, LTD. v

*HOWBERT, 231 US 399 (1913) as the ruling that defined the word "income" in the 16th Amendment.*

*Here is what* <u>*STRATTON'S*</u> *says:*

"As has been repeatedly remarked, the corporation tax act of 1909 was not intended to be and is not, in any proper sense, an income tax law. This court had decided in the Pollack Case that the income tax law of 1894 amounted in effect to a direct tax upon property, and <u>was invalid because not apportioned according to populations</u>, as prescribed by the Constitution. The act of 1909 avoided this difficulty by imposing not an income tax, but an excise tax upon the conduct of business in a corporate capacity, measuring, however, the amount of tax by the income of the corporation."

*The important key is* "upon the conduct of business in a corporate capacity". *So the court is saying that*

1) *income taxes are direct taxes because they tax the income of the individual,*

2) *corporate income taxes are not taxes on the corporation's income but an excise tax measured by the size of the corporation's income, and*

3) *any true federal income tax would be unconstitutional, if not apportioned.*

*The only way they could come close to levying a tax on corporations would be to levy an excise and not an income tax. Well ... Can they levy an excise tax, measured by the size of your earnings, on your salary? Do you have the same choice, that is required to levy an excise tax, that a corporation has, that is, to work or not to work? No. You have to work to feed yourself and your family, etc. and, in no way, is the right to work a privilege. Remember that government officials and their official literature state that the income tax is voluntary. Further, the head of the ATF officially testified, under oath before Congress in 1954, that the income tax was 100% voluntary. He was never charged with perjury nor did any member of Congress challenge his oath statement.*

*Next, we'll deal more in these court cases and the 16th Amendment.*

## THE THIRD CONSIDERATION

## THE INCOME TAX and THE 16TH AMENDMENT

*Next, we get into some Supreme Court rulings and a discussion of direct vs. indirect taxes. These rulings are a part of our "common law".*

*POLLACK v FARMERS' LOAN & TRUST CO., 157 US 429 (1895) made the following rulings:*

*Quoting the Constitution –* "No capitation, or other direct, tax shall be laid, unless in proportion to the census...." *We discussed this previously.*

"If", *ruled Chief Justice Marshall,* "both the law and the constitution apply to a particular case, so that the court must either decide that case conformably to the law, disregarding the constitution, or conformably to the constitution, disregarding the law, the court must determine which of these conflicting rules governs the case." *And the chief justice added that the doctrine* "that courts must close their eyes on the constitution, and see only the law, would subvert the very foundation of all written constitutions." Thus, the Constitution must govern the law.

Speaking *of the 1894 tax, POLLACK stated,* "...that such tax is a direct tax, and void because imposed without regard to the rule of apportionment; and that by reason thereof the whole law is invalidated." *Second,* "That the law is invalid, because imposing indirect taxes in violation of the constitutional requirement of uniformity, and therein also in violation of the implied limitation upon taxation that all tax laws must apply equally, impartially, and uniformly to all similarly situated."

*Comment: As the court ruled, there are two great classes of taxation authorized under the constitution, direct – under the rule of apportionment and indirect – under the rule of uniformity. The corporate income tax is an indirect (excise) tax while the individual income tax is a direct tax, which must be apportioned. The two differ in nature, character, and application.*

*Since the 1894 tax and the present individual income tax are both done without apportionment, they are unconstitutional if they are direct taxes AND IF THEY ARE MANDATORY. The 1894 tax was ruled invalid, so how about our present day individual income tax. We will look at the Supreme Court's rulings on the 16th Amendment and whether it had any effect on the Apportionment requirement.*

*The IRS is obliged, therefore, to answer this question in specific detail and without evasive answers.*

*Pollack further stated:* "As to the states and their municipalities, this (contributions to expense of government) is reached largely through the imposition of direct taxes. As to the federal government, it is attained in part through excises and indirect taxes upon luxuries and consumption generally, to which direct taxation may be added to the extent the rule of apportionment allows." *And* "If, by calling a tax indirect when it is essentially direct, the rule of protection could be frittered away, one of the great landmarks defining the boundary between the nation and the states of which it is composed, would have disappeared, and with it one of the bulwarks of private rights and private property."

*Comment: This ruling maintains the distinction between types of state and federal taxation as being important and necessary. Also notice the description of excise (indirect) taxes as taxes on "luxuries and consumption." I mentioned previously that these indirect taxes fall on the sales of luxuries and consumer goods, which can be avoided. Also the ability to avoid these indirect taxes by not purchasing taxed products or by not seeking a corporate privilege, is necessary to the conditions required by Pollack. Also privileges, such as incorporation, are taxable because they are avoidable and are therefore voluntary. Where have we heard that word "voluntary" before? The IRS gives notice to you each time that it refers to "voluntary compliance".*

*FLINT v STONE TRACY, 220 US 107 (1911):*
*This case defines excise taxes, in case you wonder if the government can impose an excise tax on your salary or wages.* "Excises are 'taxes laid upon the manufacture, sale, or consumption of <u>commodities</u> within the country, upon <u>licenses</u> to pursue certain occupations, and upon <u>corporate privileges</u>.' Cooley, Const. Lim. 7[th] ed. 680."

*MERCHANTS' LOAN & TRUST CO. v SMIETANKA, 255 US 509 (1921):*

*Now let's zip forward to Smietanka in 1921, 8 years after the 16th Amendment was passed. It's ruling is only 5 pages and is very clear.*

"The Corporation Excise Tax Act of August 5, 1909, was not an income tax law, but a definition of the word 'income' was so necessary in its administration..."

"It is obvious that these decisions in principle rule the case at bar if the word 'income' has the same meaning in the Income Tax Act of 1913 that it had in the Corporation Excise Tax Act of 1909, and that it has the same scope of meaning was in effect decided in Southern Pacific v Lowe..., where it was assumed for the purpose of decision that there was no difference in its meaning as used in the act of 1909 and in the Income Tax Act of 1913. There can be no doubt that the word must be given the same meaning and content in the Income Tax Acts of 1916 and 1917 that it had in the act of 1913. When we add to this, Eisner v Macomber...the definition of 'income' which was applied was adopted from Stratton's Independence v Howbert, supra, arising under the Corporation Excise Tax Act of 1909... there would seem to be no room to doubt that the word must be given the same meaning in all the Income Tax Acts of Congress that was given to it in the Corporation Excise Tax Act, and that what that meaning is has now become definitely settled by decisions of this Court."

*Comment: So the word "income" has the same meaning after the 16th Amendment was passed as it did prior to passage in 1913. Since that time, has there ever been an overturning of this decision which was definitely settled by that Supreme Court decision in 1921? If the IRS cannot show that the decision of the Court was overturned, then its claim fails.*

*All these rulings were made to establish to the meaning of the word 'income' in the 16th Amendment. We're not yet done. We have to look to Stratton's. We have, however, learned that it has the same meaning as applied to an EXCISE tax and it somehow has to do with corporations.*

*STRATTON'S INDEPENDENCE, LTD. v HOWBERT, 231 US 399 (1913):*
*Stratton's is very important in that it puts a firmer definition on the word income.*

"As has been repeatedly remarked, the corporation tax act of 1909 was not intended to be and is not, in any proper sense, an income tax law. This court had decided in the Pollock Case that the income tax law of 1894 amounted in effect to a direct tax upon property, and was invalid because not apportioned according to populations, as prescribed by the Constitution. The act of 1909 avoided this difficulty by imposing not an income tax, but an excise tax upon the conduct of business in a corporate capacity, measuring, however, the amount of tax by the income of the corporation, with certain qualifications prescribed by the act itself."

"Moreover, the section imposes ' a special excise tax with respect to the carrying on or doing business by such corporation,' etc..."

"Corporations engaged in such business share in the benefits of the federal government, and ought as reasonably to contribute to the support of that government as corporations that conduct other kinds of profitable business."

"... the annual gains of such corporations are certainly to be taken as <u>income</u> for the purpose of measuring the amount of the tax."

*Comment: So you see, the word 'income' only applied to corporations, acting in a corporate capacity, which freely entered into a contract with the federal government to incorporate and were free to not incorporate or to rescind their incorporation. It was an excise tax and was indirect and was imposed on a privilege or luxury.*

*Does the government claim that the 16th Amendment with its word 'income' imposes the same conditions on your wages and salaries? Yes and no. It has never claimed to be imposing an excise tax on your earnings, measured by the size of your wages. Excise taxes cannot be imposed on an individual or his property. They do claim, however that they are imposing a voluntary tax on your earnings. That voluntary tax cannot fall under indirect or excise tax definitions. It, therefore, must be imposed as a direct tax, without the apportionment provision, which would make it unconstitutional or outside of the limitations provided, except in the case of an American citizen working overseas or a foreigner working in the US ...OR... a US citizen who voluntarily pays the tax. Your withholding does not*

fall under either class of federal taxation under the constitution but is legal only if you volunteer.

The Apportionment provision of the Constitution has never been repealed and still stands in the main body of the Constitution. When Prohibition was repealed, the Congress actually passed a measure repealing it, and they did not do anything similar to repeal in regard to Apportionment.

Understanding that the income tax is voluntary, is crucial to the understanding as to why it is constitutional, that is, not authorized by the constitution but simply permitted if it is voluntarily undertaken between government and citizen.

### Fourth Consideration – SUPREME COURT CASES

Previously, we focused on 3 court rulings; Pollack, Stratton's Independence, and Smietanka. Those 3 rulings, alone, destroy the federal government's claim that the 16th Amendment authorized an income tax on individuals and unincorporated businesses. Now, some of you may object on the grounds that perhaps we're not telling the whole story or perhaps we have been reading these cases wrongly. Now it is time to lock that argument up. Let's look at numerous other US Supreme Court cases.

EVANS v GORE, 253 US 245 (1920):
"If the tax in respect of his compensation be prohibited, it can find no justification in the taxation of other income as to which there is no prohibition; for, of course, doing what the Constitution permits gives no license to do what it prohibits."

