**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERNEST ENAX,

      **Plaintiff,**

v.                            **Case No. 8:03-cv-2520-T-26TGW**

UNITED STATES and
MICHELE QUIMBY,

      **Defendants.**

/

**OBJECTION BY PLAINTIFF TO UNVERIFIED**

**"UNITED STATES' MOTION TO DISMISS" BY NON PARTY TO THIS**

**ACTION and**

**DEMAND FOR JURY TRIAL and**

**BRIEF IN SUPPORT and AFFIDAVIT**

NOW COME THE PLAINTIFF, Ernest Enax, presenting the following Objection By Plaintiff To Unverified "UNITED STATES' MOTION TO DISMISS" By Non Party To This Action and Demand for Jury Trial and Brief In Support and Affidavit to this Honorable Court, and presenting the following:

1) Ernest Enax, residing at 6319 12th Street North, St. Petersburg, Florida, is the Plaintiff. Plaintiff is an individual and not acting in any corporate capacity and Plaintiff has never acted in a corporate capacity. Plaintiff is a Pro Se plaintiff, acting solely against Defendants. The Plaintiff is held to a less stringent standard than a professional attorney. See **Haines v Kerner, 404 US 519-521 (1972).**

I



)                                              )

2) Michele Quimby is the co-Defendant and is employed by a private entity, known as the Internal Revenue Service, at the known business address of 9450 Koger Blvd., Room 201, Stop 5229, St. Petersburg, Florida 33702, and has the title of Revenue Officer of such Center. The name, Michele Quimby, may not be the Defendant's real name and Defendant Michele Quimby may be working under an assumed name. Defendant's address is unknown except for her place of work. Under Discovery, Plaintiff will seek to determine her real or actual name and her residential address. Quimby is an official of the Internal Revenue Service, but is being sued in her personal capacity.

*"When lawsuits are brought against federal officials, they must be brought against them in their "individual" capacity not their official capacity. When federal officials perpetrate constitutional torts, they do so ultra vires (beyond the powers) and lose the shield of immunity."* **Williamson v. U.S. Department of Agriculture, 815 F.2d. 369, ACLU Foundation v. Barr, 952 F.2d. 457, 293 U.S. App. DC 101, (CA DC 1991).**

3) Plaintiff is entitled to a trial by jury under the 7th Amendment to the US Constitution. **See PATTON v US, 281 US 276, 288 and DUNCAN v LOUISIANA, 391 US 145, 149 (1968).** Plaintiffs' Judicial Due Process entitles Plaintiff to the questioning of witnesses regarding their knowledge of the facts. **SOLON v GODBOLE, 163 Ill. App 3rd 845, 114 Ill. Dec. 890, 516 NE 2d 1045 (3 Dist. 1987).**

4) Jurisdiction of this Court is conferred by Article III, section 2, of the U.S. Constitution, "Controversies between Citizens of different States", the amount in controversy, diversity, and sufficient pleadings.

**Title 28 US Code**

**Sec. 1332. - Diversity of citizenship; amount in controversy; costs (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States.**

Plaintiff has provided pleadings sufficient to invoke the Court's authority by providing prima facie evidence of wrongdoing on the part of Defendant Quimby, as concerns subject matter jurisdiction. Plaintiff has also provided sworn testimony and exhibits introduced by competent, sworn witness (see Comp). Additionally, the US Supreme Court has ruled that pro-se plaintiffs must have the opportunity to offer proof in support of claims by depositions and other discovery mechanisms. **See Haines v Kerner.** There are no counter-affidavits provided by the Defendant Quimby or the Department Of Justice. There are no sworn witnesses or evidence presented by competent, sworn witnesses, which show that the United States is a party to the alleged fraud and extortion by the Defendant Quimby. Additionally, the laws of the United States and the U.S. Supreme Court rulings are central to the questions involved in this action. Most of the records that may be subpoenaed are located in Tampa, Florida, therefore, in the interest of expediency and other reasons, this action should proceed within the Middle District of Florida, Tampa Division.