"Does the Sixteenth Amendment authorize and support this tax and the attendant diminution; that is to say, does it bring within the taxing powers subjects theretofore excepted? The court below answered in the negative; and counsel for the government say: 'It is not, in view of recent decisions, contended that this amendment rendered anything taxable as income that was not so taxable before'."

*Comment: Even the government is not claiming, in view of those recent decisions, that it can levy a direct tax without apportionment. Remember that this was 7 years after the 16th Amendment was passed.*

FLORA v US, 362 US 145 (1960):

"Our system of taxation is based upon voluntary assessment <u>and</u> payment, not upon distraint."

*Comment: Definition of distraint in the legal dictionary, "to seize a person's goods as security for an obligation."*

STANTON v BALTIC MINING CO., 240 US 103 (1916):

"Not being within the authority of the 16th Amendment, the tax is therefore, within the ruling of Pollack… a direct tax and void for want of compliance with the regulation of apportionment."

"…it manifestly disregards the fact that by the previous ruling it was settled that the provisions of the 16th Amendment conferred no new power of taxation.."

"…it was settled in Stratton's Independence… that such tax is not a tax upon property… but a true excise levied on the result of the business.."

*Comment: The first quote here deals with the fact that the 16th Amendment authorizes an excise tax on corporations and that the Apportionment provision was still active after the passage of the 16th Amendment. In other words, if the tax had been an excise tax covered under the 16th Amendment, it could be considered Constitutional for that reason.*

BRUSHABER v UNION PACIFIC R. CO., 240 US 1 (1916):

"…the confusion is not inherent, but rather arises from the conclusion that the 16th Amendment provides for a hitherto unknown power of taxation; that is, a power to levy an income tax which, although direct, should not be subject to the regulation of apportionment applicable to all other direct taxes. And the far-reaching effect of this <u>erroneous</u> assumption *will be made clear by generalizing the many contentions advanced in argument to support it, as follows: (a) The*

Amendment authorizes only a particular character of direct tax without apportionment, and therefore <u>if a tax is levied under its assumed authority which does not partake of the characteristics exacted by the Amendment, it is outside of the Amendment</u>, and is void as a direct tax in the general constitutional sense because not apportioned. (b) As the Amendment authorizes a tax only upon incomes 'from whatever source derived,' the <u>exclusion from taxation of some income of designated persons and classes is not authorized</u>, and hence the constitutionality of the law must be tested by the general provisions of the Constitution as to taxation, and thus again the tax is void for want of apportionment. (c) As the right to tax 'incomes from whatever source derived' for which the Amendment provides <u>must be considered as exacting intrinsic uniformity, therefore no tax comes under the authority of the Amendment not conforming to such standard</u>, and hence all the provisions of the assailed statute must once more be tested solely under the general and pre-existing provisions of the Constitution, causing the statute again to be void in the absence of apportionment."

"...the whole purpose of the Amendment was to relieve all income taxes <u>when imposed from apportionment</u> from a consideration of the source..."

"...on the contrary shows that it was drawn with the object of maintaining the limitations of the Constitution and harmonizing their operation."

Comment: The first quote states that it is erroneous to believe that a power to levy an income tax, without Apportionment, was granted by the 16th Amendment.

PECK v LOWE, 247 US 165 (1918):

"As pointed out in recent decisions, it does not extend the taxing power to new or excepted subjects..."

Comment: Here the Court is not only saying that the 16th Amendment conferred no new powers of taxation, but also that the 16th Amendment did not authorize that taxing powers be extended to any new persons.

EISNER v MACOMBER, 252 US 189 (1920):

14

"The 16th Amendment must be construed in connection with the taxing clauses of the original Constitution and the effect attributed to them before the amendment was adopted."

"As repeatedly held, this did not extend the taxing power to new subjects..."

"...it becomes essential to distinguish between what is and is not 'income', as the term is there used.."

"...we find little to add to the succinct definition adopted in two cases arising under the Corporation Tax Act of 1909...(Stratton's and Doyle)"

*Doyle v. Mitchell Bros., 247 U.S. 179 (1918):*

"An examination of these and other provisions of the Act (The 16th Amendment) make it plain that the legislative purpose was not to tax property as such, or the mere conversion of property, but to tax the conduct of the business of corporations organized for profit upon the gainful returns from their business operations."

*Comment: The "conversion of property" mentioned, applied to work/property converted to remuneration.*

*Smietanka as in the 3rd consideration of my Report states:*

"There would seem to be no room to doubt that the word 'income' must be given the same meaning in all of the Income Tax Acts of Congress that was given to it in the Corporation Excise Tax Act, and what that meaning is has now become definitely settled by decisions of this Court."

*Bowers v. Kerbaugh-Empire, 271 U.S. 170 (1926):*

"Income has been taken to mean the same thing as used in the Corporation Excise Tax Act of 1909, in the 16th Amendment, and in the various revenue acts subsequently passed."

*Helvering v. Edison Brothers' Stores 8 Cir. 133 F2d 575 (1943):*

"The Treasury cannot by interpretive regulation make income of that which is not income within the meaning of the revenue acts of Congress, <u>nor can Congress,</u>

<u>without apportionment, tax that which is not income</u> within the meaning of the 16th Amendment."

*Southern Pacific Co. v. Lowe, 247 U.S. 330 (1918):*

"We must reject in this case, as we have rejected in cases arising under the Corporation Excise Tax Act of 1909, the broad contention submitted on behalf of the government that all receipts, everything that comes in, are income within the proper definition of the term 'gross income'. Certainly the term 'income' has no broader meaning in the Income Tax Act of 1913 than in that of 1909, and for the present purpose we assume there is no difference in its meaning as used in the two acts."

*Comment: If the word "income" in the 16th Amendment has a strictly limited meaning, stated in Stratton's Independence, then the 16th Amendment cannot be properly understood unless that definition, with it's limitations, is taken into account.*

*Now I wish to explain one set of claims that the IRS makes. They say that section 61 or section 63 of the Internal Revenue Code provides the definition of "income" that applies equally to individuals and corporations. Could it ever be possible that the same definition would apply to a corporation excise tax and equally so to a direct tax on an individual's wages? Since the tax imposed on a corporation was ruled to be an indirect tax and an excise tax imposed on a corporate activity, the question must be raised as to which of the two classes of taxation authorized by the Constitution is imposed on an individual? Is it an excise tax imposed on a privilege of incorporation? An individual does not partake in that privilege. And since the tax imposed on corporations' income, as a direct tax, was invalid due to lack of Apportionment and applies equally to the individual, the individual and his property also cannot be taxed directly due to lack of Apportionment.*

*Further, the Supreme Court affirmed the previous cases in 1976, in <u>U.S. v. Ballard</u>, 535 F2d 400: "Gross income and not 'gross receipts' is the foundation of*

16

income tax liability..." *Here the Court makes a distinction between the two and the distinction is based on the word "income" as previously decided by the Court.*

*There is also the fact that the Supreme Court has ruled that "income" is not defined in the Internal Revenue Code, as stated below:*

EISNER v MACOMBER, 252 US 189 (1920):

"In order, therefore, that the clauses cited from article 1 of the Constitution may have proper force and effect, save only as modified by the amendment, and that the latter also may have proper effect, it becomes essential to distinguish between what is and what is not 'income,' as the term is there used, and to apply the distinction, as cases arise, according to truth and substance, without regard to form. <u>Congress cannot by any definition it may adopt conclude the matter, since it cannot by legislation alter the Constitution,</u> from which alone it derives its power to legislate, and within whose limitations alone that power can be lawfully exercised."

*This can be explained by the "sources of income" rulings by the Court. It is not necessary to go into those arguments in depth. It is only necessary to understand that 'income' is a separate item from the sources of that income. A source of income can be wages, by which an employer derives an income. As an example, an employer may earn a profit from the leasing out of his employees or using his employees to earn an income.*

*Ballard gives us two useful explanations:*

At 404, "The general term 'income' is not defined in the Internal Revenue Code." *This is so because the only legal definition of "income" was given by the U.S. Supreme Court in previous rulings.*

At 404, *Ballard further ruled that* "... 'gross income' means the total sales, less the cost of goods sold, plus any income from investments and from incidental or outside operations or sources." (*For illustrative purpose, suppose you worked for an employer and received wages for producing widgets, and shortly after you began working there, there was a fire, destroying all the widgets that you had produced. Thereafter, the company went out of business, and it is obvious that*

there was no "gross income" under this *Ballard* ruling, because there were no sales.)

The above Court rulings leaves us with only the one alternative. The individual income tax, unless it is imposed from the rule of Apportionment, falls outside the authorized taxation powers granted by the Constitution, it being a direct tax on an individual's property. The only way it can possibly be legal is if it is *voluntary*.

Dwight E. Davis, Head of the Alcohol, Tobacco, and Firearms Bureau of Internal Revenue testified under oath before Congress ( 2/3/53 – 2/13/53 ) "Let me point this out now. This is where the structure differs. Your income tax is a 100% voluntary tax and your liquor tax (A.T.F.) is a 100% enforced tax. Now the situation is as different as night and day. Consequently, your same rules simply will not apply."

These cases are all a person would need to be exempt from the income tax if he didn't volunteer. It can be shown that the statutes reflect the voluntary nature of the income tax. The mandatory nature of the statutes, which are listed in the Internal Revenue Code, are missing and have been missing since 1954. There is no statute that causes the average individual to be liable for the income tax and no regulation that implements any such alleged statute.

A final court ruling is in order at this point.

"(A) statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." *Connally v General Construction Co., 269 US 385, 391 (1926).*

We are left, inescapably, with these conclusions. The federal income tax is imposed as a 100% voluntary tax, except in regard to corporations, which are engaged in a taxable corporate activity. The individual is free to volunteer or not volunteer to pay the direct tax imposed without apportionment. The income tax is constitutional, but only because it is voluntary. The income tax on the individual, who lives and works in the 50 states, is not authorized by the Constitution and falls into the category of permitted taxation, done freely and voluntarily.