5) The "United States' Motion To Dismiss" is a substantive and procedural nullity. No fact appears on the record, whether by deposition, admission, answer to interrogatory, or by affidavit to support the averments of the Department of Justice (hereinafter known as the DOJ). Documents offered by the DOJ are

unverified, irrelevant, and inadmissible. The record shows that Plaintiff has provided sworn testimony and evidence, and again provide sworn testimony *infra* establishing that there are material facts at issue in this case, to which there is substantial controversy.

*Statements of counsel in their briefs or arguments are not sufficient for the purposes of granting a motion to dismiss or for summary judgment.* **TRINSEY v PAGLIARO, D.C. Pa. 1964, 229 F. Supp. 647**.

*Unsupported contentions of material fact are not sufficient on motion for summary judgment, but rather, material facts must be supported by affidavits and other testimony and documents that would be admissible in evidence at trial.*

"United States' Motion To Dismiss" does not meet the requirements of **Rule 56**.

*(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.*

6) The Internal Revenue Service (hereinafter referred to as the IRS) is a private corporation or other private entity and is held as an innocent party unless it shall be shown that the IRS, through its officials or employees, approved and authorized the unlawful actions by the Defendant Quimby .

)                                              )

## CHRYSLER CORP. v. BROWN, 441 U.S. 281 (1979)

[ Footnote 23 ] **There was virtually no Washington bureaucracy created by the Act of July 1, 1862, ch. 119, 12 Stat. 432, the statute to which the present Internal Revenue Service can be traced.**

Additionally, the Department of Justice denied "that the Internal Revenue Service is an agency of the United States Government ..." in **DIVERSIFIED METAL PRODUCTS, INC. v T-BOW COMPANY TRUST, INTERNAL REVENUE SERVICE, and STEVE MORGAN, Civ No, 93-405-E-EJL, UNITED STATES' ANSWER AND CLAIM.** Consequently, the DOJ cannot make any claim that officials of the IRS are entitled to any form of immunity as may be afforded to a government official, either in their official or private capacity.

7) The United States is held as an innocent party until it is proven that the U.S. Treasury Department, through its lower level officials, approved and authorized the unlawful actions of the Defendant.

8) Defendant Quimby, is the only party being sued in this action and is being sued as an individual, acting in her personal capacity, who used her position with the IRS to engage in a fraud and extortion scheme against the Plaintiff, under pretense of acting under law. Defendant Quimby acted outside of her lawful authority and when Defendant Quimby was confronted with her unlawful actions, Defendant Quimby refused to respond to Plaintiff, and consequently created prima facie evidence of wrongdoing and fraud and "lack of good faith".

*"Silence can be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading. . . We cannot condone this shocking behavior by the IRS. Our revenue system is based on the good faith of the taxpayer and the taxpayers should be able to expect the same from the government in its enforcement and collection activities." U.S. v. Tweel,*

**550 F.2d 297, 299. See also U.S. v. Prudden, 424 F.2d 1021, 1032; Carmine v. Bowen, 64 A. 932.**

Defendant Quimby refused to implicate any other person in her fraud and extortion scheme, and created prima facie evidence that she was acting alone and without the approval or authority of the private entity, known as the Internal Revenue Service, or any other officials of such entity.

9) The Department of Justice and the Treasury Department and the Internal Revenue Service lack the authority to alter or change in any way the Complaint filed by the Plaintiffs. There are no court rules or statutory authority for such entities that authorized the changes made to the cover sheet of the Complaint filed by the Plaintiffs or the subsequent paragraphs of the Complaint.  However, Plaintiff was ordered by the court (of February 3, 2004 - Order) to amend the complaint to and believe to include the United States as co-Defendant.

10) Scott Grossman for Paul I Perez further stated that Defendant Quimby was never properly served with the Complaint, in accordance with Scott Grossman's unverified claims that Quimby is being sued in her professional capacity and that the IRS is a governmental entity. Such claims were made without any sworn witnesses and without any evidence produced by a sworn, competent witness and are contrary to prior statements made by the DOJ in "DIVERSIFIED METALS". Failure to produce such testimony and evidence, leaves the claim as "heresay" and cannot be considered as fact by this Court.