## *SUMMARY POINTS*

►The individual income tax is a direct tax subject to apportionment.

►The corporate 'income' tax is an indirect tax, not subject to apportionment.

►The 16th amendment only applies to 'income' as defined by the US Supreme Court, as pertaining only to corporations.

► The word 'income' is not defined in the Internal Revenue Code.

► The 16th amendment did not authorize any new taxing powers.

► The 16th amendment kept the corporate excise tax in the category of indirect tax and did not affect the apportionment requirement of the Constitution.

*End of Report*

*Research and conclusions have been done by Charles F. Conces and are based in part on research done by others who have studied these issues and case laws. Mr. Conces can be reached at (269) 964-7025 if any questions arise. Mr. Conces knows that this report is being widely circulated and asks that anyone who has knowledge of a contrary nature, contact Mr. Conces so that any necessary changes can be incorporated into this report.*

# EXHIBIT "F"

# NOTICES OF FEDERAL TAX LIEN COPIES

**Form 668 (Y)(c)**
(Rev. October 2000)

1008

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #5<br>Lien Unit Phone: (954) 423-7789 | Serial Number<br><br>106151303 | For Optional Use by Recording Office<br>03-187883 APR-28-2003 11:13am<br>PINELLAS CO BK 12700 PG 2198 |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

PAGES  /
ACCT  /00100
REC  6-
DR219
DS
INT
FEES  X
MTF
P/C
REV
A.H.
TOTAL  6-
CK BAL
CHG AMT  6-

Name of Taxpayer  ERNEST ENAX

Residence          6319 12TH ST N
                   ST PETERSBURG, FL 33702-7303

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1999 | 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 | 03/18/2002 | 04/17/2012 | 3032.87 |

Place of Filing

CLERK OF CIRCUIT COURT
PINELLAS COUNTY
CLEARWATER, FL 34616-5192

Total  $       3032.87

This notice was prepared and signed at _____ JACKSONVILLE, FL _____ on this,

the ____16th____ day of ____April____, ____2003____.

RETURN TO

INTERNAL REVENUE SERVICE
STOP 5750 ATTN: LIENS
550 WATER STREET #701
JACKSONVILLE, FL 32202

| Signature  Deborah J Macmillan<br>for MICHELE QUIMBY | Title<br>REVENUE OFFICER<br>(727) 570-5500 x3090 | 25-09-2923 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X

**EXHIBIT "F" ( 3 PAGES )**

| | 1052 | |
|---|---|---|
| **Form 668 (Y)(c)** (Rev. October 2000) | | Department of the Treasury - Internal Revenue Service<br>**Notice of Federal Tax Lien** |

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #5<br>Lien Unit Phone: (904) 665-0813 | Serial Number<br><br>590207841 | For Optional Use by Recording Office<br>02-373847 OCT- 8-2002 9:37M<br>PINELLAS CO BK 12267 PG 372 |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

| | |
|---|---|
| PAGES | 1 |
| ACCT | 180.00 |
| REC | 6.00 |
| DP219 | |
| DS | |
| INT | R |
| FEES | R |
| MTF | |
| P/C | |
| REV | |
| TOTAL | 6.00 |
| CK BAL | |
| HG AMT | |

Name of Taxpayer ERNEST ENAX

Residence      6319 12TH ST N
ST PETERSBURG, FL 33702-7303

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period Ending<br>(b) | Identifying Number<br>(c) | Date of Assessment<br>(d) | Last Day for Refiling<br>(e) | Unpaid Balance of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1994 | 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 | 02/01/1999 | 03/03/2009 | 3681.27 |
| 1040 | 12/31/1995 | 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 | 02/01/1999 | 03/03/2009 | 1882.18 |
| 1040 | 12/31/1996 | 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 | 02/01/1999 | 03/03/2009 | 3310.89 |
| 1040 | 12/31/1997 | 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 | 12/25/2000 | 01/24/2011 | 3735.20 |
| 1040 | 12/31/1998 | 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 | 12/25/2000 | 01/24/2011 | 3151.12 |
| 6672 | 03/31/1994 | 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 | 05/29/1995 | 06/28/2005 | 31090.26 |
| 6672 | 09/30/1994 | 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 | 04/03/1995 | 05/03/2005 | 21994.54 |
| 6702 | 12/31/1996 | 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 | 03/23/1998 | 04/22/2008 | |
| 6702 | 12/31/1996 | 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 | 06/08/1998 | 07/08/2008 | |
| 6702 | 12/31/1996 | 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 | 06/15/1998 | 07/15/2008 | |
| 6702 | 12/31/1996 | 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 | 08/10/1998 | 09/02/2008 | 2026.47 |
| 6702 | 12/31/1998 | 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 | 10/04/1999 | 11/03/2009 | 500.00 |

Place of Filing

     CLERK OF CIRCUIT COURT
     PINELLAS COUNTY          Total $      71371.93
     CLEARWATER, FL 34616-5192

This notice was prepared and signed at    Jacksonville, FL    , on this,

the    30th    day of    September    2002

RETURN STOP 5750 SPF/LIENS
INTERNAL REVENUE SERVICE
400 W BAY ST STE 35045
JACKSONVILLE FL 32202-4437

| Signature<br>*Deborah J. Macmillan*<br>for MICHELE QUIMBY | Title<br>REVENUE OFFICER      25-09-2923<br>(727) 570-5500 x3090 |
|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X

**EXHIBIT "F" ( 3 PAGES )**

| | 1052 | |
|---|---|---|
| **Form 668 (Y)(c)** (Rev. October 2000) | Department of the Treasury - Internal Revenue Service **Notice of Federal Tax Lien** | |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #5 Lien Unit Phone: (904) 665-0813 | Serial Number 590209138 | For Optional Use by Recording Office 02-414130 NOV- 5-2002 11:35AM PINELLAS CO BK 12328 PG 1937 |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer ERNEST ENAX

Residence      6319 12TH ST N
               ST PETERSBURG, FL 33702-7303

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 6702 | 12/31/2000 | 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 | 02/18/2002 | 03/19/2012 | 500.00 |

| Place of Filing | | |
|---|---|---|
| CLERK OF CIRCUIT COURT PINELLAS COUNTY CLEARWATER, FL 34616-5192 | Total $ | 500.00 |

This notice was prepared and signed at _____ Jacksonville, FL _____ , on this,

the ___28th___ day of ___October___ , ___2002___ .

TOP 5750 SPF/LIENS
INTERNAL REVENUE SERVICE
400 W BAY ST STE 35045
JACKSONVILLE FL 32202-442

| Signature *Deborah L. Macmillan* for MICHELE QUIMBY | Title REVENUE OFFICER (727) 570-5500 x3090      25-09-2923 |
|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X

# EXHIBIT "G"

# INTERNAL REVENUE CODE SECTION 7608

## United States Code - Title 26

### § 7608. Authority of internal revenue enforcement officers

- (a) Enforcement of subtitle E and other laws pertaining to liquor, tobacco, and firearms
  Any investigator, agent, or other internal revenue officer by whatever term designated, whom the Secretary charges with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of subtitle E or of any other law of the United States pertaining to the commodities subject to tax under such subtitle for the enforcement of which the Secretary is responsible may -
  - (1) carry firearms;
  - (2) execute and serve search warrants and arrest warrants, and serve subpoenas and summonses issued under authority of the United States;
  - (3) in respect to the performance of such duty, make arrests without warrant for any offense against the United States committed in his presence, or for any felony cognizable under the laws of the United States if he has reasonable grounds to believe that the person to be arrested has committed, or is committing, such felony; and
  - (4) in respect to the performance of such duty, make seizures of property subject to forfeiture to the United States.
- (b) Enforcement of laws relating to internal revenue other than subtitle E
  - (1) Any criminal investigator of the Intelligence Division or of the Internal Security Division of the Internal Revenue Service whom the Secretary charges with the duty of enforcing any of the criminal provisions of the internal revenue laws, any other criminal provisions of law relating to internal revenue for the enforcement of which the Secretary is responsible, or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service, is, in the performance of his duties, authorized to perform the functions described in paragraph (2).
  - (2) The functions authorized under this subsection to be performed by an officer referred to in paragraph (1) are -
    - (A) to execute and serve search warrants and arrest warrants, and serve subpoenas and summonses issued under authority of the United States;
    - (B) to make arrests without warrant for any offense against the United States relating to the internal revenue laws committed in his presence, or for any felony cognizable under such laws if he has reasonable grounds to believe that the person to be arrested has committed or is committing any such felony; and
    - (C) to make seizures of property subject to forfeiture under the internal revenue laws.
- (c) Rules relating to undercover operations
  - (1) Certification required for exemption of undercover operations from certain laws
    With respect to any undercover investigative operation of the Internal Revenue Service (hereinafter in this subsection referred to as the "Service") which is

necessary for the detection and prosecution of offenses under the internal revenue laws, any other criminal provisions of law relating to internal revenue, or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service -

- (A) sums authorized to be appropriated for the Service may be used -
    - (i) to purchase property, buildings, and other facilities, and to lease space, within the United States, the District of Columbia, and the territories and possessions of the United States without regard to - (I) sections 1341 and 3324 of title 31, United States Code, (II) sections 11(a) and 22 of title 41, United States Code, (III) section 255 of title 41, United States Code, (IV) section 34 of title 40, United States Code, and (V) section 254(a) and (c) (FOOTNOTE 1) of title 41, United States Code, and (FOOTNOTE 1) See References in Text note below.
    - (ii) to establish or to acquire proprietary corporations or business entities as part of the undercover operation, and to operate such corporations or business entities on a commercial basis, without regard to sections 9102 and 9103 of title 31, United States Code;
  - (B) sums authorized to be appropriated for the Service and the proceeds from the undercover operations may be deposited in banks or other financial institutions without regard to the provisions of section 648 of title 18, United States Code, and section 3302 of title 31, United States Code, and
  - (C) the proceeds from the undercover operation may be used to offset necessary and reasonable expenses incurred in such operation without regard to the provisions of section 3302 of title 31, United States Code. This paragraph shall apply only upon the written certification of the Commissioner of Internal Revenue (or, if designated by the Commissioner, the Deputy Commissioner or an Assistant Commissioner of Internal Revenue) that any action authorized by subparagraph (A), (B), or (C) is necessary for the conduct of such undercover operation.
- (2) Liquidation of corporations and business entities
  If a corporation or business entity established or acquired as part of an undercover operation under subparagraph (B) of paragraph (1) with a net value over $50,000 is to be liquidated, sold, or otherwise disposed of, the Service, as much in advance as the Commissioner or his delegate determines is practicable, shall report the circumstances to the Secretary and the Comptroller General of the United States. The proceeds of the liquidation, sale, or other disposition, after obligations are met, shall be deposited in the Treasury of the United States as miscellaneous receipts.
- (3) Deposit of proceeds
  As soon as the proceeds from an undercover investigative operation with respect to which an action is authorized and carried out under subparagraphs (B) and (C) of paragraph (1) are no longer necessary for the conduct of such operation, such

proceeds or the balance of such proceeds remaining at the time shall be deposited into the Treasury of the United States as miscellaneous receipts.