11) Scott Grossman for Paul I Perez further stated that Quimby was entitled to immunity, in accordance with Mr. Grossman's unverified claims that Quimby is

being sued in her professional capacity and that the IRS is a governmental entity, contrary to previous statements made by the DOJ. Such claims were made without any sworn witnesses and without any evidence produced by a sworn, competent witness. Failure to produce such testimony and evidence, leaves the claim as "heresay" and cannot be considered as fact by this Court.

12) Scott Grossman for Paul I Perez further claimed insufficiency of service process, in that "Neither the Complaint nor a summons was served upon a United States Attorney's Office or the Attorney General in Washington, D.C.", in accordance with Mr. Grossman's unverified claims that Quimby is being sued in her professional capacity and that the IRS is a governmental entity. Such claims were made without any sworn witnesses and without any evidence entered by a sworn, competent witness. Failure to produce such testimony and evidence, leaves the claim as "heresay" and cannot be considered as fact by this Court.

13) Scott Grossman for Paul I Perez further claimed that "... Complaint fails to state a claim upon which relief can be granted." The United States Supreme Court ruling in "HAINES v KERNER ruled that a pro se party cannot have a summary disposition against them on such basis and the judge in the action is required to inform the pro se party of the necessary changes to the complaint, if such changes should be necessary. Additionally, Mr. Grossman made such unsubstantiated claim without any supporting documents or sworn testimony or evidence introduced by sworn, competent witness. Failure to produce such testimony and evidence, leaves the claim as "heresay" and cannot be considered as fact by this Court. Such claim by Mr. Grossman is therefore inadmissible.

14)   Scott Grossman for Paul I Perez further claimed "... the plaintiff has failed to demonstrate that this Court has jurisdiction over the matter..." under Mr. Grossman's unverified and unwarranted claims that Quimby is being sued in her professional capacity and that the IRS is a governmental entity. Mr. Grossman does not have authority to make any changes to the Plaintiffs' Complaint and has no standing in this action to challenge jurisdiction. Mr. Grossman did not specify any other particulars of the matter that is alleged to be lacking. Mr. Grossman did so without any supporting documents or sworn testimony or evidence introduced by sworn, competent witness. Failure to produce such testimony and evidence, leaves the claim inadmissible as "heresay" and cannot be considered as fact by this Court.

15)   Scott Grossman for Paul I Perez has not presented Plaintiff with any taxing authority in the United States Constitution, under which Plaintiff allegedly incurred the liability and debt. Nor has Mr. Grossman presented any witnesses or evidence introduced by competent, sworn witnesses concerning such Constitutional taxing authority that imposed the alleged debt and alleged liability on the Plaintiff. Failure to produce such testimony or evidence leaves the claim inadmissible as "heresay" and cannot be considered as fact by this Court.

16)   Scott Grossman for Paul I Perez has not presented any statute that imposes a liability for any tax on the Plaintiff, under which Plaintiff has incurred the alleged liability for the alleged debt. Nor has Mr. Grossman presented any witnesses or evidence introduced by competent, sworn witnesses concerning any such statutory authority that imposed the alleged debt and alleged liability on the Plaintiff.

Failure to produce such testimony and evidence, leaves the claim inadmissible as "heresay" and cannot be considered as fact by this Court.

17)   Scott Grossman for Paul I Perez has not presented any witnesses or evidence introduced by competent, sworn witnesses concerning the allegations and testimony of fraud and extortion by the Plaintiff against the Defendant Quimby. Failure to produce such sworn testimony and evidence, leaves the Plaintiffs' allegations and sworn testimony and evidence standing without rebuttal. Without such rebuttal, Mr. Grossmans' attempt to provide defenses for the Defendant Quimby, have the effect of "obstruction of justice".

18)   Scott Grossman for Paul I Perez has not presented any witnesses or evidence introduced by competent, sworn witnesses, concerning the allegations that the Defendant Quimby acted outside of her authority, by the Plaintiff against the Defendant Quimby. Failure to produce such testimony and sworn evidence, leaves the Plaintiffs' allegations and testimony standing without rebuttal. Without such rebuttal, Mr. Grossmans' attempt to provide defenses for the Defendant Quimby, have the effect of "obstruction of justice".