- (4) Audits
  - (A) The Service shall conduct a detailed financial audit of each undercover investigative operation which is closed in each fiscal year; and
    - (i) submit the results of the audit in writing to the Secretary; and
    - (ii) not later than 180 days after such undercover operation is closed, submit a report to the Congress concerning such audit.
  - (B) The Service shall also submit a report annually to the Congress specifying as to its undercover investigative operations -
    - (i) the number, by programs, of undercover investigative operations pending as of the end of the 1-year period for which such report is submitted;
    - (ii) the number, by programs, of undercover investigative operations commenced in the 1-year period preceding the period for which such report is submitted; and
    - (iii) the number, by programs, of undercover investigative operations closed in the 1-year period preceding the period for which such report is submitted and, with respect to each such closed undercover operation, the results obtained and any civil claims made with respect thereto.
- (5) Definitions
  For purposes of paragraph (4) -
  - (A) Closed
    The term "closed" means the date on which the later of the following occurs;
    - (i) all criminal proceedings (other than appeals) are concluded, or
    - (ii) covert activities are concluded, whichever occurs later.
  - (B) Employees
    The term "employees" has the meaning given such term by section 2105 of title 5, United States Code.
  - (C) Undercover investigative operation
    The terms "undercover investigative operation" and "undercover operation" mean any undercover investigative operation of the Service -
    - (i) in which - (I) the gross receipts (excluding interest earned) exceed $50,000; or (II) expenditures, both recoverable and nonrecoverable (other than expenditures for salaries of employees), exceed $150,000; and
    - (ii) which is exempt from section 3302 or 9102 of title 31, United States Code. Clauses (i) and (ii) shall not apply with respect to the report required under subparagraph (B) of paragraph (4).

# EXHIBIT "H"

# ADDITIONAL NOTIFICATION AND DEMAND

*FAXED:*       September 15, 2003 (Verified)      **EXHIBIT "H" (9 PAGES)**

Ernest Enax
SSN# 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
6319 12th St N
St. Petersburg, FL  33702-7303

Michele Quimby
Internal Revenue Service
9450 Koger Blvd., Room 201
Group 2900 Stop 5229
St. Petersburg, FL  33702-2481

Cc:     Mark W. Everson, Commissioner
        1111 Constitution Ave NW
        Washington DC 20224

        John W. Snow, Secretary of the Treasury
        1500 Pennsylvania Avenue, NW
        Washington, D.C. 20220

**Re:** Notice of Lien/Levy(s) Form(s) # 668W(c), 668(A), 668(Y)
**Date of Notice(s) :** 08/22/2003
**Amount of Purported Federal Tax Lien(s), Levy(s) :** $11,803.50

# Claim for Release of Erroneous Notice of Lien/Levy

### Appeal Alleging Procedural Errors in the Filing of Notice of Tax Lien/Levy
## Demand for Impartial Judicial Appeal Hearing if Claim is Denied

Pursuant to 26 U.S.C. §6326 and 26 CFR §301.6326-1, and Federal Register. Vol. 56. No. 206. Thursday, October 24, 1991, page 55078 (last paragraph), this constitutes a timely Appeal of Notice of Lien/Levy, and a claim and demand for a Certificate of Release of Notice of Lien/Levy for the purpose of correcting errors made in said erroneous Notice of Lien/Levy, on the grounds that, pursuant to 26 CFR 301.6326-1(b)(2), the tax liability that gave rise to the lien was assessed in violation of required deficiency procedures.

Pursuant to 26 U.S.C. 6323(j)(1)(A), as amended July 30,1996 by Public Law 104-168, "Taxpayer Bill of Rights" 110 Stat. 1460. TITLE V. COLLECTION ACTIVITIES. Modification to Lien and Levy Provisions, §501(a) this is a demand, for an immediate Withdrawal of the erroneous Notice of Lien on the grounds that the filing of the purported Notice of Lien was not made in accordance with the administrative procedures of the secretary.

Further, if an Intent to Levy or Notice of Levy has been issued regarding this matter, or if any property belonging to Claimant has been seized or levied upon, or is pending levy by your

agency, this a demand for a Release of Notice of Levy and an immediate Return of any and all property belonging to Claimant, pursuant to 26 U.S.C. §6343(a)(b), as well as §6343(d)(i)(2) (as amended by Public Law 104-168, "Taxpayer Bill of Rights" 110 Stat.(TITLE V. COLLECTION ACTIVITIES. Modification to Lien and Levy Provisions, 501(b) and 26 CFR 301.6343-1.(b)(2)

This Claim does not attempt to challenge the underlying merits related to the amount of the purported tax liability. Claimant is merely establishing that, pursuant to ruling case law on this subject, the agency's failure to maintain strict compliance with the statutory and regulatory administrative deficiency procedures promulgated by the Secretary, invalidates the tax and voids the purported assessment. Therefore, no valid tax or assessment exists which would support a lawful Notice of Lien or Notice of Levy, making such Notice(s) and any subsequent seizures invalid, erroneous, wrongful and unenforceable.

>"Requisites and Validity of Levy "...A failure substantially to comply with the statutory requirements as to the mode and manner or making the levy invalidates the tax and there must be strict compliance with mandatory procedure. No tax can be sustained as valid unless it is levied in accordance to the letter of the statute." 84 C.J.S. §355, Mass. Hough v. North Adams 82 N.E. 46,196 Mass. 290

**1.** This lien/levy action is not made in accordance with the administrative procedures of the Secretary and constitutes unauthorized civil action against me, pursuant to 55 FR 47633, Nov. 14, 1990, 27 CFR 70.191 and 301.7401-1.

>55 F.R. 47633, 27 CFR 70.191 Authorization:
>(a) In general. No civil action for the collection or recovery of taxes, or any fine, penalty, or forfeiture (with respect to the provisions of 26 U.S.C. enforced and administered by the Bureau shall he commenced unless the Director, Bureau of Alcohol Tobacco and Firearms, or designated delegate, or the Chief Counsel for the Bureau, or designated delegate, directs that the action be commenced.

>Pursuant to §301.7401-1: Authorization (a) No Civil action for the collection or recovery of taxes. or off any fine, penalty or forfeiture shall be commenced unless the Commissioner or the Director, Alcohol Tobacco and Firearms Division.. or the Chief Counsel for the Internal Revenue Service or his delegate authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."

**2.** Notice(s) is/are not made in accordance with the administrative procedures of the Secretary, as promulgated in 26 U.S.C §6331(a), 26 CFR §301.6331-1(a) (4) Authority To Levy as Claimant is not a Federal Employee or an employee of the District of Columbia, a State, a Municipality, or of any agency or instrumentality thereof, or any other person, upon whom the Secretary or the Assessment Officer has the authority to assess, levy or lien.

>Levy and Distraint
>26 USC §6331 (a) Authority of Secretary "...Levy may be made upon the accrued salary or wages of any officer. employee or elected official of the United States. the District of Columbia or any agency or instrumentality of the United States or District of Columbia..." (paraphrased)

26 CFR 301.6331-1(a)

"(4) Certain types of compensation

*(i) Federal Employees.* "Levy may be made upon the salary or wages of any officer or employee (including members of the Armed Forces) or elected or appointed official, of the United States the District of Columbia or any agency or instrumentality of either..."

*(ii) State and Municipal employees.* Salaries, wages or other compensation of any officer, employee or elected or appointed official of a State or Territory, or of any agency, instrumentality, or political subdivision thereof, are also subject to levy to enforce collection of any Federal tax.

(iii) *Searnen...wages* of seamen, apprentice seamen, or fishermen employed on fishing vessels are subject to levy.

20 Fed Proc.. L.Ed §48.548 "...With regard to a levy on salary or wages ... Levy may be made upon the salaries of federal, [26 USC §6331(a)] state and municipal, [26 CFR §301.6331(a)(4)(ii)] and a pension payable to a former state employee may be levied upon [Revenue Ruling 55-226, 1955-1 CB 551]."

As you are aware, pursuant to 44 U.S.C.A. 1504-1507, before a citizen of the several states of the United States can be bound by, or adversely effected by a law or regulation, any law having general applicability to such Citizens, must be published in the Federal Register. Such laws and regulations are then categorized pursuant to their applicable Title in the Code of Federal Regulations (CFR).

26 USC 7805(a) States, "...the Secretary shall prescribe all needful rules and regulations for the enforcement of this title."

The Internal Revenue Code is not self-executing. Without an implementing regulation, applicable to a particular type of tax, a statute has no force of law, and imposes no duties or penalties.