19)   The documents filed by Scott Grossman for Paul I Perez are frivolous and irrelevant and inadmissible. Plaintiff asks for sanctions, as may be appropriate, on the DOJ and/or Scott Grossman, to compensate Plaintiff for his time spent answering this frivolous Motion.

20)   Dismissal of the Complaint by the Plaintiff in this action, can only be done on the basis of sworn testimony and evidence introduced by sworn, competent witnesses. The United States' Motion To Dismiss by the DOJ fails to meet these standards

and thereby fails. All sworn testimony and evidence by Plaintiff stand without rebuttal.

**WHEREAS** Defendant Quimby has shown "lack of good faith", and

**WHEREAS** there is substantial controversy to be resolved, and

**WHEREAS** the "United States' Motion To Dismiss" is a procedural and substantive nullity, and

**WHEREAS** the Internal Revenue Service was never established by an act of Congress, and

**WHEREAS** officers of the Internal Revenue Service are not afforded immunity that officers of the federal government are afforded, and

**WHEREAS** Defendant Quimby is an officer of a private entity and not an officer of the federal government, and

**WHEREAS** Defendant Quimby is being sued in her personal and individual capacity, and not in her professional capacity, and

**WHEREAS** the Department of Justice has failed to provide any sworn testimony or evidence, and

**WHEREAS** Plaintiffs' sworn testimony and evidence has not been rebutted and therefore stands as material fact, and

**WHEREAS** Plaintiff is entitled to discovery procedures to uncover facts that may show further wrongdoing, and

**WHEREAS** Plaintiff is entitled to a jury trial to present such jury with evidence and proofs of wrongdoing and fraud in controversy,

X

**PLAINTIFF PRAYS THAT THIS HONORABLE COURT TO;**

    1) reject and dismiss the "UNITED STATES' MOTION TO DISMISS"

    2) grant Plaintiffs' action against the Defendants to proceed without delay,

    3) order Discovery to begin,

    4) order sanctions against the Department Of Justice for the frivolous filing of their Motion, order the Department of Justice to pay reasonable compensation to Plaintiff for the time spent in filing this Objection.

Executed this _3l_ day March, 2004.

Signed; _____

        Ernest Enax, *Pro se*
        6319 12th Street North
        St. Petersburg, FL 33702
        (727) 526-6745

A. R. Tedesco
MY COMMISSION # DD220160 EXPIRES
September 24, 2006
BONDED THRU TROY FAIN INSURANCE, INC.

Notary; _____

My Commission expires on; September 24, 2006

## BRIEF IN SUPPORT

### Question of Defendant Quimby's Liability and Immunity

The Defendant, Quimby, is being sued in her personal and individual capacity for acts of extortion and fraud against Plaintiff.

The Internal Revenue Service (IRS) is not an entity created by an act of Congress and enjoys no governmental immunity. See **Chrysler v US, footnote 23** and **Diversified Metals** as cited in the Objection. The Department Of Justice (hereinafter referred to as the DOJ) has presented no sworn statements or evidence to show that the IRS is, in fact, an agency created by an act of Congress and the DOJ has previously denied that the Internal Revenue Service is a government entity.

If the DOJ can produce the necessary documentation that would prove the IRS to be a governmental entity, entitled to some form of governmental immunity, that fact alone would still not entitle the Defendant Quimby to any immunity.

*Federal employees may become personally liable for constitutional deprivation by direct participation, failure to remedy wrongs after learning about it, creation of a policy or custom under which constitutional practices occur or gross negligence in managing subordinates who cause violations.* **(Gallegos v. Haggerty, Northern District of New York, 689 F.Supp. 93)**

Compensation for victims of "constitutional torts" by federal actors was resolved in the case of **Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971).**

The central issue in **Bivens** was whether the Fourth Amendment of the Federal constitution created an implied right of action. This was decided affirmatively in a claim for damages by individuals whose home was searched unreasonably (and hence unconstitutionally) by federal narcotic agents.