"the Act's civil and criminal penalties attach only upon the violation of a regulation promulgated by the Secretary; if the Secretary were to do nothing- the Act itself would impose no penalties on anyone... only those who violate the regulations (not the Code) may incur civil or criminal penalties it is the actual regulation issued by the Secretary of the Treasury and not the broad authorizing language of the statute which is to be tested against the standards of the 4th Amendment." Calif. Bankers Assoc. v. Shultz 416 US 25, 44. 39 L. Ed. 2d 812, 94. S Ct. 1494.

As there are hundreds of particular types of taxes in Titles 26 (Income Taxes) and 27 (Alcohol, Tobacco, and Firearms Taxes) and, because not all types of taxes will be affected by the same regulations each type of tax is assigned a "Part Number." In that manner, the Citizen can be confident that a particular regulation is applicable to the particular type of tax he or she is required to pay. For example, in Title 26, a Part 1 Tax is the Individual Income Tax, Part 20 is the Estate Tax, Part 25 is the Gift Tax, etc. In Title 27, Part 70 deals with alcohol, tobacco firearms and taxes. However, there are also alcohol, tobacco, firearms, narcotic and import and export taxes in Title 26, Subtitle E, which are enforceable by the ATF through implementing regulations in the Title 27 C.F.R. (Code of Federal Regulations) and conversely, some tax liabilities are implemented into Title 27 with Title 26 Subtitle F, Procedures and Administration.

2. Notice(s) is/are not made in accordance with, the administrative procedures of the Secretary, regarding liens, levies and seizures which are authorized solely by 26 U.S.C. 6321, which was promulgated into law by 55 F.R. 47616 and implemented by 27 CFR §70..141 Lien for Taxes:

### Table I - Parallel Table of Authorities CFR

Lien Authority 26 U.S.C. §6321 .................................................. 27 Part 70

§70.141 Lien for Taxes. If any person liable to pay any tax under provisions of 26 U.S.C. enforced and administered by the Bureau [Bureau of alcohol, Tobacco and Firearms] neglects and refuses to pay the same after demand, the amount, [including any interest, additional amount, addition to tax, or assessable penalty], ...shall be a lien in favor of the United States..."

The ONLY Particular type of Title 26 taxes that 301.6321 (Procedures and Administration) is applicable to is the Part 20, Estate taxes and Part 25, Gift Taxes.

37 FR 11696, Vol. 37, No. 113, Saturday, June 10, 1972, is a published Notice of the establishment of the ATF, and specifically lists those types of taxes enforced and administered by the Bureau of alcohol which are subject to the lien/levy seizure penalties, pursuant to 26 U.S.C. 6321 et al. The Part 1, individual income tax is not a tax enforceable by the bureau and is, therefore, not subject to the 26 U.S.C. 6321 Code or its implementing Regulations.

"By virtue of the authority vested in me as Secretary of the Treasury, including the authority in Reorganization Plan No, 26 of 1950, it is ordered that:

1. The purpose of this order is to transfer, as specified herein, the functions, powers and duties of the Internal Revenue Service, arising under laws relating to alcohol, tobacco, firearms and explosives (including the Alcohol, Tobacco and Firearms division. of the Internal Revenue Service), to the Bureau of Alcohol, Tobacco, and Firearms (hereinafter referred to as which is hereby established.

2. The Director of the Bureau of Alcohol, Tobacco, and Firearms (hereinafter referred to as Director shall perform the functions, exercise the powers, and carry out the duties of the Secretary [of the Treasury] in the administration and enforcement of the following provisions of law:

(a) Chapters 51 [Alcohol Tax], 52 [Tobacco Tax], 53 [Firearms Tax] of the Internal Revenue Code of 1954 and sections 7652 [Exports from Puerto Rico] and 7653 imports to Puerto Rico).
(b) Chapters 61 to 89 inclusive, of the Internal Revenue Code of 1954, insofar as they relate to, and administered with respect to Chapters SL 52. and 53 [alcohol, tobacco and firearms] (c) The Federal Alcohol Administration Act (27 U.S.C. Chapter 8)." (d) 18 U.S.C. Chapter 44 (relating to firearms);
(e) Title VII, Omnibus Crime Control and Safer Streets Act of 1968 (18 U.S.C. Appendix, Sec. 1201-1203)
(f) 18 U.S.C. 1262-1265; 1952; 3615 (relating to liquor traffic).
g) Act of Aug. 9.1939 (49 U.S.C. Chap. 11): in matters relating to violations of National Firearms Act;
(h) 18 U.S.C. Chapter 48 (relating to explosives) and
(I) Section 414 of the Mutual Security Act of 1955, as amended (22 U.S.C. 1934) relating to the control of the importation of arms. ammunition and implements of war."

**I am not now, nor have I ever been liable to pay any of the above taxes, or any Title 26 tax, Enforced and administered by the Alcohol, Tobacco and Firearm Bureau or 26 U.S.C. (1954) Subchapter D Miscellaneous Excise Taxes Parts 40 - 169, Subchapter E or for any other revenue Taxable Activities. Therefore, there is no lawful authority for issuing me a Notice of Lien or Notice of Levy.**

Following is a list of the only subjects of 27 CFR Part 70 which is the only implementing regulation for 26 U.S.C. 6321, et al.. I am not a Government employee or a law enforcement officer and I am not involved in the activities or subjects listed in 27 CFR, Part 70, pursuant to 56 F.R. 55079. therefore 26 U.S.C. 6321 is not applicable to me.

> 56 F.R .55079
> "List of Subjects in 27 CFR Part 70
> "Alcohol and alcoholic beverages, Authority delegations, Claims, [Subchapter D and E] Excise taxes     Firearms and ammunition, Government employees, Law enforcement, Law enforcement Officers Penalties Seizures, and Forfeitures, Surety bonds. Tobacco."

**TO SUMMARIZE IT SIMPLY, 26 U.S.C. 6321 et al. PROVIDES LEIN/LEVY AUTHORITY ONLY FOR THOSE TYPES OF TAXES ENFORCEABLE BY THE BUREAU OF ALCOHOL, TOBACCO AND FIREARMS (ATF).**

NO REGULATION APPLICABLE TO THE PART 1, INDIVIDUAL INCOME TAX HAS EVER BEEN PUBLISHED IN THE FEDERAL REGISTER NO 1.6321 REGULATION HAS EVER BEEN PROMULGATED BY THE SECRETARY OF THE TREASURY IN 26 CFR OR 27 CFR, AS HAVING GENERAL APPLICABILITY TO THE PART 1 INDIVIDUAL INCOME TAX.

**THIS MEANS, REGARDLESS OF WHAT THE IRS MAY TRY TO MISLEAD CITIZENS INTO BELIEVING, THE LIEN/LEVY/SEIZURE AUTHORITY PROVIDED BY 26 U.S.C. *6321* IS NOT APPLICABLE TO THE PART I INDIVIDUAL INCOME TAX AND ANY ATTEMPT TO ENFORCE IT AS SUCH IS UNLAWFUL AND FRAUDULENT.**

Following are other reasons the said erroneous Notices of Liens and/or Notices of Levy(s) are a violation of deficiency procedures and not made in accordance with, the administrative procedures of the Secretary.

1. The Notice of Lien is not attested to be true and correct pursuant to §6065, which states: "...Return(s), declaration(s), statement(s) or other document(s) required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury."

2. Notice of Lien lacks a bona fide hand written signature by an appropriately delegated officer. Signature on Notice of Lien is an unauthorized and non-authentic, computer stamped, facsimile, improperly using only one initial. Notice of Federal Tax Lien is, thereby, a counterfeit and fraudulent document.

3. A Notice of Lien must be supported by a properly filed valid Summary Record of Assessment, upon which the Notice of Lien is based. Pursuant to 26 U.S.C. §6201,

6203 and 26 C.F.R §301.6201 and §301.6203, as evidenced by my Individual Master File, and substantiated by a FOIA search for a proper recording, no valid Summary Record of Assessment, has been filed.

26 USC §6203 METHOD OF ASSESSMENT -"The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with the rules and regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment."

26 CFR 301.6203.1- "The district director and director of the regional service center shall appoint one or more assessment officers. The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records shall provide; identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on the return by the taxpayer, be the amount so shown...If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of the assessment, the character of the liability assessed"

**4.** The Internal Revenue Manual, which is reflective of the ruling case law on this subject, states that your agency lacks authority to issue a civil penalty without a judgment.

IRM 546 § 19(b)(2) "the civil penalty for non-compliance may be imposed only by filing a suit in the name of the United States, naming the taxpayer as a defendant and securing a judgment."

**5.** Pursuant to 26 USC 6212 and 26 CFR 301.6212, no valid Notice Deficiency, with a bona fide hand written signature, attested to be made under lawful authority. under the penalties of perjury has been sent to me via Registered or Certified mailing, as required by Regulations.

26 CFR § 301.6212 - Notice of deficiency (a) 'IN GENERAL .. "If a district director of a service center.. determines that there is a deficiency in respect to any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44. he is authorized to send notice of such deficiency to the taxpayer by certified mall or registered mail."

**I R Manual 512 (1 . 5 . 83)**
"Preliminary Notices of Deficiency Procedure;"
"...(5) The [Deficiency Notice is signed in pen and ink on behalf of the Commissioner, by the approving Appeals Officer... Any copies of the statutory notice letter which are used for the originals or duplicate originals should have a handwritten signature and not a facsimile or reproduced signature.."
"An assessment is illegal and void if no required [valid] deficiency notice is sent to the taxpayer." - United States V Williams (1958 DC NY) 161 F Supp 158.58-1 USTC 9213. (20 Fed Proc, L Ed 48:440.)

**6.** Pursuant to 26 USC §6303 and C,FR §301.6303, no properly executed Notice and Demand, as required by United States Tax Laws, has been served upon me.

26 CFR 301.6303-1. "Notice and demand for tax. (a) where it is not otherwise provided by the Code, the district director or the director of the regional service center shall after the making of an assessment of a tax pursuant to §6203 give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be given as soon as possible and within 60 days..."