For decisions concerning redress of Fifth Amendment claims with Bivens actions, See **Young v. Pierce, (DC Tex. 544 F.Supp. 1010)** and Eighth Amendment claims **Mackey v. Indiana Hospital, (DC PA 562 F.Supp. 1251**.

*"This finding of a continuing investigation, which forms the foundation of the majority opinion, comes from statements of counsel made during the appellate process. As we have said of other unsworn statements which were not part of the record and therefore could not have been considered by the trial court: "Manifestly, [such statements] cannot be properly considered by us in the disposition of [a] case."* Adickes v. Kress & Co., 398 U.S. 144, 157-158, n. 16

**Plaskey v. CIA** 953 F .2nd 25, *"Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings."*

**Breck v. Ulmer**, *"The trial judge should inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish."*

Because *"[o]n summary judgment the inferences to be drawn from the underlying facts contained in [the moving party's] materials must be viewed in the light [398 U.S. 144, 159] most favorable to the party opposing the motion,"* United States v. Diebold, Inc., <u>369</u> U.S. 654, 655 (1962)

# JURISDICTION

Jurisdiction is conferred by;

1) the US Constitution in controversies involving citizens of different states, that is, Ernest Enax of Florida and Michele Quimby of Florida,

2) the amount in controversy,

3) diversity, and

4) pleadings sufficient to establish controversy.

Although it has <u>not</u> been shown by the DOJ that Defendant Quimby, is a federal official, the DOJ claims "sovereign immunity" for the Defendant Quimby. If the DOJ does, in fact, produce such evidence by a sworn, competent witness that the Internal Revenue Service is a governmental agency, such claim would also fail, due to the Defendant Quimby being named in her personal and individual capacity.

*When lawsuits are brought against federal officials, they must be brought against them in their "individual" capacity not their official capacity. When federal officials perpetrate constitutional torts, they do so ultra vires (beyond the powers) and lose the shield of immunity.* **Williamson v. U.S. Department of Agriculture, 815 F.2d. 369, ACLU Foundation v. Barr, 952 F.2d. 457, 293 U.S. App. DC 101, (CA DC 1991).**

*Although certain federal officials have absolute immunity from private suit, most executive officials enjoy only qualified immunity. The rationale for the distinction is that higher officials require greater liability than officials with less complex and discretionary responsibilities.* See **Hatori v. Haya, 751 F.Supp. 1401.**

The Internal Revenue Service is a private corporation and is limited to its corporate powers. Defendant, Quimby, has exceeded the authorized powers granted to the IRS and its agents. Defendant, Quimby, has refused to implicate the IRS in any wrongdoing or fraud.

*"There can be no offices of the United States, strictly speaking, except those which are created by the Constitution itself, or by an act of Congress, and when Congress does so establish an inferior office it may authorize the President alone, or the courts of law, or the heads of departments to appoint the incumbent, but no appointee named by the head of a department can be considered an officer of the United States, unless the official making the appointment is authorized by law so to do."* **Scully V. United States, 163 U.S. 187.**

*"Upon the other hand, the corporation is a creature of the state. It is presumed to be incorporated for the benefit of the public. It receives certain special privileges and franchises, and holds them subject to the laws of the state and the limitations of its charter. Its powers are limited by law. It can make no contract not authorized by its charter. Its rights to [201 U.S. 43, 75] act as a corporation are only preserved to it so long as it obeys the laws of its creation."* **HALE v. HENKEL, 201 U.S. 43 (1906)**

*"Decency, security and liberty alike demand that government officials shall be subjected to the rules of conduct that are commands to the citizen. In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously. Our government is the potent, omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the government*

*becomes a lawbreaker, it breeds contempt for the law, it invites every man to come a law unto himself. It invites anarchy.* (United States v. Olmstead, 277 U.S. 438 (1928).

The authors of the Bill Of Rights were heavily influenced by Anglo-Saxon legal theorists such as Sir William Blackstone, who declared that there were *"three absolute rights ... the right of personal security, the right of personal liberty and the right of personal property."* Blackstone believed the principal aim of society is to protect individuals in the enjoyment of these absolute rights that were vested in them by the immutable laws of nature.