"Internal Revenue Key 4957" Taxpayers would be entitled to income tax refund *if* collection was effected by illegal use of liens and levies in absence of notice and demand from IRS."

"Internal Revenue Key 4623,' "Ability of Internal Revenue Service to present a computer generated printout reflecting that notice of demand has been sent to taxpayers on certain date does not establish irrebuttable presumption that notice was in fact sent, for purpose of statute providing that IRS must give notice to each person liable for unpaid tax within 60 days after making of assessment." 26 USCA §6303(a) United States v. Berman. 825 F.2d 1053, 1056-1057(6th Cir. 1987)

7. Insufficiency Notice of Lien. Pursuant to the Uniform Federal Lien Registration Act, the Notice of Lien requires that the Notice be Certified, to be true and correct by the Secretary of the Treasury of the United States or his or her delegate. There is no authority for an attesting other than a true, bona fide written signature. Signing on someone else's behalf, with a signature stamp, with no first or middle name, with one initial and a last name does not constitute a bona fide signature.

Further, pursuant to other sections of the Federal Code of Civil Procedures, the procedural process of your agency is defective, incomplete, failing upon its face, due to insufficient law, depicting irregular and abusive process and lacking jurisdictional facts necessary to bring Claimant into your jurisdiction.

This claim does not attempt to attack the underlying merits of the amount of this Notice of Lien/Levy and is made, in good faith, for the purpose of correcting errors made in the said Notice of Lien(s) and/or Levy(s), on the grounds that, pursuant to 26 CFR 301.6326-1(b), the tax liability that gave rise to the lien was assessed in violation of the deficiency procedures as set forth by Congress, and promulgated by the Secretary of the Treasury, and is thereby, erroneous and unenforceable and must be released.

PRESERVATION OF SUBSTANTIVE AND UNALIENABLE RIGHTS AS PROTECTED BY THE CONSTITUTION OF THE UNITED STATES.

Pursuant to 26 U.S.C. §7804(b) PRESERVATION OF EXISTING RIGHTS AND REMEDIES, I reserve all of my rights as protected by Constitution of the United States as a Citizen of one of the states of the United States, under the Constitution and the substantive law (including but not limited to the common law and substantive equity.) Further, I demand all of my constitutional rights at all times and waive no rights at any time. Such rights include, but are not limited to, my right to due process of the law, under the 5th and 7th Amendments, PRIOR TO and NOT AFTER my property is seized, my right to be secure in my house, papers and effects and to maintain a possessory interest and ownership of all property belonging to me until such time as a lawful warrant, and probable cause affidavit, sealed and signed by a constitutional court of competent jurisdiction, is lawfully served upon me. The action you have taken, is an erroneous, illegal and fraudulent abuse of the lien/levy process. You are further violating specific case law, rulings and mandates reaffirming the constitutional rights of a Citizen, regarding seizures, from the recent Supreme Court decisions of U.S. V. James Daniel Good Real Property, 114 S. Ct. 492 (1993) Soldal et al v. Cook County. Illinois, et al. 113 S. Ct. (1992)121 L Ed 2d 450, Sniadach v. Family Finance Corp. of Bay View. et al 395 US 337, 23 L Ed 2d 349, 89 S Ct 1820 (1969) and United v. Lopez, 131 L, Ed 2d 626, 115 S. Ct. 1624, 131 L. Ed. 2d 626.

In conclusion, I do not acquiesce to any of the above documented procedural defects of law. I demand that your agency obey the law and adhere to each and every congressional

mandated procedure which were enacted by congress to protect property, my privacy and my substantial rights under the law.

Pursuant to 26 CFR 6343-1(b)(3), if your agency does not notify me that this claim is inadequate immediately within of receipt, this claim shall be considered to be filed properly and timely. I shall, therefore, demand and expect a Certificate of Release of Lien(s) and or a Release of Levy(s) and an immediate return of any property which your agency unlawfully levied, plus interest.

While this Claim exhausts my Administrative remedies, pursuant to 26 U.S.C. §7804(b) **PRESERVATION OF EXISTING RIGHTS AND REMEDIES**, I preserve and reserve all of my rights and remedies including but not limited to, common law, as well as equity.

I, Ernest Enax, hereby attest that to the best of my knowledge, and under the penalty of perjury under the laws of Florida, this claim is true and correct.

Sincerely without prejudice,

Ernest Enax

## Demand for an Adjudicatory Appeal Office Hearing Alleging Errors in Deficiency Procedures, if <u>Release of Notice of Lien, is Not Issued.</u>

Pursuant to 26 U.S.C. §7804(b) **PRESERVATION OF EXISTING RIGHTS AND REMEDIES,** if you ignore this Claim, I will file a WRIT OF MANDATE, compelling you to appear to Show Cause why you have not adhered to your ministerial, mandated administrative deficiency procedures. If you have objections or evidence rebutting the substance of this claim, Claimant demands a fair and impartial Adjudicatory Appeal Hearing, in which your agency can provide evidence that you have adhered to all Congressional and lawfully mandated deficiency, assessment, and lien/levy procedures.

If your agency does not provide either a Release of Notice of Lien, or an Opportunity for such a Hearing, within 14 days from receipt of this Claim, this constitutes Constructive Notice that Claimant intends to exhaust all of his administrative remedies and, file suit in the federal district court, under 26 U.S.C. § 7433, and 26 C.F.R. 301.7433, wherein pursuant to the July 30, 1996, Taxpayers Bill of Rights, (Public Law 104-168, 110 Stat. 1465) Sec. 801 (a) I can collect up to one million dollars in damages for unauthorized collection activities for your reckless and intentional disregard for the provisions of the Internal Revenue Code and the regulations promulgated by the Secretary. Because there is no signature on any of the unlawful notices, and because in law someone must take responsibility for unlawful acts, defendants in this suit shall be the Regional Director, the District Director, and the Chief, Tax Processing Center and you individually.

I, Ernest Enax, hereby attest, to the best of my knowledge and belief, under the penalty of perjury under the laws of Florida that this claim is true and correct.

Sincerely without prejudice,

Ernest Enax

## AFFIDAVIT OF FACT
## IN THE CASE OF
## ERNEST ENAX
## V.
## MICHELE QUIMBY

### CASE NUMBER _____

I, Ernest Enax, living at 6319 12th Street, Saint Petersburg, Florida, 33702, in the County of Pinellas, do solemnly swear to the following facts in the above named case. I present these facts to this Honorable Court and give this testimony as to their accuracy and truthfulness. These facts are as follows:

1) Plaintiff has not been presented with any taxing authority of the US government, under which they have incurred a liability for the alleged debts, as claimed by Defendant. Plaintiff is not acting in a corporate capacity and have never acted in a corporate capacity.

2) The US government has taxing authority as provided in the US Constitution and Plaintiff does not contest those authorities. The laws are in conformity with the US Constitution and in conformity with the US Supreme Court rulings on the taxing powers of the US government, and Plaintiff does not contest the laws or Court rulings that clarify the laws, and moreover, rely on those Court rulings and laws in this action.

3) In each of the taxing laws of the Internal Revenue Code, two provisions exist that, first, impose a tax, and, secondly, state the persons who are liable for the tax imposed. In subtitle A and subtitle C of the IRC, there is no section that makes Plaintiff liable for a direct tax without apportionment.

4) Plaintiff has not incurred the alleged liability under the so-called Corporate Income Tax. The so-called Corporate Income Tax is actually an excise tax on the activity of operating as a corporation, as ruled by the US Supreme Court. *"... it was settled in Stratton's Independence... that such a tax is not a tax upon property... but a true excise levied on the result of the business..."* **Stanton v. Baltic Mining Co., 240 US 103, (1916).** Therefore, the corporate excise tax is

imposed under subtitle E of the Internal Revenue Code and is different than direct taxes with or without apportionment.

5)    Internal Revenue Code section 7608 excludes the Defendant and his underlings from taking collection actions under subtitle A and C, and limits their collection authority to subtitle E (alcohol, tobacco, and excise taxes).

**"Sec. 7608. - Authority of internal revenue enforcement officers**

**"(a)** Enforcement of subtitle E and other laws pertaining to liquor, tobacco, and firearms

Any investigator, agent, or other internal revenue officer by whatever term designated, whom the Secretary charges with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of subtitle E or of any other law of the United States pertaining to the commodities subject to tax under such subtitle for the enforcement of which the Secretary is responsible may -

**(1)** carry firearms;

**(2)** execute and serve search warrants and arrest warrants, and serve subpoenas and summonses issued under authority of the United States;

**(3)** in respect to the performance of such duty, make arrests without warrant for any offense against the United States committed in his presence, or for any felony cognizable under the laws of the United States if he has reasonable grounds to believe that the person to be arrested has committed, or is committing, such felony; and

**(4)** in respect to the performance of such duty, make seizures of property subject to forfeiture to the United States.

**"(b)** Enforcement of laws relating to internal revenue other than subtitle E

**(1)** Any criminal investigator of the Intelligence Division of the Internal Revenue Service whom the Secretary charges with the duty of enforcing any of the criminal provisions of the internal revenue laws, any other criminal provisions of law relating to internal revenue for the enforcement of which the Secretary is responsible, or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service, is, in the performance of his duties, authorized to perform the functions described in paragraph (2).

**(2)** The functions authorized under this subsection to be performed by an officer referred to in paragraph (1) are -

**(A)** to execute and serve search warrants and arrest warrants, and serve subpoenas and summonses issued under authority of the United States;

**(B)** to make arrests without warrant for any offense against the United States relating to the internal revenue laws committed in his presence, or for any felony cognizable under such laws if he has reasonable grounds to believe

that the person to be arrested has committed or is committing any such felony; and

(C) to make seizures of property subject to forfeiture under the internal revenue laws."

6) No person in the Internal Revenue Service has presented Plaintiff with a Delegation of Authority Order, from the Secretary of the Treasury, to the Defendant and his underlings to take collection actions under subtitle A or subtitle C. IRC section 7608 authorizes only agents of the Intelligence Division to perform collections under subtitles A or C.