Executed this   3 1   day March, 2004.

Signed:

        Ernest Enax, *Pro se*
        6319 12th Street North
        St. Petersburg, FL 33702
        (727) 526-6745

Notary;

My Commission expires on; September 24, 2006

438 U.S. 478

## BUTZ ET AL. v. ECONOMOU ET AL.
## CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

### No. 76-709.

### Argued November 7, 1977
### Decided June 29, 1978

"The Court of Appeals reversed, holding that the defendants were entitled only to the qualified immunity available to their counterparts in state government. Held:

> "1. Neither Barr v. Matteo, 360 U.S. 564 , nor Spalding v. Vilas, 161 U.S. 483 , supports petitioners' contention that all of the federal officials sued in this case are absolutely immune from any liability for damages even if in the course of enforcing the relevant statutes they infringed respondent's constitutional rights and even if the violation was knowing and deliberate. Nor did either of those cases purport to abolish the liability of federal officers for actions manifestly beyond their line of duty; if they are accountable when they stray beyond the plain limits of their statutory authority, it would be incongruous to hold that they may nevertheless willfully or knowingly violate constitutional rights without fear of liability. Pp. 485-496. "

There can be no offices of the United States, strictly speaking, except those which are created by the Constitution itself, or by an act of Congress, and when Congress does so establish an inferior office it may authorize the President alone, or the courts of law, or the heads of departments to appoint the incumbent, but no appointee named by the head of a department can be considered an officer of the United States, unless the official making the appointment is authorized by law so to do. Scully V. United States, 163 U.S. 187.

The Constitution of the United States creates and vests authority in a governmental entity known as the "United States" or "United States Government." While it is "for" the United States of America, the Constitution vests absolutely no authority in the United States of America. Any time the United States prosecutes as case, whether civil or criminal, it must be in the name and by authority of the United States, not the United States of America. The only place the "United States of America" has any standing is in territorial courts in insular possessions of the United States, then the styling must be, "United States of America, ss, President of the United States". See title 48 of the United States Code for particulars relating to Puerto Rican and Virgin Islands courts.

## Sec. 874. - Judicial process; officials to be citizens of United States; oath

)                                              )

All judicial process shall run in the name of "**United States** of **America**, ss, the President of the **United States**", and all penal or criminal prosecutions in the local courts shall be conducted in the name and by the authority of "The People of Puerto Rico." All officials shall be citizens of the **United States**, and, before entering upon the duties of their respective offices, shall take an oath to support the Constitution of the **United States** and the laws of Puerto Rico

If we read notes following the current 18 U.S.C. Section 1001, we find that the "United States of America" is currently defined as an agency of the United States. In the context of the Downes v. Bidwell decision, we find that these insular possessions, which are not incorporated in the constitutional scheme, are "foreign" to the United States, i.e., to the Union of States. Therefore, this political alliance or compact known as the United States of America, which first appeared in 1918 legislation, is a government foreign to the United States and the several States even though the member insular possessions belong to the United States.

The Richardson correction above verifies that the Internal Revenue Service is not an agency of United States Government, but the United States of America, clearly a distinct and different entity, would be a party of interest. It would be difficult to be any clearer on the subject, and the Richardson correction tells us that people such as U.S. Attorneys, attorneys in the Department of Justice, and Federal judges are fully aware of the difference.

Michael Bufkin, a Dundee, Illinois attorney, undertook a delightful project. On December 18, 1998, he sent a Freedom of Information Act request to the Department of the Treasury asking for documentation of authority for the Department of Justice to defend Internal Revenue Service personnel in civil or criminal cases. In an August 2, 1999 response, Leslie Howard in the national IRS office responded with the following: "A search was performed with the Office of Tax Crimes (Criminal Investigation) and with the Assistant Chief Counsel (Disclosure Litigation) and we have no documents responsible to your request. However, you may forward a copy of your request to the U.S. Attorney General's Office within the Department of Justice."