7) Plaintiff has not volunteered for the federal income tax and the official literature of the IRS states that income taxes fall under voluntary compliance. *"Our system of taxation is based upon voluntary assessment and payment, not upon distraint."* Flora v. US, 362 US 145, (1960).

8) Testifying before Congress in 1953, Dwight E. Davis, Head of the Alcohol, Tobacco, and Firearms Bureau of Internal Revenue, stated, *"Let me point this out now. This is where the structure differs. Your income tax is a 100% voluntary tax and your liquor tax (A.T.F.) is a 100% enforced tax. Now the situation is as different as night and day. Consequently, your same rules simply will not apply."*

9) Defendant and other IRS agents have refused to present Plaintiff with a law that imposes an income tax liability on Plaintiff who are not engaged in a corporate activity and not obtaining a corporate benefit from the government.

10) Plaintiff does not owe a tax for which they are not liable. Plaintiff has not incurred a liability for the alleged debt under an income tax (direct tax) that meets the "apportionment requirement".

11) The IRS, in its official literature, states that the 16th Amendment allows an income tax without the requirement of "apportionment". Plaintiff is not liable for taxation under the 16th Amendment, since the 16th Amendment only applies to corporations and "income" derived from a corporate activity. Such Amendment did not confer any new taxing powers on the federal government, nor did it bring any new subjects under its taxing authority, as evidenced by the following rulings:

*"... it manifestly disregards the fact that by the previous ruling it was settled that the provisions of the 16th Amendment conferred no new power of taxation..."* **Stanton v. Baltic Mining Co., 240 US 103, (1916).**

*"As pointed out in recent decisions, it (the 16th Amendment) does not extend the taxing power to new or excepted subjects..."* **Peck v. Lowe, 247 US 165, (1918).**

12)   The Plaintiff does not receive "income" as defined by the U.S. Supreme Court. The U.S. Supreme Court ruled that the word "income", as used in the 16th Amendment, has a limited and specific meaning. *"We must reject in this case, as we have rejected in cases arising under the Corporation Tax Act of 1909, the broad contention submitted on behalf of the government that all receipts, everything that comes in, are income within the proper definition of the term 'gross income'. Certainly the term "income" has no broader meaning in the Income Tax Act of 1913 than in that of 1909..."* **Southern Pacific Co. v. Lowe, 247 US 330 (1918).** In addition, *"Income has been taken to mean the same thing as used in the Corporation Excise Tax Act of 1909, in the 16th Amendment, and in the various revenue acts subsequently passed."* **Bowers v. Kerbaugh-Empire, 271 US 170 (1926).** Additionally, *"There would seem to be no room to doubt that the word 'income' must be given the same meaning in all of the Income Tax Acts of Congress that was given to it in the Corporation Excise Tax Act, and what that meaning is has now become definitely settled by decisions of this Court."* **Merchants' Loan & Trust Co. v. Smietanka, 255 US 509, (1921).** *"Does the Sixteenth Amendment authorize and support this tax and the attendant diminution; that is to say, does it bring within the taxing powers subjects theretofore excepted? The court below answered in the negative; and counsel for the government say: 'It is not, in view of recent decisions, contended that this amendment rendered anything taxable as income that was not so taxable before'."* **Evans v. Gore, 253 US 245, (1920).** Further, the requirement of Apportionment has not been met under the claimed tax and therefore the alleged debt claimed by the Defendant is fraudulent, under the US Supreme Court ruling, *"... the confusion is not inherent, but rather arises from the conclusion that the 16th Amendment provides for a hitherto unknown power*

*of taxation; that is, a power to levy an income tax which, although direct, should not be subject to the regulation of apportionment applicable to all other direct taxes. And the far-reaching effect of this erroneous assumption ..."* **Brushaber v. Union Pacific R. Co., 240 US 1 (1916).**

13) In Eisner v Macomber the Court made two things clear; that the original taxing clauses of the Constitution remained intact and were still in effect, and that the effects, i.e. the requirement of apportionment, of the taxing clauses under the original Constitution were still in force. *"The 16th Amendment must be construed in connection with the taxing clauses of the original Constitution and the effect attributed to them before the amendment was adopted."* **Eisner v. Macomber, 252 US 189 (1920).**

14) Exhibits "A" and "B" are copies of letters, from Plaintiff, sent to Defendant by certified mail. Plaintiff has receipts, from the US Postal Service, showing that correspondences were, in fact, received by Defendant. Defendant refused or failed to respond to any of the letters.

15) Exhibit "C" is a copy of the correspondence sent by Taxpayer Advocate on behalf of Defendant to Plaintiff stating and admitting of procedural violations in connection with the levy. And that Defendant had made a determination of an alleged tax deficiency and imposing an alleged penalty.

16) Exhibit "D" is a copy of the correspondence sent by the Defendant to the Plaintiff, in an intimidating and threatening manner, will pursue to "extort" everything and anything that is in possession of the Plaintiff.

17) Exhibit "E" is a report on liability in regard to the federal income taxes and cites numerous US Supreme Court rulings and other official statements and law. Such report is presented in this action to lay the legal foundation for one of the Plaintiffs' claims, that is, the absence of liability for the alleged debt owed. It is an accumulation of US Supreme Court rulings that pertain mostly to the passage of the 16th Amendment and its effects.

18) Exhibit "F" are copies of the Notices of Federal Tax Lien that were sent to the Register of Deeds and filed on Plaintiffs' property title. Such Notices were, in fact, filed and remain an encumbrance on Plaintiffs' property.

19) The Defendant has made a public record of the illegal Notices of Federal Tax Lien, and thereby defamed the character and good name of the Plaintiff. Defendant made known to third parties information that was false and misleading.

20) Defendant has used threats and coercion to intimidate Plaintiff into payment for an alleged debt that was not owed. Defendant used the US Postal Service to convey documents containing such threats.

21) The Defendant stated that she had made a determination of a tax owed and had added penalties, although Plaintiff had previously challenged such liability. The Defendant took such actions, while knowing or being charged with knowledge that she was not authorized, by title (Revenue officer), to take collection actions against Plaintiff. The Defendant also took such actions, while having actual or constructive or imputed knowledge, that she did not have a Delegation of Authority Order from the Secretary of the Treasury to take collection actions against Plaintiff.

22) Defendant used regulations, which pertain to Title 27 (alcohol, tobacco, and certain excise taxes), as though they pertained to Title 26 (income tax).

23) Defendant sent unsigned, threatening, and unverified assessments and claims of unverified debt to Plaintiff (Exhibit "C").

24) In the letters, listed as Exhibit "A" and "B":

    (a) Plaintiff informed Defendant that Plaintiff did not owe any such debt and gave the reasons why no such debt was owed by Plaintiff.

    (b) Plaintiff stated that the government was limited to the taxing authority of the US Constitution and the laws of the United States. Plaintiff outlined several US Supreme Court rulings that state that the 16th Amendment did not authorize taxation on Plaintiffs' earnings or compensation.

    (c) Plaintiff stated that the Defendant was guilty of fraud and extortion if Defendant acted in violation of law and the High Court's rulings.

    (d) Plaintiff notified the Defendant that illegal Notices of Federal Tax Lien were filed on Plaintiffs' property title and demanded that the

Defendant have such Notice removed. Thereafter, Defendant failed to take any action to have such Notice removed.

(e) Notices of Non-Compliance were also included, that created prima facie evidence that Defendant was acting fraudulently if Defendant failed or refused to respond.

(f) Plaintiff demanded his administrative remedies and informed Defendant that if Defendant failed to respond that Plaintiff would seek judicial remedies by means of a lawsuit.

(g) Plaintiff demanded Defendant's authority from the Secretary of the Treasury.

(h) Plaintiff demanded Defendant's statutory authority, authorizing Defendant or underlings, by title, to take collection actions.

(i) Plaintiff informed Defendant that he had a duty to take whatever corrective measures that were required to provide Plaintiffs' administrative remedies.

(j) Plaintiff informed the Defendant of the Damage that was done to Plaintiff and their family by the continual harassment and threats and the seizure of wages, without lawful authority, and encumbrance of their property by the illegal Notice of Federal Tax Lien.

(k) Plaintiff demanded that Defendant present her authority to take collection actions, under IRC section 6331, against Plaintiff or his property.

(l) Plaintiff included Affidavits of Authority in these letters whereby Defendant or underlings could provide sworn testimony as to his authority under the law to take collection actions under subtitle A or C or Title 26.

(m)Plaintiff demanded that Defendant send Plaintiff confirmation by certified mail that Defendant had erred in his assessment and demanded that Defendant remove any liens or levies on Plaintiffs' property and that this was Plaintiffs final attempt at administrative remedy before proceeding to final claims for damage.

*Affidavit of Fact - 7 -*

(n) Plaintiff demanded that if Defendant had good reason to continue his threats against Plaintiff or to take legal action against Plaintiff, that Defendant should state such reasons to Plaintiff.

(o) Defendant was noticed that if Defendant remained silent and refused to contact Plaintiff, that Defendant would be guilty of the equivalence of fraud. Plaintiff had cited to Defendant the US Supreme Court rulings that silence can be equated with fraud where there is a legal or moral duty to speak. See US v Tweel. There was only silence from Defendant that continued throughout the correspondences, exhibit A and B, that Plaintiff sent to Defendant.

(p) Plaintiff gave Defendant adequate intervals of time to respond to all letters.

(q) Plaintiff stated that Defendant's silence was evidence of fraud and extortion and that there was reason to conclude that Defendant was acting alone and without the approval of the Internal Revenue Service or the Secretary of the US Treasury.

(r) Plaintiff gave Defendant notice that failure to provide the Affidavit of Authority would create prima facie evidence that Defendant did not, in fact, have the necessary authority and was, in fact, acting alone in an extortion scheme. Plaintiff gave Defendant the opportunity to rebut the claim that he was acting alone by providing Plaintiff with a statement by the Director of the Internal Revenue Service or the Secretary of the Treasury to the effect that Defendant's actions were done under their approval and sanction. Defendant never responded.