Bufkin did just that. In response to his September 21, 1999 FOIA to the Attorney General, Thomas J. McIntrye informed Bufkin that, "We have conducted a search of the appropriate indices to Criminal Division records and did not locate any records responsive to your request."

We don't know who has lawful authority to defend IRS personnel, but the Department of Justice and U.S. Attorneys don't. Possibly the foreign "United States of America" that is principal of interest and benefits from IRS initiatives has a raft of attorneys ready to defend these foreign agents.

)                                             )

As chance would have it, one of the people in our group recently received certification of documents on IRS Austin Region stationary that is headed, "United States of America, Department of the Treasury, Internal Revenue Service". The certification letters are dated November 16, 1999.

Additionally, according to the federal courts, in Economy Plumbinq and Heatinq Co. v. United States, 470 F. 2d 585 (1972), the Internal Revenue Code applies only to "taxpayers" and NOT to "nontaxpayers". Willful Failure to File can only apply to a "taxpayer"

## HALE v. HENKEL, 201 U.S. 43 (1906)

### 201 U.S. 43

Conceding that the witness was an officer of the corporation under investigation, and that he was entitled to assert the rights of corporation with respect to the production of its books and papers, we are of the opinion that there is a clear distinction in this particular between an individual and a corporation, and that the latter has no right to refuse to submit its books and papers for an examination at the suit of the state. The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on his private business in his own way. His power to contract is unlimited. He owes no duty to the state or to his neighbors to divulge his business, or to open his doors to an investigation, so far as it may tend to criminate him. He owes no such duty to the state, since he receives nothing therefrom, beyond the protection of his life and property. His rights are such as existed by the law of the land long antecedent to the organization of the state, and can only be taken from him by due process of law, and in accordance with the Constitution. Among his rights are a refusal to incriminate himself, and the immunity of himself and his property from arrest or seizure except under a warrant of the law. He owes nothing to the public so long as he does not trespass upon their rights.

Upon the other hand, the corporation is a creature of the state. It is presumed to be incorporated for the benefit of the public. It receives certain special privileges and franchises, and holds them subject to the laws of the state and the limitations of its charter. Its powers are limited by law. It can make no contract not authorized by its charter. Its rights to [201 U.S. 43, 75] act as a corporation are only preserved to it so long as it obeys the laws of its creation. There is a reserved right in the legislature to investigate its contracts and find out whether it has exceeded its powers. It would be a strange anomaly to hold that a state, having chartered a corporation to make use of certain franchises, could not, in the exercise of its sovereignty, inquire how these franchises had been employed, and whether they had been abused, and demand the production of the corporate books and papers for that purpose. The defense amounts to this: That an officer of a corporation which is charged with a criminal violation of the statute, may plead the

criminality of such corporation as a refusal to produce its books. To state this proposition is to answer it. While an individual may lawfully refuse to answer incriminating questions unless protected by an immunity statute, it does not follow that a corporation, vested with special privileges and franchises, may refuse to show its hand when charged with an abuse of such privileges.

xx

**United States District Court**
**Middle District of Florida**
**Tampa Division**

**ERNEST ENAX,**

      **Plaintiff,**

v.                               **Case no. 8:03-cv-2520-T-26TWG**

**UNITED STATES and**
**MICHELE QUIMBY,**

      **Defendants.**
                      /

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing OBJECTION BY PLAINTIFF TO UNVERIFIED "UNITED STATES' MOTION TO DISMISS" BY NON PARTY TO THIS ACTION and DEMAND FOR JURY TRIAL and  BRIEF IN SUPPORT and AFFIDAVIT has been made this _____ day of March, 2004, by depositing a copy thereof in the United States mail in a postage prepaid envelope addressed to the following:

**Per Request of**
**ENTRY OF APPEARANCE**
Carol Koehler Ide
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198 Ben Franklin Station
Washington, D.C.  20044-0683
(For Paul I. Perez, US Attorney)

Michele Quimby
c/o Internal Revenue Service
9450 Koger Blvd.
Room 201
St. Petersburg, Florida 33702

Ernest Enax, *Pro se*
6319 12th Street North
St. Petersburg, FL 33702
(727) 526-6745