(s) Plaintiff informed Defendant that he could establish that Defendant was acting with the approval and consent of the Internal Revenue Service and the US Department of Treasury by providing Plaintiff with letters from the Commissioner of Internal Revenue and the Secretary of the Treasury or Defendant could fill out the Affidavits of Authority that Plaintiff had provided Defendant. Defendant remained silent throughout this period, and made no attempt to refute the allegations

made by Plaintiff, as a reasonable person would do if such allegations were, in fact, untrue.

    **(t)** Plaintiff has the green cards returned to them by the US Postal Service as proofs of delivery, stating that Defendant had received the correspondences.

**25)** Defendant never denied Plaintiffs' allegations of fraud and extortion against him. Defendant made no attempt to explain or justify his actions and violations of his legal authority. The courts impute "knowledge" to an official or professional person, even if they lacked actual knowledge. In this case, Defendant could not even deny actual knowledge, because Defendant had been informed by Plaintiff of the several violations of law.

**26)** Notices of lien have been placed on Plaintiffs' property by Defendant. This has been an encumbrance on Plaintiffs' property and a partial seizure of property rights. This was done in violation of a number of laws and without Due Process of law, a violation of Plaintiffs' fifth Amendment rights and protections. While it is not known if Defendant actually placed the notices on Plaintiffs' property title, Defendant had a duty to take corrective action when informed of these violations. See exhibits A and B.

**27)** Defendant continued to hold Plaintiff liable for a debt that Plaintiff does not owe even after notification to him. Defendant did not offer any proof that Defendant informed anyone in the agency that Plaintiff was not liable for the alleged debt. Defendant did not offer any information showing that Defendant informed anyone in the Internal Revenue Service that said notice was legally invalid under IRC 6323 (a) and (f) (1). Defendant did not offer any information showing that Defendant informed anybody in his agency that the Notice of Lien, placed on Plaintiffs' property title, was illegal and that it cited IRC 6321 that stated that it applied to any person liable for any tax and that under the information that Plaintiff had provided, Defendant had actual and assumed knowledge that Plaintiff was not liable for the tax. Defendant ignored Plaintiffs many entreaties for administrative remedy, which constituted denial of due process.

28)   Defendant used his governmental title and position to perpetrate fraud and extortion without providing Plaintiff with proof that Defendant had the approval of the Internal Revenue Service or the US Treasury Secretary or the U.S. Attorney General.

29)   Defendant used verbal and written threats and intimidation to harass Plaintiff. This caused great emotional and financial harm to Plaintiff and his family. Members of Plaintiffs' family and Plaintiff was in constant fear of illegal actions by the IRS caused by the threats and intimidation by Defendant. Plaintiff lost good credit standing. Plaintiff could not sell his house without suffering a substantial loss under the illegal Notice filed on Plaintiffs' property title. Plaintiff could not pursue investments or provide for their retirements. Plaintiff was in constant fear that bank accounts would be seized without notification or justification, simply because the banks would do whatever the "IRS" told them to do.

30)   Plaintiff suffered pain, emotional suffering, seizure of his property rights, fear, loss of consortium, seizure of money, loss of their good name, character assassination, false statements given to Plaintiffs' employer, possible loss of employment, attempted fraud through the mail, loss of their constitutional rights and protections under "color of law" and pretense of law, and loss of time and money spent in attempting to answer Defendant's unsigned and signed letters and threats.

31)   Plaintiff informed Defendant of the US Supreme Court rulings concerning the underlying liability. Those rulings apply to Plaintiff. Defendant has not attempted to answer or rebut those rulings. Plaintiffs are filing a report, listed as Exhibit "E", that gives a more detailed account of the numerous US Supreme Court rulings. Defendant has not attempted to notify Plaintiff nor attempted to have any of the IRS's legal counsel contact Plaintiff or make any explanations. This is further reason to conclude that Defendant is acting alone in an extortion and fraud scheme against Plaintiff.

32)   Defendant was noticed that Defendant does not have a Delegation Order from the Secretary of the Treasury to take collection actions under Internal Revenue Code

section 6321 or to take collection actions under subtitle A or C against Plaintiff. Defendant has never attempted to refute this allegation, as a reasonable person would do if such allegation were, in fact, untrue.

33)   Defendant was noticed that Defendant does not have a Delegation Order from the Secretary of the Treasury to take collection actions under Internal Revenue Code section 6331 against Plaintiff or to take collection actions under subtitle A or C. Defendant has never attempted to refute this allegation, as a reasonable person would do if such allegation were, in fact, untrue.

34)   Defendant was noticed that Defendant does not have statutory authority, under his title to perform collection actions under subtitle A or C. The only statutory authority granted to him, by title, is the authority to collect taxes under subtitle E, under Internal Revenue Code section 7608. Defendant has never attempted to refute this allegation, as a reasonable person would do if such allegation were, in fact, untrue.

35)   Defendant was noticed that Defendant's underlings and agents under Defendant's authority do not have statutory authority, under titles authorized to perform collection actions under subtitle A or C. The only statutory authority granted to such underlings by title is under Internal Revenue Code section 7608. None of these agents and underlings work for the Intelligence Division and none carry the title of Criminal Investigator of such Intelligence Division. Defendant has never attempted to refute this allegation, as a reasonable person would do if such allegation were, in fact, untrue.

36)   Defendant has created prima facie evidence that Defendant is guilty of using the U.S. Postal system to carry out his fraud and extortion scheme against Plaintiff.

37)   Defendant has created prima facie evidence that he is guilty of fraud and attempted extortion by attempting to extort money from Plaintiff "under color of law" and without legal authority and under the pretense of acting under lawful authority.

38)   Defendant created prima facie evidence that he has acted alone in his extortion scheme against Plaintiff. Defendant has refused to show otherwise by providing Plaintiff with a letter from the Commissioner of Internal Revenue or any other

documentation, stating that Defendant's actions were carried out with the approval of the Internal Revenue Service.

39) Defendant has created prima facie evidence that he acted alone in his extortion scheme against Plaintiff. He has refused to produce a letter from the Secretary of the Treasury or any other documentation, stating that Defendant has been authorized to carry out these activities under subtitle A or C.

I swear under penalty of perjury that the above statements are true and correct to the best of my knowledge. I am a competent witness and have personal knowledge of these facts. These facts will stand in any future court proceedings unless specifically rebutted by counter affidavit. If any errors are proven to be contained herein, Plaintiff will make such corrections as may be deemed necessary.

Signed _____

       Ernest Enax

Witness signature _____
Witness printed name _Melissa Griffin_____

Dated _12-1-03_____

**Notary: The above signed have appeared before me and has properly identified themselves and put their signatures on the Affidavit of Fact. My commission expires:**

STATE OF FLORIDA
COUNTY OF PINELLAS

The foregoing instrument was acknowledged before me this
_12-1-03_ by _ERNEST ENAX_
who is personally known to me or has produced _____
_____ as identification and
who did (did not) take an oath.

_____
Notary Public

CHERYL STOCKS
MY COMMISSION # DD 144165
EXPIRES: August 21, 2006
Bonded Thru Notary Public Underwriters

## NOTICE TO COURT

The Plaintiff is *Pro-se* Plaintiff. As such, they seek to have this Honorable Court examine their understandings of this Court and any judge who presides over this case, and inform the Plaintiff of any misunderstandings on the part of the *Pro-se* Plaintiff. The understandings are enumerated as follows:

1) This Court is established under Article III of the United States Constitution.

2) This Court is an inferior Court under the U.S. Supreme Court and established by Congress as such.

3) The common law of the United States is embodied in the holdings and rulings of the U.S. Supreme Court.

4) This Court is bound to honor all the U.S. Supreme Court rulings and holdings.

5) Upon citing a holding or ruling of the U.S. Supreme Court by one party, the holding or ruling will stand in this case unless refuted by the opposing party.

6) The presiding judge in this Court will have taken an Oath of Office and properly have it on file. The presiding judge will honor his/her Oath of Office.

7) The presiding judge will be fair and impartial to all parties in this action.

8) The presiding judge will have no communications with any party without the knowledge of opposing parties.

9) *Pro-se* Plaintiff is held to a less stringent standard than professional attorneys. *Pro-se* Plaintiff must be instructed by this Honorable Court as to how to correct any deficiencies in pleadings. See **Haines v Kerner, 404 US 519-521 (1972).**

10) Any attempt by a party to have this action dismissed or have a summary judgment, will only be honored in light of the U.S. Supreme Court ruling:

*Statements of counsel in their briefs or arguments are not sufficient for the purposes of granting a motion to dismiss or for summary judgment.* **TRINSEY v PAGLIARO, D.C. Pa. 1964, 229 F. Supp. 647.**

11) The Plaintiff has a right to a jury trial if such demand is made by Plaintiff.

12) The presiding judge will not allow himself/herself to be intimidated or threatened by any party or non-party while deliberating or issuing rulings.

13) The presiding judge will see that justice is the objective in this action.

**Wherefore, the *Pro-se* Plaintiff** respectfully request that this Honorable Court inform the said Plaintiff as to any misunderstandings that said Plaintiff may have presented.

Dated: _12/1/03_

Signature: _____

Printed Name: _ERNEST ENAX_

**Notary statement: The above signed has presented themselves before me and properly identified themselves and are keeping two copies of this document as proof of the contents of the original.**

STATE OF FLORIDA
COUNTY OF PINELLAS

The foregoing instrument was acknowledged before me this
12-1-03 by ERNEST ENAX
who is personally known to me or has produced _____
_____ as identification and
who did (did not) take an oath

_____
Notary Public

CHERYL STOCKS
MY COMMISSION # DD 144165
EXPIRES: August 21, 2006
Bonded Thru Notary Public Underwriters

Notice to Court -2-